HILL, FARRER & BURRILL LLP
Daniel J. McCarthy (SBN 101081)
dmccarthy@hillfarrer.com
City National Plaza
515 South Flower Street, 7th Fl.
Los Angeles, CA 90071-3147
Telephone: (213) 621-0802
Fax: (213)624-4840

Attorneys for Petitioning General Partner
Garry Y. Itkin and Daniel J. McCarthy, in pro per

CACERES & SHAMASH, LLP
Charles Shamash (SBN 178110)
cs@locs.com
Joseph E. Caceres (SBN 169164)
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212
Tel: (310) 205-3400
Fax: (310) 878-8308

Attorneys for Creditors and Joseph E. Caceres, in pro per

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>ITKIN & SABADASH,<br><br>Involuntary Debtor. | Case No. 2:25-bk-11235-NB<br>Chapter 7<br>**JOINT OMNIBUS OBJECTIONS TO DECLARATIONS OF MICHAEL ZORKIN (DOCKET NOS. 90-1 AND 91-1), ALEXANDER SABADASH (DOCKET NOS. 90-2 AND 91-2) AND ANDREW WOOD (DOCKET NOS. 90-3 AND 91-3) FILED IN SUPPORT OF: (1) PUTATIVE PARTNER ALEXANDER SABADASH'S MOTION FOR FEES AND DAMAGES, UNDER 11 U.S.C. § 303(I) (DOCKET NO. 90); AND (2) PUTATIVE PARTNER ALEXANDER SABADASH'S MOTION FOR FEES AND DAMAGES UNDER 11 U.S.C. § 303(I) AND MOTION FOR SANCTIONS UNDER FRBP 9011 (DOCKET NO. 91)**<br><br>Date: August 19, 2025<br>Time: 2:00 p.m.<br>Place: Courtroom 1545 |

**TO: THE HONORABLE NEIL W. BASON, UNITED STATES BANKRUPTCY JUDGE, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Petitioning general partner Garry Y. Itkin ("Mr. Itkin"), Daniel J. McCarthy and Joseph E. Caceres object to the duplicative declarations of Michael Zorkin (docket no. 90-1 and 91-1), Alexander Sabadash (docket nos. 90-2 and 91-2) and Andrew Wood (docket nos. 90-3 and 91-3) filed by Mr. Sabadash on July 1, 2025, in support of (1) Putative Partner Alexander Sabadash's Motion for Fees and Damages, Under 11 U.S.C. § 303(i) (docket no. 90); and (2) Putative Partner Alexander Sabadash's Motion for Fees and Damages under 11 U.S.C. § 303(i) and Motion for Sanctions under FRBP 9011" (docket no. 91),[1] as follows:

| **Michael Zorkin Declarations** | **Grounds for Objection** |
| --- | --- |
| "2. In 2018, I obtained the declaration of Alexander Sabadash to oppose Mr. Itkin's Special Motion to Strike. This declaration was filed in Case No. BC647351. A true and correct copy of the Declaration of Alexander Sabadash dated April 19, 2018 is attached as **Exhibit 2**." | Hearsay as to Exhibit 2, Federal Rules of Evidence 801 and 802. Also, just as the Court ruled in that Superior Court action, Mr. Sabadash's declarations are inadmissible because he is not subject to cross-examination. (Itkin Decl., ¶ 19.) |
| "3. In 2019, I obtained the declaration of Alexander Sabadash to oppose Mr. Itkin's | Hearsay as to Exhibit 3, Federal Rules of Evidence 801 and 802. Also, just as the Court |

---

[1] Paragraphs 2 to 12 of Mr. Zorkin's declaration are inadmissible for the same reasons as paragraphs 2 to 12 of his declaration in support of Mr. Sabadash's "Motion to Dismiss Involuntary Petition Under FRCP 12(b)(1) and 12(B)(6) or, in the Alternative, Motion for Summary Judgment" were inadmissible. (Docket no. 8-1.) Mr. Itkin filed evidentiary objections to that declaration on April 8, 2025. (Docket no. 18.) Except in minor respects, the Court's Memorandum of Decision Dismissing Involuntary Petition did not rule on those evidentiary objections. (Docket no. 75.) Instead, the Memorandum relied in part upon that inadmissible evidence, which is one ground for the Motion for Reconsideration that Mr. Itkin filed on July 1, 2025. (Docket no. 89.) That Motion has not been scheduled for hearing by the Court.

