1  HILL, FARRER & BURRILL LLP
   Daniel J. McCarthy (SBN 101081)
2  dmccarthy@hillfarrer.com
   City National Plaza
3  515 South Flower Street, 7th Fl.
   Los Angeles, CA  90071-3147
4  Telephone: (213) 621-0802
   Fax: (213)624-4840
5
   Attorneys for Petitioning General Partner
6  Garry Y. Itkin and Daniel J. McCarthy, in pro per

7  CACERES & SHAMASH, LLP
   Charles Shamash (SBN 178110)
8  cs@locs.com
   Joseph E. Caceres (SBN 169164)
9  jec@locs.com
   9701 Wilshire Boulevard, Suite 1000
10 Beverly Hills, California 90212
   Tel: (310) 205-3400
11 Fax: (310) 878-8308

12 Attorneys for Creditors and Joseph E. Caceres, in pro
   per

13

14              **UNITED STATES BANKRUPTCY COURT**

15        **CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

16

17 In re                          | Case No. 2:25-bk-11235-NB

18 ITKIN & SABADASH,              | Chapter 7

19          Involuntary Debtor.   | **JOINT OBJECTIONS TO**
                                   | **ALEXANDER SABADASH'S**
20                                 | **"REQUEST FOR JUDICIAL NOTICE**
                                   | **FILED IN SUPPORT OF PUTATIVE**
21                                 | **PARTNER ALEXANDER**
                                   | **SABADASH'S MOTION FOR FEES,**
22                                 | **DAMAGES, AND SANCTIONS**
                                   | **(DOCKET NO. 92)**
23
                                   | Date:    August 19, 2025
24                                 | Time:    2:00 p.m.
                                   | Place:   Courtroom 1545
25

26

27

28

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
CITY NATIONAL PLAZA
515 S. FLOWER STREET, 7TH FLOOR
LOS ANGELES, CALIFORNIA 90071

**TO:    THE HONORABLE NEIL W. BASON, UNITED STATES BANKRUPTCY JUDGE, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Petitioning general partner Garry Y. Itkin ("Mr. Itkin"), Daniel J. McCarthy and Joseph E. Caceres object to the to the Request for Judicial Notice (the "RJN") filed by Alexander Sabadash ("Mr. Sabadash") on July 1, 2025 (docket no. 92) as follows:

## I.    The Scope of the Request for Judicial Notice

The RJN requests that the Court take judicial notice of seven documents, which are exhibits 2, 3, 4, 5, 22, 25 and 26 to the Declarations of Michael Zorkin (docket nos. 90-1 and 91-1) that were filed with "Putative Partner Alexander Sabadash's Motion for Fees and Damages, Under 11 U.S.C. § 303(i)" (the "Fee Motion," docket no. 90) and "Putative Partner Alexander Sabadash's Motion for Fees and Damages under 11 U.S.C § 303(i) and Motion for Sanctions under FRBP 9011" (the "Sanctions Motion," docket no. 91) on July 1, 2025 (docket nos. 90 and 91). Those documents are described in the RJN as follows:

1. Declaration of Alexander Sabadash dated April 19, 2018 filed in Case No. BC647351. A true and correct copy of the declaration is attached to the Declaration of Michael Zorkin as **Exhibit 2.**

2. Declaration of Alexander Sabadash dated December 19, 2019 filed in Case No. BC647351. A true and correct copy of the declaration is attached to the Declaration of Michael Zorkin as **Exhibit 3.**

3. Declaration of Larisa Sabadash dated January 9, 2020 filed in Case No. BC647351. A true and correct copy of the declaration is attached to the Declaration of Michael Zorkin as **Exhibit 4**.

**4.** Alexander Sabadash's Answer to Garry Itkin's Cross-Complaint filed in Case No. BC647351. A true and correct copy of the Answer is attached to the Declaration of Michael Zorkin as **Exhibit 5.**

5. Aug. 25, 2021 Ruling by private arbitrator Knyazev dismissing the arbitration titled *Davilla Investing Limited v. Golden Spirits Limited, AFB Trading One, Inc., and Golden Sphinx Limited* for lack of jurisdiction. A true and correct copy of the ruling and a certified translation is attached to the declaration of Michael Zorkin as **Exhibit 22**.

