MICHAEL ZORKIN (Bar No. CA 313308)
Email: mz@thezorkinfirm.com
THE ZORKIN FIRM
6320 Canoga Ave., 15th Floor
Woodland Hills, California 91367
Telephone:   323.493.8075

Attorneys for Putative Partner of Alleged Debtor
Alexander Sabadash

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| In re: | No. 2:25-bk-11235-NB |
|---|---|
| Itkin & Sabadash, | Hon. Neil W. Bason |
| Debtor, | **SUPPLEMENTAL DECLARATION OF MICHAEL ZORKIN IN SUPPORT OF PUTATIVE PARTNER ALEXANDER SABADASH'S MOTION FOR FEES AND DAMAGES UNDER 11 U.S.C. § 303(I) AND MOTION FOR SANCTIONS UNDER FRBP 9011** |
| | Hearing Date: September 9, 2025<br>Hearing Time: 2:00 pm. |

1

DECLARATION OF MICHAEL ZORKIN

# DECLARATION OF MICHAEL ZORKIN

I, Michael Zorkin, declare as follows:

    I am an attorney and counsel of record for Alexander Sabadash in this Action as well as the *Itkin v. Sabadash* (Case No. BC647351) action pending in the Los Angeles County Superior Court. If called as a witness, I could and would competently testify to all facts within my personal knowledge.

    1.    I obtained a copy of Gofman's Motion for Attorneys' Fees filed Dec. 11, 2029 from the docket of case No. 19STCP01412. A true and correct copy of the Motion is attached as **Exhibit 28**.

    2.    Since my previous declarations, I spent a total of 27.2 hours on this matter. I anticipate spending additional 5 hours hearing preparation and attendance. The total attorney's fees sought, not counting fees requested in my previous declarations, is $17,710.

    3.    A detailed billing summary is attached as **Exhibit 29**.

    I declare under penalty of perjury under the law of the United States of America that the foregoing is true and accurate. Executed: Aug. 12, 2025.

By: /s/ Michael Zorkin
     Michael Zorkin

# Exhibit 28

Case 2:25-bk-11235-NB    Doc 106-1    Filed 08/12/25    Entered 08/12/25 17:47:34    Desc
Supplemental Declaration of Michael Zorkin    Page 4 of 19

Electronically FILED by Superior Court of California, County of Los Angeles on 12/11/2019 07:32 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Johnson,Deputy Clerk

Lee D. Lubin, Esq., Bar No. 167309
**LAW OFFICE OF LEE DAVID LUBIN, INC.**
16133 Ventura Boulevard, Suite 1175
Encino, California 91436
Ph: (818) 728-0712; Fax: 818-995-7335

*Attorneys for* Plaintiff, ELENA GOFMAN

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES - LIMITED JURISDICTION

| | |
|---|---|
| ELENA GOFMAN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ITKIN AND SABADASH, a general partnership; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 19STCP01412<br><br>**NOTICE OF AND MOTION OF PLAINTIFF, ELENA GOFMAN, FOR AN AWARD OF ATTORNEYS FEES OF $21,446.72; AND COSTS OF $490.00, PURSUANT TO CIVIL CODE §1717; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION LEE DAVID LUBIN IN SUPPORT THEREOF**<br><br>Hearing Information:<br>Date:   June 1, 2020<br>Time:  10:30 a.m.<br>Dept:   94<br><br>Reservation ID: 931194693023<br><br>Complaint filed on: April 19, 2019<br><br>[Case assigned to Department 94, the Honorable Judge James E. Blancarte, presiding] |

TO ALL PARTIES AND TO THEIR RESPECTIVE COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on June 1, 2020, at 10:30 a.m., or as soon as the matter may be heard in Department 94 of the above entitled Court, located at 111 N. Hill St., Los Angeles, CA 90012, the plaintiff, ELENA GOFMAN (hereinafter referred to as the "**Plaintiff**"), will move the Court for an order awarding the Plaintiff her attorney's fees and costs as the prevailing party in the above captioned matter, pursuant to Civil Code Section 1717.

1

1  This Motion shall be based upon this Notice, the attached Memorandum of Points and
2  Authorities, the attached Declaration of Lee David Lubin, the Court file in this action, and upon such
3  other and further evidence and oral argument as may be presented at the hearing on this motion.

