MICHAEL ZORKIN (Bar No. CA 313308)
Email: mz@thezorkinfirm.com
THE ZORKIN FIRM
6320 Canoga Ave., 15th Floor
Woodland Hills, California 91367
Telephone:   323.493.8075

Attorneys for Putative Partner of Alleged Debtor
Alexander Sabadash

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| In re: | No. 2:25-bk-11235-NB |
|---|---|
| Itkin & Sabadash, | Hon. Neil W. Bason |
| Debtor, | **PUTATIVE PARTNER ALEXANDER SABADASH'S REPLY IN SUPPORT OF MOTION FOR SANCTIONS UNDER FRBP 9011 AND THE COURT'S INHERENT POWER** |
| | Hearing Date: Sep. 9, 2025<br>Hearing Time: 2:00 p.m. |
| | Filed concurrently with:<br>1. Supplemental Declaration of Michael Zorkin. |

## TABLE OF CONTENTS

INTRODUCTION ............................................................................................................................ 1

ARGUMENT .................................................................................................................................. 1

I.      MR. MCCARTHY AND MR. CACERES SHOULD BE SANCTIONED UNDER RULE 9011 FOR FAILURE TO INVESTIGATE AND REPRESENTING TO THE COURT THAT THE PETITION AND JOINDERS HAD MERITS. ....................................................... 1

    A. The motion for sanctions is procedurally proper. .......................................................... 1

    B. Mr. McCarthy and Mr. Caceres presented the involuntary petition and joinders for an improper purpose. ................................................................................................. 2

    C. Mr. McCarthy and Mr. Caceres knew that the debts were in bona fide dispute. ... 4

    D. Mr. McCarthy and Mr. Caceres did not conduct a reasonable inquiry into creditors' claims before filing the petition and joinders. ............................................... 5

        1. The Gofman fraud warrants sanctions. ....................................................... 5

        2. The Grant fraud warrants sanctions. ........................................................... 7

II.     MR. ITKIN, MR. MCCARTHY, AND MR. CACERES SHOULD BE JOINTLY AND SEVERALLY LIABLE FOR ANY AWARD. ................................................................ 7

III.    THE COURT SHOULD AWARD ATTORNEYS' FEES AND ANY ADDITIONAL AMOUNT TO DETER FUTURE CONDUCT. ................................................................... 8

IV.    THE OPPOSITION ADVOCATES FOR A RULE ON REPLIES THAT DOES NOT EXIST. .................................................................................................................................. 9

CONCLUSION ............................................................................................................................... 9

# INTRODUCTION

Alexander Sabadash seeks sanctions because this involuntary bankruptcy petition was a misuse of the court system—filed not for a proper bankruptcy purpose, but to dodge unfavorable rulings from the Jersey Court. Nothing in the Opposition compels a different result.

The Opposition wastes pages rehashing the arguments made and rejected when the Court dismissed the petition. But all of its evidence, even if it had a shred of credibility, only shows that the existence of the partnership was subject to a bona fide dispute. The law is settled that creditors who file an involuntary petition knowing the claims are subject to sanctions.

And the Opposition does not dispute that the purpose of the petition was to move the dispute from Jersey to California. This improper attempt at forum shopping to stall ongoing proceedings is likewise sanctionable.

Given this egregious and calculated misconduct, the Court should award sanctions against Mr. Itkin, Mr. McCarthy, and Mr. Caceres jointly and severally.[1]

# ARGUMENT

## I. MR. MCCARTHY AND MR. CACERES SHOULD BE SANCTIONED UNDER RULE 9011 FOR FAILURE TO INVESTIGATE AND REPRESENTING TO THE COURT THAT THE PETITION AND JOINDERS HAD MERITS.

### A. The motion for sanctions is procedurally proper.

The Opposition admits that the safe harbor requirement does not apply to sanctions based on filing of a petition. (Opp. 9:18-19); FRBP 9011(c)(2)(B); *In re Meltzer*, 516 B.R. 504, 520 (Bankr. N.D. Ill. 2014). The Opposition instead tries to artificially limit this exception to the petition itself and not to conduct defending the petition from dismissal. The law provides no such limitation.

