MICHAEL ZORKIN (Bar No. CA 313308)
Email: mz@thezorkinfirm.com
THE ZORKIN FIRM
6320 Canoga Ave., 15th Floor
Woodland Hills, California 91367
Telephone:   323.493.8075

Attorneys for Putative Partner of Alleged Debtor
Alexander Sabadash

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | No. 2:25-bk-11235-NB |
| Itkin & Sabadash, | Hon. Neil W. Bason |
| Debtor, | **PUTATIVE PARTNER ALEXANDER SABADASH'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR SANCTIONS UNDER FRBP 9011 AND THE COURT'S INHERENT POWER** |
| | Hearing Date: July 14, 2026<br>Hearing Time: 2:00 p.m. |
| | Filed concurrently with:<br>1. Supplemental Declaration of Michael Zorkin;<br>2. Declaration of Darya Trubina;<br>3. Declaration of Nadezhda Yurasova. |

1

SUPPLEMENTAL BRIEF

THE ZORKIN FIRM
TRIAL LAWYERS

## TABLE OF CONTENTS

INTRODUCTION ..................................................................................................................... 1

ARGUMENT ........................................................................................................................... 1

I.       MR. MCCARTHY AND MR. CACERES AND MR. GRANT SHOULD BE SANCTIONED UNDER RULE 9011 FOR FAILURE TO INVESTIGATE AND REPRESENTING TO THE COURT THAT THE PETITION, PROOF OF CLAIM, AND JOINDERS HAD MERIT. ......................................................................................................... 1

    A.    The arbitration organization that purportedly certified the award has disclaimed any involvement with the case and the arbitrator. ................................................................. 2

    B.    The ICAC letter is authenticated and admissible. ........................................................ 3

    C.    Knyazev's own email proves that he issued an order dismissing the case on August 25, 2021. ..................................................................................................................... 4

    D.    Objective indicia of forgery. ....................................................................................... 4

    E.    The new evidence supports the sanctions already requested. ....................................... 5

CONCLUSION ........................................................................................................................ 6

THE ZORKIN FIRM

## <u>INTRODUCTION</u>

Alexander Sabadash submits this supplemental brief in support of his fees and sanctions motion related to the validity and veracity of the creditor claim of Alexander Grant.

## <u>ARGUMENT</u>

### I. <u>MR. MCCARTHY AND MR. CACERES AND MR. GRANT SHOULD BE SANCTIONED UNDER RULE 9011 FOR FAILURE TO INVESTIGATE AND REPRESENTING TO THE COURT THAT THE PETITION, PROOF OF CLAIM, AND JOINDERS HAD MERIT.</u>

The sanctions motion explained that Claim No. 11 was different from an ordinary disputed debt. Grant's claim was based on a supposed Russian arbitration award against companies that are not debtors in this case: Golden Spirits Limited, AFB Trading One, Inc., and Golden Sphinx Limited. The claim did not explain who Grant was, why he had a claim against the alleged partnership, or how an award among non-debtor corporations created a bankruptcy claim against a supposed Itkin-Sabadash partnership.

The motion also explained that the arbitration had been dismissed on August 25, 2021. Knyazev emailed the dismissal order after receiving AFB's objections to jurisdiction, lack of supporting documents, suspected falsification, and limitations. The email copied Mr. Itkin and the arbitration claimant's counsel. Yet Grant later filed a proof of claim based on a purported August 31, 2021 award in the same arbitration.

That alone required a careful investigation before anyone used Grant as a creditor in this bankruptcy case. The new evidence shows that the investigation either was not done or was not done competently.

In December 2025, Grant filed a separate action to confirm the Russian arbitration award in the Central District of California. This proceeding was filed against AFB Trading One, Inc., not Mr. Sabadash or any partnership. In its effort to defend against confirmation, AFB conducted further investigation and learned

1

THE ZORKIN FIRM

additional facts warranting sanctions.[1]

### A. The arbitration organization that purportedly certified the award has disclaimed any involvement with the case and the arbitrator.

The 2021 award that is the basis of Grant's creditor claim has a seal from organization the petition calls "ICAC," which is connected to a branch of a Russian chamber of commerce.  The ICAC is a private organization which administers arbitrations, similar to AAA or JAMS.  (Trubina Decl., ¶ 44.)