| | Michael Zorkin Declarations | Grounds for Objection |
|---|---|---|
| 1 | | |
| 2 | Motion for Summary Adjudication. This | ruled in that Superior Court action, Mr. |
| 3 | declaration was filed in Case No. BC647351. | Sabadash's declarations are inadmissible |
| 4 | A true and correct copy of the Declaration of | because he is not subject to cross-examination. |
| 5 | Alexander Sabadash dated December 19, 2019 | (Itkin Decl., ¶ 19.) |
| 6 | is attached as **Exhibit 3**." | |
| 7 | | |
| 8 | "4. In 2020, I obtained the declaration of | Hearsay as to Exhibit 4, Federal Rules of |
| 9 | Larisa Sabadash to Oppose Mr. Itkin's Motion | Evidence 801 and 802. |
| 10 | for Summary Adjudication. This declaration | |
| 11 | was filed in Case No. BC647351. A true and | |
| 12 | correct copy of the Declaration of Larisa | |
| 13 | Sabadash dated January 9, 2020 is attached as | |
| 14 | **Exhibit 4**." | |
| 15 | | |
| 16 | "5. A true and correct copy of Mr. Sabadash's | Hearsay as to Exhibit 5, Federal Rules of |
| 17 | Answer to Garry Itkin's Cross-Complaint | Evidence 801 and 802. |
| 18 | generally denying all allegations of the Cross- | |
| 19 | Complaint filed in Case No. BC647351 is | |
| 20 | attached as **Exhibit 5**." | |
| 21 | | |
| 22 | "6. A true and correct copy of the Power of | Lack of authentication, Federal Rule of |
| 23 | Attorney issued to Garry Itkin by Mr. and | Evidence 901(a); lack of personal knowledge, |
| 24 | Mrs. Sabadash on May 1, 2000 is attached as | Federal Rules of Evidence 602 and 901(b)(1); |
| 25 | **Exhibit 6**." | hearsay, Federal Rules of Evidence 801 and |
| 26 | | 802. |
| 27 | | |
| 28 | | |

-3-

| | Michael Zorkin Declarations | Grounds for Objection |
|---|---|---|
| 2–11 | "7. On August 18, 2016, Garry Itkin sent an email to Joseph Corozzo discussing Mr. Sabadash's 100% ownership of all assets and beneficial ownership of the Beverly Hills residence. The email from Mr. Itkin included as an attachment a chart of assets titled 'AS Structure.' A true and correct copy of the August 18, 2016 email from Garry Itkin and the AS Structure attachment is attached as **Exhibit 7.**" | Lack of authentication, Federal Rule of Evidence 901(a); lack of personal knowledge, Federal Rules of Evidence 602 and 901(b)(1); hearsay, Federal Rules of Evidence 801 and 802. |
| 13–16 | "8. True and correct copies of the Demand and Order to Act documents authenticated by Garry Itkin at his deposition are attached as **Exhibit 8.**" | Lack of authentication, Federal Rule of Evidence 901(a); lack of personal knowledge, Federal Rules of Evidence 602 and 901(b)(1); hearsay, Federal Rules of Evidence 801 and 802. |
| 18–23 | "9. I was present during the 2020 trial in Case No. BC647351. I received the trial transcripts from the court reporter. A true and correct copy of the relevant excerpt from the March 11, 2020 Trial Transcript is attached as **Exhibit 9.**" | Hearsay as to Exhibit 6, Federal Rules of Evidence 801 and 802. |
| 25–27 | "10. A true and correct copy of the redacted W-2 issued to Garry Itkin by AFB Trading One, Inc. for years 2008 and 2009 is attached | Lack of authentication, Federal Rule of Evidence 901(a); lack of personal knowledge, Federal Rules of Evidence 602 and 901(b)(1); |

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
CITY NATIONAL PLAZA
515 S. FLOWER STREET, 7TH FLOOR
LOS ANGELES, CALIFORNIA 90071