6. Garry Itkin's Motion for Summary Adjudication filed in case no. BC647351. A true and correct copy of Itkin's motion is attached the declaration of Michael Zorkin as **Exhibit 25**.

7. Feb. 27, 2020 Order denying Itkin's motion for summary

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
CITY NATIONAL PLAZA
515 S. FLOWER STREET, 7TH FLOOR
LOS ANGELES, CALIFORNIA 90071

1

2

judgment. A true and correct copy of the order denying Itkin's
motion is attached the declaration of Michael Zorkin as **Exhibit 26**.

3

4

## II.      The RJN Should Be Denied Because It Fails to Specify Any Adjudicative

## Facts that Are the Subject of the Request

5

6

7

8

9

10

11

12

13

14

Mr. Sabadash's RJN generally requests that the Court take judicial notice of these seven

documents, but it fails to describe the purpose of the requested judicial notice.  That is a sufficient

reason to deny the RJN.  Under Federal Rule of Evidence 201(a), a court may take "judicial notice

of an adjudicative fact," yet Mr. Sabadash does not inform the Court of the facts that are subject to

his request.  He only asks that the Court take judicial notice of the seven documents.  Documents

are not judicially noticeable.  *Cruz v. Specialized Loan Servicing, LLC,* 2022 WL 18228277, at *2

(C.D. Cal. Oct. 14, 2022) ("'[C]ourts do not take judicial notice of documents, they take judicial

notice of facts….' (Citation).");  *AGA & Titan Inc. v. United Specialty Ins. Co.,* No. 2:20-CV-

02698-MCS-AS, 2022 WL 3573918, at *2 (C.D. Cal. Apr. 6, 2022) (same).

## III.      The RJN Should Be Denied Because the Documents are Inadmissible Hearsay

15

16

17

18

19

20

The apparent purpose of the RJN is made evident by the Fee Motion and the Sanctions

Motion in which Mr. Sabadash argues that the statements in these seven documents are true and,

therefore, provide a factual basis for granting the Motions.  Thus, he impliedly asks that the Court

take judicial notice of these seven documents for the truth of the matters stated in the documents.

That purpose is improper under applicable law.

21

22

23

24

25

26

27

28

As an initial matter, the statements in those seven documents are inadmissible hearsay

under Federal Rules of Evidence 801 and 802.  Mr. Itkin also is filing a separate Evidentiary

Objection to the Declarations of Michael Zorkin (docket  nos. 90-1 and 91-1) in which he objects

to the admissibility of these documents that are attached to Mr. Zorkin's Declarations as well as to

other portions of that declaration.  Judicial notice of inadmissible hearsay is improper.  *Am.

Prairie Const. Co. v. Hoich,* 560 F.3d 780, 797 (8th Cir. 2009) ("Caution must also be taken to

avoid admitting evidence, through the use of judicial notice, in contravention of the relevancy,

foundation, and hearsay rules.")  Similarly, in *Daniel v. Cook Cnty.,* 833 F.3d 728, 742 (7th Cir.

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
CITY NATIONAL PLAZA
515 S. FLOWER STREET, 7TH FLOOR
LOS ANGELES, CALIFORNIA 90071

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
CITY NATIONAL PLAZA
515 S. FLOWER STREET, 7ᵗʰ FLOOR
LOS ANGELES, CALIFORNIA 90071

2016), the court affirmed a district court's denial of judicial notice of an order in prior litigation against the same defendant.  It held:

> Courts routinely take judicial notice of the actions of other courts or the contents of filings in other courts. (Citation.)  Taking judicial notice of the contents of hearsay statements in such filings to prove the truth of the matters is much harder to justify.