4  DATED: November 26, 2019          LAW OFFICE OF LEE DAVID LUBIN, INC.

                                     By: _____
                                     Lee David Lubin, Esq.
                                     *Attorneys for* Plaintiff ELENA GOFMAN

MOTION OF PLAINTIFF, ELENA GOFMAN, FOR AN AWARD OF ATTORNEYS FEES AND COSTS PURSUANT TO CIVIL CODE §1717

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### SUMMARY OF MOTION

On October 22, 2019, the Court granted Plaintiff, ELENA GOFMAN's Motion for Judgment on the Pleadings. On November 7, 2019, the Court entered a Judgment in favor of the Plaintiff, and against the defendant, ITKIN AND SABADASH, a general partnership (hereinafter referred to as the "**Defendant Partnership**"). As such, the Plaintiff is the prevailing party.

The Complaint includes a Prayer for an award of costs of suit incurred herein, including attorneys fees. Based thereon, the Plaintiff now brings this motion for attorney's fees, in the amount of $12,320.00, pursuant to *California Civil Code* §1717.

### II.

### BACKGROUND FACTS

In February 2004, the Defendant Partnership entered into an Information Services Agreement dated February 12, 2004 (hereinafter referred to as the "**Services Agreement**") with Plaintiff in Moscow, Russia. Defendant Partnership failed to pay Plaintiff's fees for her services.

On or about July 17, 2018, Plaintiff filed a lawsuit (the "**Moscow Lawsuit**") against the Defendant Partnership before the Arbitration Court of the City of Moscow (the "**Moscow Court**"). The Moscow Court served process on the Defendant Partnership and each of its partner according to its rules for service of process.

The Moscow Court called the Moscow Lawsuit for trial on September 12, 2018. The Defendant Partnership appeared at trial, and defended the Moscow Lawsuit on its merits.

Following the bench trial, the Moscow Court granted judgment in favor of Plaintiff, and against the Defendant Partnership, in the total amount of P1,476,122 RUB ($23,130.83 USD), issuing all initial "Resolutive" judgment setting forth the same.

Two days later, on September 14, 2018, the Moscow Court issued a written ruling setting forth its reasoning in granting judgment in favor of Plaintiff and incorporating the "Resolutive" part of the judgment (the "**Moscow Judgment**").

1

MOTION OF PLAINTIFF, ELENA GOFMAN, FOR AN AWARD OF ATTORNEYS FEES AND COSTS PURSUANT TO
CIVIL CODE §1717

The Moscow Lawsuit and Moscow Judgment were and are based upon the Defendant Partnership's failure to perform its obligations under the Services Agreement; which obligated the Defendant Partnership to pay Plaintiff 826,000 RUB pursuant to Paragraph 4 of the Information Services Agreement including late fees in the amount of 10% per annum on the underpaid amount of 480,602 RUB, as well as a fine in the amount of 150,000 RUB. Defendant Partnership failed to pay Plaintiff, and the Moscow Judgment was entered. This action seeks recognition of the Judgment to allow Plaintiff to exercise her rights under California's Uniform Foreign-Country Money Judgments Recognition Act (the "Act").

After obtaining the Russian Judgment, Plaintiff hired the law firm of McBride Wilson & Co., Solicitors, to obtain recognition of the Russian Judgment in the United Kingdom. (See Exhibit "B"). Judgment recognizing the Russian Judgment was entered in the United Kingdom (hereinafter referred to as the "**UK Judgment**"), on March 6, 2019.

Plaintiff received invoices from McBride Wilson & Co. for their services. On March 12, 2019, one such invoice was received in the amount of 1,000 British Pounds. (Exhibit "C"). Also on March 12, 2019, Plaintiff received an email from McBride Wilson & Co., summarizing the total legal fees that had been billed, and have since paid, for their services, which showed a total of 3,174.40 in British Pounds (the equivalent of $4,126.72 USD). (Exhibit "D").

On November 7, 2019, following the Court's granting of Plaintiff's Motion for Judgment on the Pleadings, Judgment was entered in this Court recognizing the Moscow Judgment under the Act.

Plaintiff has incurred $12,320.00 in legal fees in this action, plus an additional $490.00 in costs.

### III.

### PROCEDURAL HISTORY

On April 19, 2019, the Plaintiff filed a Complaint, as to Defendant Partnership, ITKIN AND SABADASH, A GENERAL PARTNERSHIP. The Defendant filed its Answer on June 12, 2019.

On June 24, 2019, the Plaintiff filed a Motion for Judgment on the Pleadings, scheduled to be heard on July 22, 2019, in Department 44 in the above-captioned court.