---

[1] This motion does not seek fees under § 303(i). Mr. Sabadash apologizes for the mistake in the caption. This motion was filed separately because Rule 9011(c)(2)(A) requires this motion to be "made separately from any other motion or request."

Rather, courts award sanctions for the same conduct Mr. McCarthy and Mr. Caceres are accused of here—filing the petition and joinders without a proper investigation and for an improper purpose. *See In re Goodman*, No. BAP NV-12-1643-KICOD, 2013 WL 4767741, at *15 (B.A.P. 9th Cir. 2013) (finding that filing a fake CC certificate was sufficiently related to filing a petition exception to the safe harbor rule).

And because the amount of sanctions are often measured by the amount of attorneys' fees incurred in defeating frivolous filings, it is appropriate for this Court to award sanctions based on the total fees incurred in opposing the petition. Of course, the Court, under both Rule 9011 and its inherent powers, may choose another sanction or a different amount.

Indeed, courts routinely award sanctions in conjunction with § 303(i) fee motions without requiring a safe harbor letter. *In re Meltzer*, 516 B.R. at 520; *In re Fox Island Square P'ship*, 106 B.R. 962, 969–70 (Bankr. N.D. Ill. 1989); *Keiter v. Stracka*, 192 B.R. 150, 153 (S.D. Tex. 1996); *In re Cadena*, 634 B.R. 1038, 1053-55 (Bankr. C.D. Cal. 2022).

Finally, the Opposition appears to concede that counsel would have withdrawn the petition and proofs of claim had a safe harbor letter been served. (Opp. 10:10-23.) This concession supports sanctions and a finding of bad faith under § 303(i)(2).

**B. Mr. McCarthy and Mr. Caceres presented the involuntary petition and joinders for an improper purpose.**

Courts routinely sanction attorneys for filing involuntary petitions for an improper purpose. *Keiter v. Stracka*, 192 B.R. at 155 ("involuntary petition was filed for an improper purpose which could be punished by sanctions under Rule 9011."). Importantly Rule 9011 "prohibits the filing of a paper for any improper purpose,

whether or not the paper is supported by the facts and the law, and no matter how careful the pre-filing investigation." *In re Meltzer*, 516 B.R. at 520 (cleaned up).

The Opposition all but admits that the petition was filed as an attempt to forum shop. The Opposition concedes, consistent with Mr. McCarthy's statements at the hearing (April 22, 2025, Hr. Tr. 15:6-12; 16:12-19) that the motive behind the petition was to move the dispute over Golden Sphinx's estate, the Beverly Hills house, to California in direct contravention of this Court's order recognizing Golden Sphinx's Chapter 15 bankruptcy. (Opp. 24-25.) Both Mr. Itkin and Mr. McCarthy intended and expected that this Court and the Jersey Court would capitulate to Mr. Itkin and transfer the dispute here so that Mr. Itkin can avoid paying fines, complying with discovery in Jersey, and apparently have a better chance to prevail. (Itkin Decl. ¶ 6-7, McCarthy Decl. ¶ 8-9.)

The Opposition's argument that the petition was filed to benefit the creditors (Mr. Itkin's friends and lawyers) is absurd as Mr. Itkin filed the petition, not the creditors. (Opp. 24:23-25.) Mr. McCarthy admits that Mr. Itkin provided the list of creditors and the basis of claims and instructed Mr. McCarthy to file to involuntary petition. (McCarthy Decl. ¶4.)

The timing of the petition supports imposition of sanctions. Mr. Itkin filed this petition two days after the Jersy Court ordered payment of sanctions. (Wood Decl., ¶ 16.) At the same time, on February 11, 2024, Mr. Itkin represented to the Jersey Court that he was unable to confer with his U.S. legal team due to the Palisades wildfires. (Wood Decl., ¶ 14.) But Mr. Itkin's and Mr. McCarthy's declarations reveal that precisely during February 2024, they were working on filing this involuntary petition. (Itkin Decl. ¶ 3; McCarthy Decl. ¶ 4 "I spent two weeks between February 5 and 18, 2025, reviewing the grounds for an involuntary filing against Itkin & Sabadash with Mr. Itkin.") These misrepresentations leave no doubt that Mr. Itkin filed this petition to disrupt the Jersey proceeding.