Grant relied on the ICAC seal for certification and as a sign of legitimacy. The best neutral contrary evidence thus comes from ICAC.

Because the ICAC seal was suspicious, AFB instructed counsel in Russia to write to ICAC and request and explanation of its involvement in this arbitration. (Zorkin Decl. ¶ 33-35; Yurasova Decl. ¶ 7, Ex. 1)

In its March 23, 2026 response to counsel's inquiry, ICAC states that it never, at any time, including in 2021 or 2025, provided administrative or logistical support to the ad hoc arbitration involving these parties and Knyazev; that case number 1800-4/1301 does not correspond to ICAC's numbering system and does not exist in ICAC's case registry; and that Knyazev has never been listed in the ICAC arbitrator registry and has not participated as an appointed external arbitrator in ICAC-supported ad hoc cases.

ICAC adds that Chairman A.A. Kostin (whose signature appears on the seal) never approved, and could not have approved, the August 31, 2021 decision because the ICAC Chairman is not authorized to approve decisions issued by an arbitral tribunal in an ad hoc matter.

Most importantly, ICAC states that the August 31, 2021 award bears a forged seal, a falsified signature of ICAC Chairman A.A. Kostin, and a non-existent ICAC case number.

---

[1] The Hon. Judge Walter has denied the petition for confirmation with leave to amend.  After amendment, AFB has again opposed confirmation of the amended petition with the hearing set for July 13, 2026.  Case No. 2:25-cv-11869-JFW.

2

SUPPLEMENTAL BRIEF

THE ZORKIN FIRM

That evidence goes directly to the factual basis for Claim No. 11.  A reasonable lawyer using a foreign arbitral award as the basis for a bankruptcy creditor claim should have verified the award's institutional indicia, especially after being alerted that the arbitration had been dismissed.  The ICAC letter strongly suggests that the creditor claim was filed based on a nonexistent award for an improper purpose warranting sanctions.

### B. The ICAC letter is authenticated and admissible.

The ICAC response is not an informal internet printout or advocacy letter.  It is on ICAC/CCI letterhead, signed by ICAC Executive Secretary V.A. Frolochkin, certified as a true copy, notarized, apostilled, translated, and explained by counsel who obtained it.  (Yurasova Decl. ¶7, Ex. 1.)

The letter is admissible for absence-of-record facts under Fed. R. Evid. 803(7).  ICAC is the institution whose records would reflect an ICAC-supported arbitration, an ICAC case number, a listing or appointment of Knyazev, and any ICAC/CCI approval or certification.  ICAC states those records do not exist.  That is the sort of absence-of-record evidence Rule 803(7) permits.

The letter is also admissible under Rule 807.  It is material, highly probative, and trustworthy.  No source is better positioned than ICAC to say whether its case number exists, whether it supported the arbitration, whether Knyazev was in its registry, whether Kostin approved the award, and whether the award bears genuine ICAC indicia.  ICAC also has no apparent stake in this dispute.  *See FTC v. Figgie Int'l, Inc.*, 994 F.2d 595, 608-09 (9th Cir. 1993); *Karme v. Comm'r*, 673 F.2d 1062, 1065 (9th Cir. 1982).

THE ZORKIN FIRM

3

SUPPLEMENTAL BRIEF

**C. Knyazev's own email proves that he issued an order dismissing the case on August 25, 2021.**

Knyazev emailed the dismissal to all parties including the plaintiff's counsel, who acknowledged the dismissal and thanked the arbitrator. (Zorkin Decl., Exs. 36-37.)

This email and order shows that the award submitted by Grant as his creditor claim is fabricated. Mr. Sabadash is not asking the Court to accept a PDF printout of an email. Mr. Sabadash has the native Outlook .eml file with all metadata intact. The native file contains the full transport headers, including Microsoft's contemporaneous receipt records, Mail.ru routing records, authentication results, and the six embedded PDF attachments. Those metadata show that the message was sent from the authenticated ag99@list.ru Mail.ru account on August 25, 2021, received by Microsoft 365 seconds later, and delivered to counsel's mailbox. Counsel has preserved the native file and will lodge it with the Court. (Zorkin Decl. ¶ 8-29.)