| Michael Zorkin Declarations | Grounds for Objection |
|---|---|
| as **Exhibit 10.** This document was received in discovery in the BC647351 action." | hearsay, Federal Rules of Evidence 801 and 802. |
| "11. A true and correct copy of a 'Guaranty' dated October 9, 2012 signed by Garry Itkin for Golden Sphinx Limited is attached as **Exhibit 11**." | Lack of authentication, Federal Rule of Evidence 901(a); lack of personal knowledge, Federal Rules of Evidence 602 and 901(b)(1); hearsay, Federal Rules of Evidence 801 and 802. |
| "12. A true and correct copy of an "Employment Agreement" dated August 21, 2025 between Garry Itkin and Golden Sphinx Limited is attached as **Exhibit 12**." | Lack of authentication, Federal Rule of Evidence 901(a); lack of personal knowledge, Federal Rules of Evidence 602 and 901(b)(1); hearsay, Federal Rules of Evidence 801 and 802. |
| "14. Deposition of Jeffrey Ratner was taken on June 11, 2019 in Case No. BC647351. After the deposition, I received the transcript from the court reporter. The transcript accurately reflects the deposition testimony. Attached as **Exhibit 15** is a true and correct copy of the relevant excerpts from the transcript of the Deposition of Jeffrey Ratner." | Hearsay as to Exhibit 15, Federal Rules of Evidence 801 and 802. |
| "17. In the BC647351 Action, I obtained via subpoena bank records for Mr. Itkin's | Lack of authentication, Federal Rule of Evidence 901(a); lack of personal knowledge, |

| | Michael Zorkin Declarations | Grounds for Objection |
|---|---|---|
| | personal bank account at East West Bank. These bank records show Mr. Itkin's payments to Ms. Gofman. A true and correct copy of the relevant excerpts of bank records, including the custodian of record's declaration, is attached as **Exhibit 18.**" | Federal Rules of Evidence 602 and 901(b)(1); hearsay as to Exhibit 18, Federal Rules of Evidence 801 and 802. |
| | "18….From my professional experience, I am aware that Russian courts maintain an official database of judicial decisions at kad.arbitr.ru. This database is similar a docket search on PACER. It is publicly available. I accessed the database and searched for case No. A40-165165/2018 (Gofman v. Itkin & Sabadash). The direct link to the docket for this case is https://kad.arbitr.ru/Card/93e50ff5-fb53-49ee-9f54-daadbd093a3a." | Lack of personal knowledge, Federal Rules of Evidence 602 and 901(b)(1); hearsay, Federal Rules of Evidence 801 and 802. |
| | "19.  The docket included each judicial opinion and judgment from the trial court through the appellate courts culminating with the Russian Supreme Court's refusal to hear the case. The Information Summary does not appear on the docket." | Lack of personal knowledge, Federal Rules of Evidence 602 and 901(b)(1); hearsay, Federal Rules of Evidence 801 and 802. |
| | "22…. I received a letter from the arbitrator, Mr. Knyazev, informing | Hearsay, Federal Rules of Evidence 801 and 802. |

-6-

| Michael Zorkin Declarations | Grounds for Objection |
|---|---|
| me that a private arbitration hearing was set for August 25, 2021. I, in conjunction with Russian counsel, sent Mr. Knyazev three formal objections. The first contested the jurisdiction of the arbitrator to hear the dispute because defendants were not parties to any arbitration agreement. The second objected on the ground that defendants have not received any documents substantiating Plaintiff's claims and questioned the validity of any such documents. The third raised a defense based on the statute of limitations as the alleged debts arose in 2010." | |
| "23…..The Russian attorneys went to the address listed by the arbitrator while in contact with me by phone. The attorneys knocked on the door of the office designated by the arbitrator, but no one answered the door." | Lack of personal knowledge, Federal Rules of Evidence 602 and 901(b)(1); hearsay, Federal Rules of Evidence 801 and 802. |
| "24.  Then, about ten minutes after the hearing was scheduled to start, the arbitrator emailed me attaching a decision dismissing the case based on Defendants' objections. The arbitrator found that he lacks jurisdiction to hear the case based on objections submitted by defendants. The email | Lack of personal knowledge, Federal Rules of Evidence 602 and 901(b)(1); hearsay, Federal Rules of Evidence 801 and 802. |

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
CITY NATIONAL PLAZA
515 S. FLOWER STREET, 7TH FLOOR
LOS ANGELES, CALIFORNIA 90071