## IV.    The RJN Should Be Denied to the Extent Mr. Sabadash Seeks Judicial Notice of Documents to Prove the Truth of the Matters Stated In Them

More importantly, the Court may not take judicial notice of records from other litigation for purposes of the veracity of the statements in those documents.  For example, in the analogous context of a Rule 12(b)(6) motion to dismiss, the defendants in *Firemans Fund Ins. Co. v. R J Kiln & Co.,* No. CV 11-7460-GW(EX), 2012 WL 13012430, at *3 (C.D. Cal. Mar. 15, 2012), asked the court to take judicial notice of complaints and cross-complaints in an underlying state court action, as well as a declaration of one of the attorneys that had been filed in that action.  The Court denied that request and explained:

> While Defendants cite numerous cases holding that courts can may judicial notice of various types of court documents and public records, they also cite a case for the proposition that fatally undermines their argument: "The veracity of the allegations [in a judicially-noticed affidavit] is not judicially noticeable." See Docket No. 24 at 8 (quoting *FDIC v. O'Flahaven*, 857 F. Supp. 154, 157–58 (D. N.H. 1994)).

*Id.* at *4.

Mr. Sabadash's RJN invokes the wording of Federal Rule of Evidence 201(b)(2) in asserting: "Judicial notice is properly taken of facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Thus, he claims that statements made in the declarations of Mr. Sabadash and Larissa Sabadash (Exhs. 2, 3 and 4), in Mr. Sabadash's answer to Mr. Itkin's cross-complaint (Exh. 5), in Mr. Itkin's Motion for Summary Adjudication (Exh. 25), and in the Order denying that Motion (Exh. 26), which were filed in the state court action, are statements from "sources whose accuracy cannot reasonably be questioned." As acknowledged in paragraphs 1 to 4, 6 and 7 of Mr. Zorkin's declaration, these documents in

1    the state court action, which itself evidences that the alleged facts are in dispute by Mr. Itkin and

2    that judicial notice would be improper.

3        Exhibit 22 to Mr. Zorkin's declarations purports to be an August 25, 2021 ruling by an

4    arbitrator in an "ad hoc tribunal" in Russia (apparently not a judicially-noticeable court order)

5    dismissing an arbitration action.  The statements in that order also cannot " be accurately and

6    readily determined from sources whose accuracy cannot reasonably be questioned."  Moreover,

7    the order does not reach the merits of any disputes.  Instead, it merely determined that the

8    arbitrator lacked jurisdiction.  (Zorkin Decls., Exh. 22, at 249 of 348,¶ 2.)

9        The existence of the partnership is disputed by Mr. Sabadash, but there is plenty of

10   documentary evidence of the partnership's existence, as explained in Mr. Itkin's concurrently-filed

11   Oppositions to the Fee Motion and the Sanctions Motion.  Where facts stated in public records are

12   disputable, judicial notice should be denied.  *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th

13   Cir. 2001) (reversing dismissal of complaint where the district "court took judicial notice of

14   *disputed* facts stated in public records." (emphasis in original)); *In re Mora*, 199 F.3d 1024, 1026

15   (9th Cir. 1999) ("this court does not take judicial notice that the Post Office delivered the check in

16   question overnight or that the check was probably delivered overnight. Both propositions are

17   disputable and not appropriately admitted as facts under Rule 201.")

18       The RJN cites *Abbas v. Vertical Entertainment*, 2019 WL 6482229, at 1 (C.D. Cal. Aug.

19   19, 2019), for the proposition that: "A court may take judicial notice of records of other courts."

20   The issue before the Court in *Abbas* was whether the plaintiff was aware of his claim that

21   defendants denied that he was the owner of a movie (*Bilal*) more than three years prior to the filing

22   of the lawsuit, so his claim was time-barred.  The Court took judicial notice of "records from a

23   prior dispute adjudicated in the Saudi Arabian judicial system regarding *Bilal* that involved these

24   parties. " *Id.* at *1.  The records from that lawsuit showed that the plaintiff was aware that

25   defendants denied his claim of ownership:

26
27        Here, the statute of limitations ran from the point Abbas was aware
          Defendants denied his ownership claim to *Bilal*. [Citation.) That
          occurred on June 5, 2015, when Barajoun filed suit against Abbas in
28        Saudi Arabia and claimed ownership of *Bilal*. (Dkt. No. 56-3

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
CITY NATIONAL PLAZA
515 S. FLOWER STREET, 7th FLOOR
LOS ANGELES, CALIFORNIA 90071

1

2

(Metawea Decl.) ¶ 10.) This lawsuit was filed on August 23, 2018,
or more than three years later. Accordingly, Abbas's claims are
barred by the statute of limitations.

*Id.* at *2.

3

Thus, in *Abbas*, the Court did *not* take judicial notice of the truth of any matters stated in

4

the filings in Saudi Arabia.  Instead, it merely took notice of records showing that the plaintiff was

5

on notice of a dispute, which triggered the running of the applicable statute of limitations.  That

6

decision does not support Mr. Sabadash's RJN.

7

**V.    Judicial Notice of Exhibit 22 Should Be Denied Because it Lacks Authenticity**

8

A copy of the arbitration award from an "ad hoc tribunal" and an English translation of that

9

award is attached to Mr. Grant's proof of claim no. 11.  (Zorkin Decls, Exh. 24.)  It is dated

10

August 31, 2021.  Mr. Zorkin contends it is "fake" because the arbitrator supposedly emailed an

11

order dated August 25, 2021, that is attached as Exhibit 22 to Mr. Zorkin's declarations, and it

12

stated that the arbitrator lacked jurisdiction.  If the Court compares Exhibit 22 to Mr. Zorkin's

13

declarations (the alleged August 25, 2021 order) to the order attached to Mr. Grant's proof of

14

claim, which is Exhibit 24 to Mr. Zorkin's declarations, it is notable that the Russian version of

15

the August 25, 2021 order does <u>not</u> have the arbitrator's official round stamp (docket no. 90-1 and

16

91-1, at 257 of 348), which means it is <u>not</u> authenticated as a filing in that arbitration.  However,

17

the August 31, 2021 order that is attached to Mr. Grant's proof of claim contains that round stamp

18

on the first page and the last page.  (Docket no. 90-1 and 91-1, at 266 and 286 of 348.)  The

19

signature block in the translated version of the August 31, 2021 order states:

20

Sole judge, Knyazev Dmitry Valerievich [Signature]

21

Ad hoc tribunal for specific dispute resolution

22

Official round seal of the issuing authority

23

The fact that it contains the official round seal suggests that the August 31, 2021 order is

24

legitimate and that the August 25, 2021 order is in fact a fake order.

25

/ /

26

/ /

27

/ /

28

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
CITY NATIONAL PLAZA
515 S. FLOWER STREET, 7ᵗʰ FLOOR
LOS ANGELES, CALIFORNIA 90071

1  **VI.    Conclusion**

2      Based upon the foregoing, Mr. Itkin respectfully requests that the Court deny Mr.

3  Sabadash's RJN.

4

5

6  DATED: August 5, 2025

7

8  HILL, FARRER & BURRILL LLP          CACERES & SHAMASH, LLP

9

10  By:   _/s/ Daniel J. McCarthy_          By: _____
         Daniel J. McCarthy                      Charles Shamash
11  Attorneys for Petitioning General Partner    Attorneys for Creditors and Joseph E. Caceres, in
    GARRY Y. ITKIN, and Daniel J. McCarthy,   pro per
12  in pro per

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 515 South Flower Street, 7th Floor, Los Angeles, CA 90071.

A true and correct copy of the foregoing document entitled (*specify*):**JOINT OBJECTIONS TO ALEXANDER SABADASH'S "REQUEST FOR JUDICIAL NOTICE FILED IN SUPPORT OF PUTATIVE PARTNER ALEXANDER SABADASH'S MOTION FOR FEES, DAMAGES, AND SANCTIONS (DOCKET NO. 92)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) August 5, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Joseph E Caceres jec@locs.com,  generalbox@locs.com
Daniel J McCarthy  dmccarthy@hillfarrer.com,  spadilla@hillfarrer.com;dflowers@hfbllp.com
Kurt  Ramlo Adam RamloLegal@gmail.com,  kr@ecf.courtdrive.com,ramlo@recap.email
Charles  Shamash cs@locs.com,  generalbox@locs.com
Oleg Stolyar  astolyar@loeb.com
United States Trustee (LA)  ustpregion16.la.ecf@usdoj.gov
Michael  Zorkin  mz@thezorkinfirm.com

☐    Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) August 5, 2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

United States Trustee
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 5, 2025 | Daniel J. McCarthy | /s/ Daniel J. McCarthy |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
CITY NATIONAL PLAZA
515 S. FLOWER STREET, 7th FLOOR
LOS ANGELES, CALIFORNIA 90071