On July 18, 2019, an Ex Parte Application for Stay or Leave to File Amended Answer was heard and denied by the Court. On July 19, 2019, the Court vacated the hearing on Plaintiff's Motion for

MOTION OF PLAINTIFF, ELENA GOFMAN, FOR AN AWARD OF ATTORNEYS FEES AND COSTS PURSUANT TO CIVIL CODE §1717

Judgment on the Pleadings, and the case was reassigned to Department 1.

On July 26, 2019, the case was reassigned to Department 94, in the above-captioned court. Thereafter the Plaintiff refiled the Motion for Judgment on the Pleadings, for December 17, 2019 at 8:30 a.m. in Department 94.

On September 26, 2019, an Ex Parte Application to Advance Hearing Date on Motion for Judgment on the Pleadings Per Stipulation of Parties was heard and granted by the Court. Pursuant to the request of Plaintiff, the Court, on September 27, 2019, rescheduled Plaintiff's Motion for Judgment on the Pleadings for October 22, 2019 at 10:30 a.m. in Department 94.

On October 22, 2019, the Court heard Plaintiff's Motion for Judgment on the Pleadings, and ruled in favor of the Plaintiff, recognizing the Moscow Judgment.

On November 7, 2019, the Court signed the Judgment, ordering that judgment be entered in favor of the Plaintiff, and against the Defendant Partnership in the above captioned matter.

## IV.

**THE COURT MAY AWARD ATTORNEY'S TO THE PREVAILING PARTY ON WHERE THE PLAINTIFF HAS ESTABLISHED HER RIGHT TO JUDGMENT FOR LEGAL FEES IN THE AMOUNT OF $21,446.72, PLUS $490 IN COSTS.**

The terms of the Service Agreement, provide:

"Parties are entitled to pursue any and all applicable legal remedies to recover damages incurred due to the actions of the other Party."

The Service Agreement was made pursuant to the laws of Russia (see paragraph 5.3 of the Services Agreement). Under Russian law, the losing party in litigation is required to pay the legal fees of the prevailing party, and further provides that a judgment holder is entitled to legal fees incurred in collecting upon a judgment. (See Declaration of Elena Gofman, dated November 25, 2019, paragraph 8, filed concurrently herewith). Plaintiff is the prevailing party in the litigation on the Moscow Judgment, the British Judgment, and in this action as well. Accordingly, under Russian Law, as

applicable in this case pursuant to the terms of the Services Agreement, Plaintiff is entitled to an award of her legal fees incurred by the Plaintiff in seeking to collect upon the Moscow Judgment.

## V.
## PLAINTIFF'S REASONABLE ATTORNEY'S FEES AND COSTS ARE $21,936.72

As set forth in the declarations of plaintiff, ELENA GOFMAN, and Plaintiff's counsel, Lee Lubin, both filed concurrently herewith, Plaintiff has incurred legal fees in obtaining the Russian Judgment ($5,000), the UK Judgment ($4,126.72), and in obtaining the judgment in this action ($12,320.00), in the total amount of $21,446.72.

In addition, the Plaintiff incurred filing fees of $370 (filing fee for the complaint); $60 (for the motion for judgment on the pleadings); and a $60 (filing fee for this motion) for a total expense of $490.00.

## VI.
## PLAINTIFF'S MOTION HAS BEEN TIMELY FILED.

Rule 3.1702 of the California Rules of Court, provides in relevant part:

"A notice of motion to claim attorney's fees for services up to and including the rendition of judgment in the trial court--including attorney's fees on an appeal before the rendition of judgment in the trial court--must be served and filed within the time for filing a notice of appeal under rules 8.104 and 8.108 in an unlimited civil case or under rules 8.822 and 8.823 in a limited civil case." Cal. Rules of Court, Rule 3.1702

Rule 8.104 of the California Rules of Court, provides in relevant part:

"(1)    Unless a statute, rule 8.108, or rule 8.702 provides otherwise, a notice of appeal must be filed on or before the earliest of:

"(A)   60 days after the superior court clerk serves on the party filing the notice of appeal a document entitled "Notice of Entry" of judgment or a file-stamped copy of the judgment, showing the date either was served; . . ."

In the present case, the Court entered judgment in favor of the Plaintiff, on November 7, 2019. This motion is being filed within sixty (60) days of the date of the Court's entry of judgment. Accordingly, the Plaintiff's motion has been timely filed.

## VII.
## CONCLUSION

The Plaintiff is the prevailing party in the above captioned matter, and is entitled to an award of attorney's fees and costs, pursuant to Prayer in the Complaint, and Russian Law which is made applicable to this proceeding by the terms of the Service Agreement upon which the Plaintiff's claims were based and Civil Code §1717. Based thereon, the Plaintiff respectfully requests that the Court grant her motion and order that the judgment be increased b the amount of $21,936.72, to include attorneys fees ($21,446.72) and costs ($490.00) incurred by the Plaintiff in the prosecution and collection of her claims.

DATED: November 26, 2019

Respectfully submitted,

LAW OFFICE OF LEE DAVID LUBIN, INC.

By: _____
Lee David Lubin, Esq.
*Attorneys for* Plaintiff ELENA GOFMAN

# DECLARATION OF ELENA GOFMAN

## DECLARATION OF ELENA GOFMAN

I, Elena Gofman, do hereby declare and state as follows:

1. I am an adult, over the age of 18, and I am the plaintiff in the above captioned matter. The following facts are known to me personally, and if called upon to testify, I could and would competently testify to the same under oath.

2. In July 2018, I filed a lawsuit in Moscow, Russia, against the defendant herein, ITKIN AND SABADASH, a General Partnership (hereinafter referred to as the "**Defendant Partnership**"), to collect fees owed to me by the Defendant Partnership out of the written Information Services Agreement dated February 12, 2004 (hereinafter referred to as the "**Services Agreement**") attached hereto as Exhibit "A" and incorporated fully herein by this reference, is a true and correct copy of the Services Agreement.

3. On September 14, 2018, after a court trial on the merits, the court in Moscow issued a money judgment in my favor and against the Defendant in the amount of 1,476,122 RUB ($23,130.83 USD) (hereinafter referred to as the "**Russian Judgment**").

4. I was represented in the Russian litigation by the law firm of Alexander Samsonov. Alexander Samsonov invoiced me 325,000 Russian RUB, the equivalent of $5,000 USD for their services in obtaining the Russian Judgment.

5. After obtaining the Russian Judgment, I hired the law firm of McBride Wilson & Co., Solicitors, to obtain recognition of the Russian Judgment in the United Kingdom. Attached hereto as Exhibit "B," and incorporated fully herein by this reference, is a true and correct copy of the retainer agreement I signed with McBride Wilson & Co., dated September 19, 2018. Judgment recognizing the Russian Judgment was entered in the United Kingdom (hereinafter referred to as the "**UK Judgment**"), on March 6, 2019.

7. I received invoices from McBride Wilson & Co. for their services. One such invoice was received by me, dated March 12, 2019, in the amount of 1,000 British Pounds. Attached hereto as Exhibit "C," and incorporated fully herein by this reference, is a true and correct copy of the March 12, 2019 Invoice from McBride Wilson & Co. Also on March 12, 2019, I received an email from McBride Wilson & Co., summarizing the total legal fees that I had been billed, and have since paid, for their

6

MOTION OF PLAINTIFF, ELENA GOFMAN, FOR AN AWARD OF ATTORNEYS FEES AND COSTS PURSUANT TO CIVIL CODE §1717

services, which showed a total of 3,174.40 in British Pounds (the equivalent of $4,126.72 USD). Attached hereto as Exhibit "D," and incorporated fully herein by this reference, is a true and correct copy of the March 12, 2019 invoice that I received from McBride Wilson & Co.

8. I am a lawyer, licensed to practice law in the Russian Federation, and I am familiar with Russian law concerning the rights of litigants to recover legal fees. Under Russian law, the losing party in litigation is required to pay the legal fees of the prevailing party. Russian law further provides that a judgment holder is entitled to legal fees incurred in collecting upon a judgment. The above described legal fees, and the fees of my lawyer in this action, Lee David Lubin (which are described in the declaration of Lee David Lubin, filed concurrently herewith), were all incurred in my efforts to obtain, enforce, and collect upon the Russian Judgment.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct, and that this declaration was executed this day, the 26th day of November 2019, in Moscow, Russian Federation.

ELENA GOFMAN

# Exhibit 29

Invoice # 695 - 08/08/2025



# INVOICE

Invoice # 695
Date: 08/08/2025
Due On: 08/25/2025

6320 Canoga Ave., 15th Floor
Woodland Hills, CA 91367
Phone: (323) 493-8075
Email: mz@thezorkinfirm.com

Alexander Sabadash

## 10001-007

### Chapter 7 Bankruptcy

| Type | Date | Notes | Quantity | Rate | Total |
|---|---|---|---|---|---|
| ███ | ███ | ███ | | ███ | ███ |
| ███ | ███ | ███ | | ███ | ███ |
| ███ | ███ | ███ | | ███ | ███ |
| ███ | ███ | ███ | | ███ | ███ |
| Service | 07/02/2025 | Review and analyze Itkin's motion for reconsideration and evidence. | 1.60 | $550.00 | $880.00 |
| Service | 07/02/2025 | Draft proof of service for motion for fees and sanctions. | 0.40 | $550.00 | $220.00 |
| Service | 07/02/2025 | Communicate with client re: ███ | 0.20 | $550.00 | $110.00 |
| Service | 07/02/2025 | Research and analyze timing of bankruptcy appeals after motion for reconsideration. | 0.30 | $550.00 | $165.00 |
| Service | 07/02/2025 | Research and analyze requirements for reconsideration in bankruptcy courts. | 1.10 | $550.00 | $605.00 |

Total **$6,490.00**

### Detailed Statement of Account

**Other Invoices**

Invoice # 695 - 08/08/2025



Please make checks payable to The Zorkin Firm, Law Corporation.





# INVOICE

Invoice # 697
Date: 08/12/2025
Due On: 09/11/2025

# The Zorkin Firm

6320 Canoga Ave., 15th Floor
Woodland Hills, CA 91367

Alexander Sabadash

## 10001-007

## Chapter 7 Bankruptcy

| Type | Date | Notes | Quantity | Rate | Total |
|---|---|---|---|---|---|
| Service | 08/04/2025 | Communicate with Itkin's counsel re: appearance at status conference. | 0.10 | $550.00 | $55.00 |
| Service | 08/06/2025 | Review and analyze opposition to motion for fees under 303(i). | 1.70 | $550.00 | $935.00 |
| Service | 08/06/2025 | Review and analyze opposition to motion for sanctions. | 1.30 | $550.00 | $715.00 |
| Service | 08/06/2025 | Research and analyze case law cited in the Opposition. | 0.70 | $550.00 | $385.00 |
| Service | 08/06/2025 | Communicate with client re: opposition re: ▮▮▮▮▮▮ | 0.20 | $550.00 | $110.00 |
| Service | 08/06/2025 | Analyze strategy for reply iso motion for fees. | 0.60 | $550.00 | $330.00 |
| Service | 08/06/2025 | Call with client re: ▮▮▮▮▮▮ | 0.60 | $550.00 | $330.00 |
| Service | 08/07/2025 | Draft reply iso motion for fees. | 2.90 | $550.00 | $1,595.00 |
| Service | 08/08/2025 | Communicate with liquidators re: Itkin's representations of the status of the Jersey proceedings. | 0.20 | $550.00 | $110.00 |
| Service | 08/08/2025 | Revise reply iso motion for fees. | 2.90 | $550.00 | $1,595.00 |
| Service | 08/10/2025 | Revise reply iso motion for sanctions. | 3.40 | $550.00 | $1,870.00 |
| Service | 08/11/2025 | Further revise reply iso motion for sanctions. | 2.70 | $550.00 | $1,485.00 |
| Service | 08/11/2025 | Further revise reply iso motion for fees. | 1.30 | $550.00 | $715.00 |
| Service | 08/11/2025 | Review and analyze Itkin's objections to evidence and RJN. | 0.60 | $550.00 | $330.00 |

Invoice # 697 - 08/12/2025

| | | | | | |
|---|---|---|---|---|---|
| Service | 08/11/2025 | Communicate with court and Itkin's counsel re: new hearing date. | 0.20 | $550.00 | $110.00 |
| Service | 08/12/2025 | Further revise and finalize reply briefs. | 3.40 | $550.00 | $1,870.00 |
| Service | 08/12/2025 | Draft Zorkin Declaration iso reply briefs. | 0.80 | $550.00 | $440.00 |
| | | | | **Total** | **$12,980.00** |



# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

6320 Canoga Ave., 15th Floor, Woodland Hills, CA 91367

A true and correct copy of the foregoing document entitled (*specify*):Reply in support of motion for fees; Reply in support of motion for sanctions; Supplemental declaration of Michael Zorkin
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _8/12/2025_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
Joseph E Caceres jec@locs.com, generalbox@locs.com
Daniel J McCarthy dmccarthy@hillfarrer.com, spadilla@hillfarrer.com;dflowers@hfbllp.com
Kurt Ramlo Adam RamloLegal@gmail.com, kr@ecf.courtdrive.com,ramlo@recap.email
Charles Shamash cs@locs.com, generalbox@locs.com
Oleg Stolyar astolyar@loeb.com
United States Trustee (LA) ustpregion16.la.ecf@usdoj.g

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*)_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 8/12/2025 | Michael Zorkin | /s/ Michael Zorkin |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                          **F 9013-3.1.PROOF.SERVICE**