Finally, the opposition does not deny that the petition was an improper collateral attack on this Court's order recognizing Golden Sphinx bankruptcy. (Related Case No. 2:22-bk-14320-NB, Dkt. 42.); *In re Grantham Bros.*, 922 F.2d 1438, 1442 (9th Cir. 1991) (imposing sanctions for filing an adversary proceeding which was an impermissible collateral attack on a previous bankruptcy court order).

### C. **Mr. McCarthy and Mr. Caceres knew that the debts were in bona fide dispute.**

Courts routinely sanction attorneys for filing involuntary petitions that are in bona fide dispute. *In re Meltzer*, 516 B.R. at 517; *In re Fox Island Square P'ship*, 106 B.R. at 969–70 (sanctions awarded where a reasonable inquiry would have shown that the debts were disputed).

The Opposition mainly rehashes arguments that this Court already rejected—that the there was no bona fide dispute about the existence of a partnership or the debts. Mr. Itkin's attempt to re-litigate the dismissal here is unhelpful and inappropriate. This Court has already ruled on this issue and Mr. Sabadash will not address the merits of the dispute again.

Nonetheless the Opposition cannot help but admit the existence of a bona fide dispute. In repeating its losing arguments about the merits of the petition, the Opposition betrays confusion about the effect of its evidence on this dispute. Mr. Itkin's evidence, even if believed, does not eliminate the bona fide dispute, but, by countering Mr. Sabadash's evidence, highlights it.

All that Mr. Itkin's evidence does is *dispute* Mr. Sabadash's contention that no partnership existed. What the evidence does not do is show that Mr. Itkin and his counsel were unaware of the dispute about the partnership before they filed the petition (grounds for sanctions). When two parties dispute an issue to the point that the issue cannot be resolved on the pleadings or on summary judgment, but has to be taken to a jury, by definition, a bona fide dispute exists. *In re Meltzer*, 516 B.R. at

517 (finding a claim that is in litigation in state court is in bona fide dispute.)

And Mr. McCarthy admitted that he was familiar with the state court action between Mr. Itkin and Mr. Sabadash. (McCarthy Decl. ¶ 5.) Whether Mr. Itkin did not share the details of that case with Mr. McCarthy or Mr. McCarthy did not ask the right questions, the results is the same—this petition was filed with knowledge of a bona fide dispute. The investigation that both Mr. McCarthy and Mr. Caceres describe in their declarations could not have led a reasonable lawyer to conclude that no dispute exists about the partnership and thus any debts. A reasonable lawyer would have counseled against filing the petition where the existence of the partnership has been hotly contested for almost a decade.

### D. **Mr. McCarthy and Mr. Caceres did not conduct a reasonable inquiry into creditors' claims before filing the petition and joinders.**

Courts routinely sanction attorneys who file petitions without a reasonable inquiry. *In re Cadena*, 634 B.R. at 1054 (sanctions awarded for filing an involuntary petition without a proper inquiry); *Keiter v. Stracka*, 192 B.R. at 155 (sanctions awarded where attorney "failed to adequately investigate and research the basis for filing the involuntary petition.")

#### 1. The Gofman fraud warrants sanctions.

The Opposition relies largely on Gofman's judgments to justify this petition. But the Opposition's defense of the Gofman fraud only deepens the showing of bad faith. Mr. Sabadash will not rehash every argument from the motion. The point has been made, and Mr. Itkin's excuses do not withstand scrutiny. But the Opposition's attempt to explain why the Russian court was told the Gofman judgment was satisfied, while two U.S. courts were told the opposite, demands a response.

As explained in the motion, and not disputed by the Opposition, both Mr. Itkin and Mr. Gofman told the Russian Cassation Court that the judgment had been

satisfied. (Zorkin Decl., Ex. 19.) The Cassation Court relied on their statements, noting in its ruling:

> "Furthermore, *as stated by the claimant [Gofman] and the respondent's representative [Itkin]* at the cassation court hearing, the court decision in this case, which has entered into legal force, has been fully satisfied."

As the Cassation Court made clear *both* Mr. Itkin and Ms. Gofman represented to the court that the judgment has been paid. That finding makes Mr. Itkin's sworn testimony, that he merely "considered" the judgment satisfied while Gofman did not, untrue. (Opp. 31-32; Itkin Decl. ¶ 6.) They acted in concert to ensure that Mr. Sabadash's appeal would fail.

The timeline of the payments compared to court actions exposes the fraud. Gofman's Russian judgment was issued on October 18, 2018. She filed her California complaint on April 19, 2019 and, on November 7, 2019, obtained a $13,130.83 judgment. By their own account, she was owed that amount on November 7, 2019. *But the Cassation decision was issued on Nov. 13, 2019 – six days after the California judgment – based partly on Gofman's representation that the judgment has been satisfied.* In the same week, Gofman, supported by Itkin, obtained a U.S. judgment, while telling the Russian court that the same judgment has been paid.

And Gofman's apparent application of Mr. Itkin's bribes to her legal fees is belied by her California motion for attorneys' fees where she demanded the full amount (which the court denied because there were no legal grounds to recover attorneys' fees). Mr. Itkin did not oppose. (Supp. Zorkin Decl. Ex. 28.)

Finally, Gofman submitted a creditor claim for $63,678 without mentioning the $21,000 bribe. (Clam 6-1.)

The pattern is clear: inconsistent statements, concealed payments, and coordinated misrepresentations to courts in two countries. Rule 9011 allows the Court to punish creditors who turn the bankruptcy process into a personal weapon.[2]

### 2. The Grant fraud warrants sanctions.

Aleksandr Grant, represented by Caceres & Shamash, LLP, submitted a fake arbitration decision to support his creditor claim. The real decision dismissing the case for lack of jurisdiction was issued on August 25, 2021 and was emailed by the arbitrator to Mr. Zorkin *and* Mr. Itkin. (Zorkin Decl., Exs. 22, 23.)

The Opposition makes no mention of this issue tacitly conceding the merits; nor does the Opposition submit declarations from Mr. Grant or anyone else with personal knowledge of the arbitration decision on which Mr. Grant's claim is based. The only attempt to disavow these allegations comes from the declaration of Mr. Caceres. There, he admits that counsel for creditors never spoke to Mr. Grant, only to his purported Russian lawyer. (Caceres Decl. ¶ 5-7.) Mr. Caceres then offers speculation doubting the authenticity of the real decision dismissing the arbitration. But the order dismissing the case was sent to Mr. Itkin. (Zorkin Decl., Ex. 23.) Thus any speculation about the dismissal's authenticity fail and that Mr. Caceres would venture such speculation in a sworn declaration is sanctionable in itself. (Caceres Decl., ¶ 7.)

This is an egregious example of fraud on the court that should not be tolerated.

## II. MR. ITKIN, MR. MCCARTHY, AND MR. CACERES SHOULD BE JOINTLY AND SEVERALLY LIABLE FOR ANY AWARD.

Mr. McCarthy and Mr. Caceres should be jointly and severally liable with Mr. Itkin for their conduct as described above. *See In re Cadena*, 634 B.R. at 1056–57

---

[2] The Opposition's attacks on the credibility of Mr. and Mrs. Sabadash are irrelevant and not well taken. Mrs. Sabadash is not even a party to this case. That the Opposition spent three pages on character attacks rather than address the relevant legal concepts highlights the weakness of its arguments.

(ordering counsel jointly and severally liable with petitioner for fees, damages, and sanctions.); *In re Fox Island Square P'ship*, 106 B.R. at 971 (same).

The Opposition argues that Mr. Caceres should not be sanctioned because his partner Mr. Shamash signed the creditors' joinders to the involuntary petition. There is no such limitation. In fact, Rule 9011 states that attorneys represent that a petition is warranted by facts and law and presented for a proper purpose "by presenting to the court a petition, pleading, written motion, or other document— *whether by signing, filing, submitting, or later advocating it*." Though Mr. Caceres did not sign the joinders, he later advocated for the validity of the creditors' claims in signed pleadings and at oral argument. (Caceres Decl. ¶4.) This conduct is sanctionable under the plain text of Rule 9011(b).

In any case, because Mr. Caceres' partner in the firm Caceres & Shamash, LLP signed the joinders to the petition, Mr. Shamash may be sanctioned. Mr. Shamash received notice of this motion, his firm filed an Opposition, and Mr. Shamash submitted a declaration. Thus, there would be no surprise to Mr. Shamash if he was sanctioned for signing the joinders.

## III. THE COURT SHOULD AWARD ATTORNEYS' FEES AND ANY ADDITIONAL AMOUNT TO DETER FUTURE CONDUCT.

The Opposition makes no real argument for reduction of the claimed fees except to complain that the fees were not apportioned between the motion for fees and motion for sanctions. There is no authority requiring such apportionment and the Opposition cites none. Mr. Sabadash is not seeking duplicative fees. The total amount requested was for all work performed in obtaining dismissal and pursuing fees. The Court has discretion to apportion the award as fees and damages under section 303(i) or as sanctions under Rule 9011.

Mr. Sabadash incurred $17,710 in fees for work on this matter since the motion was filed. (Supp. Zorkin Decl., Ex. 29.) Mr. Sabadash estimates that he will

Case 2:25-bk-11235-NB   Doc 107   Filed 08/12/25   Entered 08/12/25 17:49:46   Desc
Main Document    Page 11 of 13

incur an additional 5 hours for preparation for hearing and hearing attendance. This is calculated as $550 hourly for 32.2 hours of work.

Mr. Sabadash also asks the Court to award any other amount it deems appropriate to deter future similar conduct.

## IV. THE OPPOSITION ADVOCATES FOR A RULE ON REPLIES THAT DOES NOT EXIST.

The Opposition asks the Court to create a new rule that prevents Mr. Sabadash from responding to the Opposition. The rule that new arguments are not allowed in reply refers to arguments that were not made in either the moving papers or the opposition. *See, e.g., In re Cruz*, 516 B.R. 594, 600 (B.A.P. 9th Cir. 2014) ("Pursuant to Local Bankruptcy Rule 9013–1(g)(1), the court refused to consider new arguments raised by Cruz that were not responsive to SS Trust's opposition.")

The purpose of the reply is to respond to arguments made in opposition. LBR 9013-1(g)(1) expressly allows "declarations or other evidence" in reply so long as it "respond[s] directly to the opposition documents." This is exactly what Mr. Sabadash has done in the past and will continue to do. Mr. Itkin cannot prevent Mr. Sabadash from responding to his arguments made in Opposition.

What is more, all arguments made in reply to the previous motion and in this reply are based on evidence in Mr. Itkin's possession. Mr. Itkin's counsel cannot complain that he is "blindsided" with evidence his client has had all along.[3]

## CONCLUSION

This involuntary petition was an egregious attempt at manipulating the court for an improper purpose. Sanctions are warranted.

---

[3] The Opposition's evidentiary objections are not serious. The declarations were made on personal knowledge, deposition and trial transcripts are not hearsay, and all exhibits have been authenticated either by Mr. Zorkin or by Mr. Itkin himself. Mr. Sabadash requests an opportunity to address the evidence at the hearing if the Court is inclined to sustain any objection.

9
REPLY ISO MOTION FOR SANCTIONS

| | | |
|---|---|---|
| Dated: | Aug. 12, 2025 | THE ZORKIN FIRM |

By: /s/ Michael Zorkin
Michael Zorkin
Attorneys for Putative Partner
Alexander Sabadash

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

6320 Canoga Ave., 15th Floor, Woodland Hills, CA 91367

A true and correct copy of the foregoing document entitled (*specify*):Reply in support of motion for fees; Reply in support of motion for sanctions; Supplemental declaration of Michael Zorkin
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _8/12/2025_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
Joseph E Caceres jec@locs.com, generalbox@locs.com
Daniel J McCarthy dmccarthy@hillfarrer.com, spadilla@hillfarrer.com;dflowers@hfbllp.com
Kurt Ramlo Adam RamloLegal@gmail.com, kr@ecf.courtdrive.com,ramlo@recap.email
Charles Shamash cs@locs.com, generalbox@locs.com
Oleg Stolyar astolyar@loeb.com
United States Trustee (LA) ustpregion16.la.ecf@usdoj.g

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 8/12/2025 | Michael Zorkin | /s/ Michael Zorkin |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.