The metadata for Selezneva's response to the arbitrator similarly shows that she sent the email to Knyazev on the date and time stated. (*Id.*) Any argument that the email and the dismissal order are not genuine would conflict with documentary evidence and metadata which cannot be credibly refuted.

**D. Objective indicia of forgery.**

The award bears several objective indicators of forgery.[2]

**Backdating.** The 2021 award repeatedly states that the hearing took place and the award was issued on August 31, 2021. But on page three, the 2021 award cites an opinion of the Russian Ministry of Justice dated September 2, 2021—*two days later.*

_____

[2] A fuller explanation of all red flags in the award are set forth in the Declaration of Darya Trubina.

4

SUPPLEMENTAL BRIEF

**Knyazev's degree.**  Knyazev referred to himself both as a "Master of Laws" and "Doctor of Law" in the same document.  No real lawyer would make this mistake.

**Ministry of Justice Seal.**  The award uses a seal resembling a Russian Ministry of Justice seal.  The Ministry of Justice has stated that it does not issue official seals to private arbitrators and has referred the matter for law-enforcement review.  (Trubina Decl. ¶ 48-50; Zorkin Decl. Ex. 39.)

**Misspellings.**  The 2021 award misspells the Russian word "procedure" in the Arbitrator's seal.  That word is spelled correctly in the stamp used in the dismissal order.  (Zorkin Decl., ¶ 36.)  It would defy reason that the arbitrator changed his seal between August 25 and August 31, and misspelled a common word.

As explained by Tatiana Hay, a court-certified Russian interpreter with more than 25 years of experience, the letters "Ё" and "Е" are not interchangeable and that including the dieresis there makes the word nonsensical.  (Hay Decl.)  This is not a formatting issue.  It is a basic linguistic error in the text of the official seal itself, repeated on both the August 31, 2021 and August 15, 2025 awards—meaning that Knyazev used a misspelled seal for four straight years.

Together with the ICAC response and native dismissal email, these defects show that Claim No. 11 was not a creditor claim a reasonable lawyer could accept without serious verification.

### E. The new evidence supports the sanctions already requested.

Rule 9011 required a reasonable inquiry before using Grant's claim in this bankruptcy case.  The claim was not routine.  It involved a foreign arbitration among non-debtor corporations, a supposed award that did not explain its connection to any partnership debtor, and an arbitrator who had emailed a dismissal order to the same participants days before the supposed merits award.  Those facts required investigation, not blind reliance.

5

THE ZORKIN FIRM

A reasonable inquiry would have revealed that Claim No. 11 rested on a disputed and dismissed arbitration and counsel could not continue to rely on the claim without correcting the record.

This is especially true for Mr. Itkin.  He was copied on Knyazev's August 25, 2021 dismissal email.  He therefore had direct notice of the dismissal before Grant's claim was used in this bankruptcy case.  If Grant's claim came through or was coordinated with Mr. Itkin, the use of that claim was part of the same improper effort described in the sanctions motion.

## CONCLUSION

In sum, the ICAC letter, Knyazev's email with metadata dismissing the case, and the indicia of forgery lead to the conclusion that the award is not genuine and its use was sanctionable.

Dated:      June 16, 2026                    THE ZORKIN FIRM


                                             By: /s/ Michael Zorkin
                                                 Michael Zorkin
                                                 Attorneys for Putative Partner
                                                 Alexander Sabadash

THE ZORKIN FIRM

6

SUPPLEMENTAL BRIEF

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

6320 Canoga Ave., 15th Floor, Woodland Hills, CA 91367

A true and correct copy of the foregoing document entitled (*specify*): Supp brief iso fees and sanctions
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _6/16/2026_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
Joseph E Caceres jec@locs.com, generalbox@locs.com
Daniel J McCarthy dmccarthy@hillfarrer.com, spadilla@hillfarrer.com;dflowers@hfbllp.com
Kurt Ramlo Adam RamloLegal@gmail.com, kr@ecf.courtdrive.com,ramlo@recap.email
Charles Shamash cs@locs.com, generalbox@locs.com
Oleg Stolyar astolyar@loeb.com
United States Trustee (LA) ustpregion16.la.ecf@usdoj.g

☐     Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*)_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 06/16/2026 | Michael Zorkin | /s/ Michael Zorkin |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**