| Michael Zorkin Declarations | Grounds for Objection |
|---|---|
| used by the arbitrator was ag99@list.ru." | |
| "25.  The arbitrator copied Mr. Itkin and plaintiff's counsel on this email. A true and correct copy of the decision sent to me by the arbitrator and a certified translation is attached as **Exhibit 22**. A true and correct copy of the email is attached as **Exhibit 23**." | Lack of authentication, Federal Rule of Evidence 901(a); lack of personal knowledge, Federal Rules of Evidence 602 and 901(b)(1); hearsay, Federal Rules of Evidence 801 and 802.  Exhibit 22 lacks any official stamp. |
| "29. The subpoenaing party was plaintiff AFB Trading One, Inc. a corporation wholly owned by Mr. Sabadash." | Regarding the statement that "AFB Trading One, Inc. a corporation" is "wholly owned by Mr. Sabadash": lack of personal knowledge, Federal Rules of Evidence 602 and 901(b)(1); hearsay, Federal Rules of Evidence 801 and 802. |
| "29….No plaintiff in that case agreed to pay Jeffrey Ratner or Progressive Management any money or attorneys' fees for appearance at the deposition outside of the statutory witness fees." | Lack of personal knowledge, Federal Rules of Evidence 602 and 901(b)(1); hearsay, Federal Rules of Evidence 801 and 802. |
| "30. In the course of discovery in the BC647351 action, Mr. Ratner and Progressive Management produced all documents in their possession related to Mr. Sabadash. In that production, there was not a | Lack of personal knowledge, Federal Rules of Evidence 602 and 901(b)(1); hearsay, Federal Rules of Evidence 801 and 802. |

| Michael Zorkin Declarations | Grounds for Objection |
|---|---|
| single invoice addressed to a partnership, showing that the invoice attached to the proof of claim was created specifically for this proceeding and is not proof of genuine debt." | |
| **Alexander Sabadash Declarations** | **Grounds for Objection** |
| The entire declaration. | Irrelevant, Federal Rules of Evidence 401 and 402.  The entire declaration disputes the existence of Itkin & Sabadash, a partnership, and it belatedly attempts to contradict the declaration of Mr. Itkin that was filed in opposition to Mr. Sabadash's Motion to Dismiss or in the Alternative Motion for Summary Judgment (the "Motion to Dismiss").  The declaration would have been relevant had it been filed with the Motion to Dismiss, but it is not relevant to the issue of whether Mr. Sabadash's pending Motion for Fees and Damages should be granted.  His declaration is an obvious attempt to belatedly "improve the record." |
| **Andrew Wood Declarations** | **Grounds for Objection** |
| The entire declaration. | Irrelevant, Federal Rules of Evidence 401 and 402.  The entire declaration describes the |

proceedings in Jersey. It is not relevant to the issue of whether Mr. Sabadash's pending Motion for Fees and Damages should be granted. His declaration is an obvious attempt to criticize positions taken by his counsel in Jersey on his behalf.

DATED: August 5, 2025

HILL, FARRER & BURRILL LLP

By: /s/ Daniel J. McCarthy
    Daniel J. McCarthy
Attorneys for Petitioning General Partner
GARRY Y. ITKIN, and Daniel J. McCarthy,
in pro per

CACERES & SHAMASH, LLP

By: _____
    Charles Shamash
Attorneys for Creditors and Joseph E. Caceres, in pro per

-10-

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 515 South Flower Street, 7th Floor, Los Angeles, CA 90071.

A true and correct copy of the foregoing document entitled (*specify*):**JOINT OMNIBUS OBJECTIONS TO DECLARATIONS OF MICHAEL ZORKIN (DOCKET NOS. 90-1 AND 91-1), ALEXANDER SABADASH (DOCKET NOS. 90-2 AND 91-2) AND ANDREW WOOD (DOCKET NOS. 90-3 AND 91-3) FILED IN SUPPORT OF: (1) PUTATIVE PARTNER ALEXANDER SABADASH'S MOTION FOR FEES AND DAMAGES, UNDER 11 U.S.C. § 303(I) (DOCKET NO. 90); AND (2) PUTATIVE PARTNER ALEXANDER SABADASH'S MOTION FOR FEES AND DAMAGES UNDER 11 U.S.C. § 303(I) AND MOTION FOR SANCTIONS UNDER FRBP 9011 (DOCKET NO. 91)**  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) August 5, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Joseph E Caceres jec@locs.com, generalbox@locs.com
Daniel J McCarthy  dmccarthy@hillfarrer.com, spadilla@hillfarrer.com;dflowers@hfbllp.com
Kurt  Ramlo Adam RamloLegal@gmail.com, kr@ecf.courtdrive.com,ramlo@recap.email
Charles  Shamash cs@locs.com, generalbox@locs.com
Oleg Stolyar  astolyar@loeb.com
United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov
Michael  Zorkin  mz@thezorkinfirm.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) August 5, 2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

United States Trustee
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 5, 2025 | Daniel J. McCarthy | /s/ Daniel J. McCarthy |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |