MICHAEL ZORKIN (Bar No. CA 313308)
Email: mz@thezorkinfirm.com
THE ZORKIN FIRM
6320 Canoga Ave., 15th Floor
Woodland Hills, California 91367
Telephone:  323.493.8075

Attorneys for Putative Partner of Alleged
Debtor
Alexander Sabadash

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | No. 2:25-bk-11235-NB |
| Itkin & Sabadash, | Hon. Neil W. Bason |
| Debtor, | **SUPPLEMENTAL DECLARATION OF MICHAEL ZORKIN IN SUPPORT OF MOTION FOR SANCTIONS UNDER FRBP 9011 AND THE COURT'S INHERENT POWER** |
| | Hearing Date: July 14, 2026<br>Hearing Time: 2:00 p.m. |

THE ZORKIN FIRM

1

DECLARATION OF MICHAEL ZORKIN

## DECLARATION OF MICHAEL ZORKIN

I, Michael Zorkin, declare as follows:

I am an attorney and counsel of record for Alexander Sabadash in this Action.  If called as a witness, I could and would competently testify to all facts within my personal knowledge.

1.    I am a native Russian speaker and am fluent in Russian.

2.    On August 2, 2021, I received a letter from the arbitrator, Mr. Knyazev, informing me that a private arbitration hearing was set for August 25, 2021.  The letter was addressed to me at my business address.  I did not receive a complaint, demand for arbitration, or any other case initiating document.  The letter did not include any contracts underlying the dispute or an arbitration agreement.  I caused the letter to be translated into English.  A true and correct copy of the letter and a certified translation is attached as **Exhibit 32.**

3.    The letter asked parties to submit written objections to the hearing.  I sent Mr. Knyazev three formal objections to the email address that Knyazev listed on his letter to me (ag99@list.ru).  The first contested the jurisdiction of the arbitrator to hear the dispute because defendants were not parties to any arbitration agreement.  The second objected on the ground that defendants have not received any documents substantiating Plaintiff's claims and questioned the validity of any such documents.  The third raised a defense based on the statute of limitations as the alleged debts arose in 2010.  In preparation for this case, I caused the objections to be translated into English.  True and correct copies of the objections and certified translations are attached as **Exhibits 33, 34, and 35.**

4.    The letter specified that the hearing could proceed by electronic means including by Skype.  On August 25, 2021, I was on the phone with

DECLARATION OF MICHAEL ZORKIN

THE ZORKIN FIRM

Russian attorneys at 2 a.m. (noon Moscow time) ready to log on to Skype to attend this supposed arbitration.  The Russian attorneys went to the address listed by the arbitrator while in contact with me by phone.  The attorneys knocked on the door of the office designated by the arbitrator, but no one answered the door.

5.      Then, about ten minutes after the hearing was scheduled to start, the arbitrator emailed me attaching a decision dismissing the case based on Defendants' objections.  The arbitrator found that he lacks jurisdiction to hear the case based on objections submitted by defendants.  The email used by the arbitrator was ag99@list.ru.

6.      The arbitrator copied all parties, including plaintiff's counsel on this email.  Plaintiff's counsel acknowledged the email and thanked the arbitrator.  A true and correct copy of the decision sent to me by the arbitrator and a certified translation is attached as **Exhibit 36**.  A true and correct copy of the email and a certified translation is attached as **Exhibit 37**.

7.      Plaintiff's counsel, Selezneva responded to the email minutes after the Knyazev email

8.      I am not offering a computer-forensics expert opinion.  I am identifying native email files from my mailbox, explaining how I located the metadata in those files, and pointing the Court to the exact header lines that appear in the files themselves.

9.      A native .eml file is the email in source form.  It contains the message text, the attachments, and the Internet headers.  The headers are like the postmarks and routing labels on an envelope.  They show which mail servers handled the message, when they handled it, and what authentication checks were recorded.

10.      I received the Knyazev email in my Microsoft Outlook mailbox on

DECLARATION OF MICHAEL ZORKIN

THE ZORKIN FIRM

August 25, 2021.  I saved the email in native .eml format.  I have preserved that native file.  A true and correct copy of the native .eml file is being lodged with the Court.

11.    I also received the Selezneva response in my Microsoft Outlook mailbox on August 25, 2021.  I saved that response in native .eml format. I have preserved that native file. A true and correct copy of the native .eml file is being lodged with the Court.

12.    To find the metadata, I opened each native .eml file and went to the Properties menu.  The Properties menu contains the Internet headers window.  This window contains the body of the email and any attachments encoded in the file.

13.    I then looked for the following header labels: "From," "To," "Subject," "Date," "Message-ID," "Received," "Authentication-Results," "Received-SPF," "Authentication-Results-Original," "In-Reply-To," and "References."  These labels appear on the face of the native files.

14.    The received lines are like postal routing stamps.  Each mail server adds a line as the email moves from one system to another.  The Authentication-Results lines are the checks recorded by Microsoft and the sending email systems.  I am not asking the Court to rely on my technical interpretation alone.  The native files are being lodged so the Court and Petitioner can inspect the same headers.

15.    The Knyazev email shows the sender as "Дмитрий Князев <ag99@list.ru>."  It was sent to Tatiana Padalko, Larisa Sabadash, me, Garry Itkin, and Irina Selezneva.  The subject identifies six PDF attachments: three named PDF files "and 3 more files."

16.    The Knyazev email header states that it was dated Wednesday, August 25, 2021 at 12:11:55 p.m. Moscow time, which is 9:11:55 a.m. UTC.

THE ZORKIN FIRM

DECLARATION OF MICHAEL ZORKIN

The Message-ID is <1629882715.512343640@f149.i.mail.ru>.

17.    The Knyazev email contains Microsoft header lines showing that Microsoft received the email from Mail.ru on August 25, 2021 at 09:12:01 UTC and delivered it to my Microsoft mailbox at 09:12:08 UTC.

18.    The Knyazev email also contains authentication lines. The header states: "spf=pass," "dkim=pass (signature was verified)," and "dmarc=pass." It also states: "auth=pass smtp.auth=ag99@list.ru smtp.mailfrom=ag99@list.ru." I understand those lines to be recorded authentication results in the native email header.

19.    The Knyazev email header also states "Received: by e.mail.ru with HTTP," which appears in the native file immediately before the sending time.  I understand that line to show that the message was sent through Mail.ru webmail.

20.    The body of the Knyazev email is short. It states in Russian: "С уважением, единый арбитр (судья) выбранный и согласованный сторонами Дмитрий Валерьевич Князев." I read Russian. In English, this means: "Respectfully, sole arbitrator (judge) selected and agreed by the parties, Dmitry Valeryevich Knyazev."]

21.    The native Knyazev email contains six PDF attachments. The attachment filenames are: doc01214920210825090459.pdf, doc01215020210825090532.pdf, doc01215120210825090604.pdf, doc01215220210825090628.pdf, doc01215320210825090655.pdf, and doc01215420210825090725.pdf.

22.    Those filenames contain timestamps from approximately 09:04:59 UTC through 09:07:25 UTC on August 25, 2021.  The email itself was sent at 09:11:55 UTC.  That sequence is consistent with the PDFs being created or scanned shortly before they were attached to the email and sent.

THE ZORKIN FIRM

DECLARATION OF MICHAEL ZORKIN

23.    I extracted the six PDF attachments from the native .eml file without changing them.  I reviewed their PDF metadata.  Each PDF is one page, A4 size, and has an internal PDF creation date between 09:05:05 UTC and 09:07:31 UTC on August 25, 2021.  The PDF pages together comprise the August 25, 2021 Order dismissing the case, previously attached as **Exhibit 36**.

24.    The Selezneva response was sent by Irina Selezneva at irina.seleznev@yandex.ru.  It was sent to Tatiana Padalko, Larisa Sabadash, me, Garry Itkin, and Dmitry Knyazev at ag99@list.ru.

25.    The Selezneva response is dated Wednesday, August 25, 2021 at 12:13:41 p.m. Moscow time, or 09:13:41 UTC.  Microsoft received it at 09:13:45 UTC and delivered it to my Microsoft 365 mailbox at 09:13:47 UTC.

26.    The Selezneva response contains two header fields tying it to the Knyazev email. The "In-Reply-To" field states <1629882715.512343640@f149.i.mail.ru>.  The "References" field states the same value.  That is the exact Message-ID from the Knyazev email.

27.    I read Russian.  The first line of the Selezneva response states: "Определение получено, благодарю."  In English, this means: "The ruling has been received, thank you."

28.    The Selezneva response then quotes the Knyazev email below it. The quoted text includes Knyazev's signature block as "sole arbitrator (judge) selected and agreed by the parties."

29.    The Selezneva response contains Microsoft header lines showing SPF passed and DMARC passed for the Yandex sender.  Microsoft's header also states that DKIM failed on a body-hash check.  Yandex's own original authentication line states "dkim=pass header.i=@yandex.ru."

30.    I heard nothing else about this case until 2025.

THE ZORKIN FIRM

DECLARATION OF MICHAEL ZORKIN

31.    On June 2, 2025, Mr. Grant filed a proof of claim in this proceeding, claiming to be a creditor of the non-existent partnership.  Mr. Grant's creditor claim was based on an award purportedly issued on August 31, 2021 in favor of Davilla Investing Limited – just six days after the arbitrator dismissed the case.

32.    The arbitrator's seals on the August 31, 2021 and August 15, 2025 awards both misspell the Russian word "Procedure."  The fifth letter of the Russian word is the letter "Ё" instead of the correct letter "Е."  This is the English equivalent of writing "yo" instead of the correct "ye."

33.    On March 23, 2026, I received from Darya Trubina the ICAC's response to her inquiries regarding ICAC's involvement with this arbitration.  I caused the document to be translated into English.  A true and correct copy of the certified English translation is attached as **Exhibit 38**.

34.    After receiving the ICAC letter, I asked another attorney working on this matter, Nadezhda Yurasova to obtain a notarized and apostilled copy.  On June 8, 2026, I received the full notarized, apostilled, and translated packet of the ICAC letter from Ms. Yurasova.

35.    I received from Darya Trubina the April 7, 2026 letter from the Ministry of Justice.  I caused the document to be translated into English.  A true and correct copy of the certified English translation is attached as **Exhibit 39**.

I declare under penalty of perjury under the law of the United States of America that the foregoing is true and accurate.

Dated: June 16, 2026                          /s/ Michael Zorkin
                                                     Michael Zorkin

THE ZORKIN FIRM

7

DECLARATION OF MICHAEL ZORKIN

# Exhibit 32

Arbitration court within the arbitration procedure AD HOC in order to rule on a particular dispute

sole arbitrator (judge), selected and agreed upon by parties, Dmitry Valeryevich Knyazev

Address: 109012, Russia, Moscow, Ilyinka st., b. 4, ste. 102-103

Telephone: +7926226184/email address: ag99@list.ru

RULING

re setting the dispute for hearing

On 2nd of August 2021 arbitration court within the arbitration procedure AD HOC in order to rule on a particular dispute (hereinafter – court) represented by sole arbitrator (judge), selected and agreed upon by parties -- Dmitry Valeryevich Knyazev (hereinafter – judge or arbitrator), upon review of initial petition of Davilla Investing Limited (further on – petitioner) to Golden Spirits Limited (hereinafter – Defendant 1), AFB Trading One Inc. (hereinafter – Defendant 2), Golden Sphinx Limited (hereinafter – Defendant 3), Agragorn Holdings Limited (further on – Third Party) regarding recovery of debt under the loan agreement, agreement modification and debt payment deferral, corporate guarantees

HAS RULED

Petitioner has filed a petition against Defendant 1, Defendant 2, Defendant 3, Third Party, by mailing all parties a letter with arbitration notification with the initial petition and its attachments on 18th of May 2021, while indicating the following:

- ☐ that the Petitioner is informing all parties of a transfer of debt collection claim pertinent to loan contract to arbitration investigation;
- ☐ that the dispute stems from the Loan contract dd. 20th of April 2010, executed by Agragorn Holdings Limited Company and Golden Spirits Limited; Agreement of change and debt payment deferral dd. 23rd of August 2012, executed by Agragorn Holdings Limited Company and Golden Spirits Limited; Corporate guarantee dd. 23rd of August 2012 executed by Agragorn Holdings Limited Company and AFB Trading One Inc., Corporate guarantee dd. 23rd of August 2012 executed by Agragorn Holdings Limited Company and Golden Sphinx Limited; Agreement of Loan contract rights transfer dd. 7th of September 2020, executed by Agragorn Holdings Limited Company and Davilla Investing Limited;
- ☐ that Agragorn Holdings Limited Company and Golden Spirits Limited have executed Loan contract on 20th of April 2010.

In accordance with this Contract's conditions Third Party lent the borrower funds in the sum of 102200 (one million twenty two thousand) US dollars. In accordance with point 4. 1. of Loan Contract, Defendant 1 was required to repay the loan no later than 2 years since the moment of loan provision and in accordance with point 4. 2. of Loan Contract pay 1.1% annual interest rate of the loaned sum. On 21st of April 2010 Third Party has transferred the sum of 102200 (one million twenty two thousand)

UNIVERSAL TRANSLATION SERVICES
20801 Biscayne Blvd, Suite 403
33180
www.universal-translation-services.com
info@universal-translation-services.com
Phone 844-938-7267

AHJ Huisman

US dollars to Defendant 1and paid transfer commission in the sum of 268.36 (two hundred sixty eight) US dollars. Thus it has fully executed its responsibilities re Loan contract obligations. Obligations regarding loan sum and interest rate percentage return have not been fully executed by Defendant 1. On 23rd of August 2012 Third Party and Defendant 1 have executed an agreement of change and debt payment deferral. In accordance with that agreement parties have extended the deadline for fulfillment of obligations regarding debt payment off by the Defendant 1 until 1st of January 2020. In this case interest rate, indicated in point 4. 2. of Loan Contract in accordance with point 4 of agreement of change and debt payment deferral is increased to 6.5% APR (annually), with monthly complex percentage payments, starting from the date of agreement change, until payment in full. Parties have also agreed on following guarantors: AFB Trading One Inc., registered in California state, USA, registered offices of which are located at 8501 Wilshire blvd., ste. 330, Beverly Hills, California, USA ("Guarantor 1") and Golden Sphinx Limited, company, registered in California state, USA, registered offices of which are located at 43 La Motte st., Saint-Hellier, Jersey Island, JE4 8SD, Normandy Islands, ("Guarantor 2"). On 23rd of August 2012 Third party and AFB Trading One Inc. have executed a corporate guarantee in accordance with which Defendant 2 is responsible to the Petitioner for the Defendant's 1 fulfillment of their obligations including the case, when Defendant 1 is unable to fulfill its obligations, then Defendant 2 is obligated to pay off the debt within 10 days of filing the claim. On 23rd of August 2012 Third party, Defendant 1, Defendant 2, Defendant 3 have executed an AGREEMENT ON THE SELECTION (OF THE IDENTITY) OF THE ARBITRATOR AND THE APPLICABLE RULES. On 7th of September 2020 Third Party and Davilla Investing Limited have a executed an agreement of loan contract rights transfer, in accordance with which all rights regarding loan contract dd. 20th of April 2010 with changes, implemented on 23rd of August 2012, executed by Third Party and Defendant 1, are transferred to the Petitioner, including provisions in the form of corporate guarantees, executed by Third Party and Defendant 2 and Defendant 3. On 21st of December 2020 Petitioner has sent Defendant 2 a claim regarding payment of Defendant's 1 debt. On 21st of December 2020 Petitioner has sent Defendant 3 a claim regarding payment of Defendant's 1 debt. At present moment none of the Defendants have made any payments off the debt regarding existing obligations. Thus Defendants have a communal debt for the cumulative sum of 1804017.81 US dollars, out of which: 1022000 US dollars is the sum of the primary loan, 1874.53 US dollars is the sum pf percentages for the period from 21st of April 2010 and 21st of April 2012, 780143.28 US dollars for the period from 21st of April 2012 and 12th of December 2020.

☐ that Petitioner is requesting to claim the sum of primary debt in the amount of 102200 (one million twenty two thousand) US dollars, percentage for the use of monetary assets in the sum of 782017 (seven hundred eighty two thousand seventeen) US dollars and 80 cents from Golden Spirits Limited, AFB Trading One Inc., Golden Sphinx Limited to be awarded to Davilla Investing Limited. To cumulatively claim attorney's fees from Golden Spirits Limited, AFB Trading One Inc., Golden Sphinx Limited to be awarded to Davilla Investing Limited.

According to certified copies of contracts and agreements, listed above, that have been provided to court, in particular: based on arbitral agreement between parties, which is included in agreement of change and debt payment deferral, executed between Third Party and Defendant 1 under point 12.F; based on arbitral agreement between parties, which is included in Corporate guarantee, executed between Petitioner and Defendant 2 under point 5. 7; based on arbitral agreement between parties, which is included in Corporate guarantee, executed between Petitioner and Defendant 3 under point 5. 7; based on loan contract rights

transfer dd. 7th of September 2020, executed between Petitioner and Third Party; based on Arbitrator (individual) choice contract and rules implemented dd. 23rd of August 2012, executed between Third Party, Defendant 1, Defendant 2, Defendant 3, established by the parties via current UNCITRAL Arbitrating Regulation parties have agreed that all disputes, arguments, different opinions or complaints, which can arise from or in relation to above listed contracts and agreements, including, but not limited to the ones, related to the date of its establishment, execution, changes, violations, termination or validity are to be resolved and ultimately regulated by arbitral investigation AD HOC. Any dispute is going to be reviewed singularly by the Arbitrator, designated by the parties. Thus this particular dispute is referred for the review to this designated court, Doctor of Law, Dmitry Valeryevich Knyazev, citizen of Russia, born on 19th of May, 1981, is appointed as an individual arbitrator.

Parties have agreed, that dispute resolution can occur exclusively based on written materials, presented by the parties, in absence of mandatory oral in-person hearing, and in this case parties and arbitrator participation via videoconference, such as Skype, is admissible. Parties have agreed, that the hearing is going to take place in Moscow, Russian Federation, in Russian language and in accordance with Russian Federation Law. Parties have agreed, Arbitrator **shall determine the existence and scope of the agreement subject to arbitration, and is authorized to render a decision, whether monetary or non-monetary, and to enforce the decision to the fullest extent possible.**

On 20th of May, 2021 Arbitration court within the arbitration procedure AD HOC in order to rule on a particular dispute represented by sole arbitrator, selected and agreed upon by parties -- Dmitry Valeryevich Knyazev has made a Ruling on assigning the dispute for review, during which this court within the arbitration procedure AD HOC in order to rule on a particular dispute was created, ratified by an individual arbitrator (judge), selected and agreed upon by parties -- Dmitry Valeryevich Knyazev, original petition, listed above, has been admitted for the review of this court, 25-day trial preparation period until 14th of June, 2021, has been established with all parties being offered to present all of the documents, necessary for this dispute's review, including complaint response.

In accordance with article 11 of Russian Federation Civil Code "Court, arbitration court or trial court (further on – court) in accordance with its jurisdiction is responsible for protection of violated or disputed civil rights".

In accordance with article 1. of Russian Federation Federal Law "Regarding Russian Federation Trial Courts" "1. Current Federal law regulates the order of forming and operation of trial courts in the territory of Russian Federation. 2. Trial court can review any dispute upon parties to a trial hearing (further on – parties) agreement, dispute stemming from civil law, if not otherwise defined by federal law. 3. Current Federal Law does not cover international arbitration law. 4. Where is a different order of forming and operation of trial courts, defined by an agreement between Russian Federation and foreign country or countries, than the one, defined by current Federal Law, the rules of such international agreement take priority".

In accordance with article 4. of European convention of external arbitration dd. 21st of April, 1961 regarding arbitration process "1. arbitration agreement parties can freely consider: "…b) provide dispute transfer for arbitration of this case (arbitration adhoc) and in this case in particular; i) assign arbitrators or define methods of resolution of any dispute should one occur, ii) assign arbitration court location; iii) define procedural rules which arbitrators should adhere to…".

*/stamp/*

**Arbitration court**

**Within arbitration procedure ADHOC**

**In order to resolve current dispute**

**sole arbitrator (judge),**

**Selected and agreed upon by the Parties**

**Knyazev**

**Dmitry Valeryevich.**

UNIVERSAL TRANSLATION SERVICES
19801 ..., Suite 403
Aventura FL 33180
...n-services.com
info@universal-translation-services.com
Phone 844-93..-7267

AHJ Huisman

In accordance with UNCITRAL Arbitration regulation (regulations adopted by UN Commission in 1976 regarding international trade and recommended for use by UN General Assembly on 15th of December 1976 with changes).

Taking into account that parties have been sending and receiving notifications

HAS RULED:

1. Schedule a hearing regarding Davilla Investing Limited (further as well—petitioner) complaint to Golden Spirits Limited (further as well—Defendant 1), AFB Trading One Inc. (further as well—Defendant 2), Golden Sphynx Limited (further as well—Defendant 3), Agragorn Holdings Limited (further as well—Third party) regarding loan contract debt collection, agreement of change and debt deferral, corporate guarantees to be heard on 25th of August 2021 at 1200 Moscow time at: 109012, Russian Federation Moscow, Ilyinka St., b.4, ste. 102-103.

2. Offer the petitioner to present original documents at the trial in order to justify the complaint.

3. Offer the defendants and third party to present petition responses with supporting documents to the court by 20th of August 2021 and true documents to justify objections.

Arbitration court

Within the framework of the arbitration procedure AD HOC

In order to resolve current dispute

Sole arbitrator (judge),

Selected and agreed upon by the parties

Dmitry Valeryevich Knyazev */signature/*



Sender

From A single arbitrator (judge)

Knyazev Dmitry Valeryevich

Address: 109012, Russian Federation

UNIVERSAL TRANSLATION SERVICES
20801 Biscayne Blvd, Suite 403
Aventura FL 33180
www.universal-translation-services.com
info@universal-translation-services.com
Phone 844-938-7267

AHJ Huisman

Moscow, Ilinka street, 4, office 102-103

RECOMMANDE          PAR AVION

/barcode/

RO010573856RU

To Michael Zorkin, attorney for AFB

Trading One Inc. and Golden Sphinx

Limited

6320 Canoga Avenue, 15th Floor

Woodland Hills, California 91367

USA

08/09 barcode

UNIVERSAL TRANSLATION SERVICES
20801 Biscayne Blvd, Suite 403
Aventura FL 33180
www.universal-translation-services.com
info@universal-translation-services.com
Phone 844-938-7267

AHJ Huisman

Арбитражный суд в рамках арбитражной процедуры AD HOC для разрешения конкретного спора

единый арбитр (судья), выбранный и согласованный сторонами Князев Дмитрий Валерьевич

Адрес: 109012, РФ, город Москва, улица Ильинка, д.4, оф. 102-103

Тел.:+7926226184/Электронная почта:ag99@list.ru

ОПРЕДЕЛЕНИЕ

О назначении спора к рассмотрению

02 августа 2021г. Арбитражный суд в рамках арбитражной процедуры AD HOC для разрешения конкретного спора (далее также – суд), в лице единого арбитра (судьи), выбранного и согласованного сторонами - Князева Дмитрия Валерьевича (далее также – судья или арбитр), рассмотрев исковое заявление Давилла Инвестинг Лимитед (Davilla Investing Limited) (далее также – истец) к Голден Спиритс Лиитед (Golden Spirits Limited) (далее также – Ответчик 1), ЭйЭфБи Трейдинг Уан, Инк (AFB Tradig One.Inc.) (далее также – Ответчик 2), Голден Сфинкс Лимитед (Golden Sphinx Limited) (далее также – Ответчик 3), Аграгорн Холдингс Лимитед (Agragorn Holdings Limited) (далее также – Третье лицо) о взыскании задолженности по договору займа, соглашении об изменении и отсрочке долга, корпоративным гарантиям

УСТАНОВИЛ

Истец обратился в суд с иском к Ответчику 1, Ответчику 2, Ответчику 3, Третьему лицу, направив 18 мая 2021г. заказной почтой всем сторонам по делу уведомление об арбитраже с исковым заявлением с приложениями, указав:

- что Истец информирует стороны о передаче требования по взысканию задолженности по Договору займа на арбитражное разбирательство;

- что спор возник из Договора займа от 20 апреля 2010г. заключенного между Компанией Аграгорн Холдингс Лимитед (Agragorn Holdings Limited) и Компанией Голден Спиритс Лимитед (Golden Spirits Limited), Соглашения об изменении и отсрочке долга от 23 августа 2012г. заключенного между Компанией Аграгорн Холдингс Лимитед (Agragorn Holdings Limited) и Компанией Голден Спиритс Лимитед (Golden Spirits Limited), Корпоративной гарантии от 23 августа 2012г., заключенной между Компанией Аграгорн Холдингс Лимитед (Agragorn Holdings Limited) и ЭйЭфБи Трейдинг Уан, Инк.(AFB Tradig One.Inc.), Корпоративной гарантии от 23 августа 2012г., заключенной между Компанией Аграгорн Холдингс Лимитед (Agragorn Holdings Limited) и Голден Сфинкс Лимитед (Golden Sphinx Limited), Соглашения по передаче прав по Договору займа от 07 сентября 2020г., заключенного между Компанией Аграгорн Холдингс Лимитед (Agragorn Holdings Limited) и Компанией Давилла Инвестинг Лимитед (Davilla Investing Limited);

- что 20 апреля 2010г. Компания Аграгорн Холдингс Лимитед (Agragorn Holdings Limited) Компания Голден Спиритс Лимитед (Golden Spirits Limited) заключили договор займа,

UNIVERSAL TRANSLATION SERVICES
20801 Biscayne Blvd, Suite 403
Aventura FL 33180
www.universal-translation-services.com
info@universal-translation-services.com
Phone 844-938-7267

AHJ Huisman

соответствии с условиями данного договора Третье лицо предоставило заемщику в долг денежные средства в размере 1022000 (Один миллион двадцать две тысячи) долларов США. В соответствии с п.4.1. договора займа Ответчик 1 должен был вернуть заем не позднее двух лет с момента предоставления займа и в соответствии с п.4.2. договора займа уплатить 1,1% годовых с суммы займа. 21.04.2010г. Третье лицо перевело Ответчику 1 денежные средства в размере 1022000 (Один миллион двадцать две тысячи) долларов США и уплатил комиссию за перевод вразмере 268,36 (Двести шестьдесят восемь) долларов США. Таким образом, в полном объеме выполнил обязательства по договору займа. Обязанности по возврату суммы займа и процентов по займу Ответчиком 1 выполнены не были в полном объеме. 23 августа 2012г. Третье лицо и Ответчик 1 заключили соглашение об изменении и отсрочке долга. В соответствии с данным соглашением стороны продлили срок исполнения обязательства по возврату долга Ответчиком 1 до «01» января 2020г. При этом процентная ставка, указанная в пункте 4.2 Договора займа, в соответствии с п.4 соглашения об изменении и отсрочке долга повышается до 6,5% годовых (в год), с ежемесячным начислением сложных процентов, начиная с даты изменения, до полной выплаты. А также стороны согласовали следующих гарантов: ЭйЭфБи Трейдинг Уан, Инк., зарегистрированная в Штате Калифорния, США, зарегистрированные офисы которой расположены по адресу: 8501 Вилшир Бульвар, Суит 330, Беверли-Хиллз, Калифорния, США («Гарант 1»), и Голден Сфинкс Лимитед, компания, зарегистрированной в Штате Калифорния, США, зарегистрированные офисы которой расположены по адресу: 43 Ла Мотт Стрит, Сент-Хелиер, остров Джерси, JE4 8SD, Нормандские Острова («Гарант 2»). 23 августа 2012г. Третье лицо и ЭйЭфБи Трейдинг Уан, Инк.(AFB Tradig One.Inc.) заключили корпоративную гарантию в соответствии с которой Ответчик 2 отвечает перед Истцом за исполнение обязательств Ответчиком 1 в том числе в случае неисполнения Ответчиком 1 своих обязательств гарантирует погашение задолженности в течение 10 дней с момента предъявления требования. 23 августа 2012г. Третье лицо и Голден Сфинкс Лимитед (Golden Sphinx Limited) заключили корпоративную гарантию в соответствии с которой Ответчик 3 отвечает перед Истцом за исполнение обязательств Ответчиком 1 в том числе в случае неисполнения Ответчиком1 своих обязательств гарантирует погашение задолженности в течение 10 дней с момента предъявления требования. 23 августа 2012г. Третье лицо, Ответчик 1, Ответчик 2, Ответчик 3 заключили ДОГОВОР О ВЫБОРЕ (ЛИЧНОСТИ) АРБИТРА И ПРИМЕНЯМЫХ ПРАВИЛАХ. 07 сентября 2020г. Третье лицо и компания Давилла Инвестинг Лимитед (Davilla Investing Limited), заключили соглашение по передаче прав по договору займа, в соответствии с которым, все права по договору займа от 20 апреля 2010г. с изменениями от 23 августа 2012г., заключенному между Третьим лицом и Ответчиком 1, перешли к Истцу, включая обеспечение в виде корпоративных гарантий, заключенных Третьим лицом с Ответчиком 2 и Ответчиком 3. 21 декабря 2020г. Истец направил Ответчику 2 требование об оплате задолженности Ответчика 1. 21 декабря 2020г. Истец направил Ответчику 3 требование об оплате задолженности Ответчика 1. До настоящего времени ни один из ответчиков не произвел погашение задолженности по существующим обязательствам. Таким образом, у Ответчиков есть солидарная задолженность на общую сумму 1804017,81 долл. США из которых: 1022000 долларов США – сумма основного долга. 1874,53 долл. США - сумма процентов за период с 21.04.2010г. по 21.04.2012г. 780143,28 долл. США за период с 21.04.2012г. по 12.12.2020г.;

- что Истец просит солидарно взыскать с компаний Голден Спиритс Лимитед (Golden Spirits Limited), ЭйЭфБи Трейдинг Уан, Инк.(AFB Tradig One.Inc.), Голден Сфинкс Лимитед (Golden Sphinx Limited) в пользу компании Давилла Инвестинг Лимитед (Davilla Investing Limited) сумму основного долга в размере 1022000 (Один миллион двадцать две тысячи) долларов США, проценты за пользование денежными средствами в размере 782017 (Семьсот восемьдесят две тысячи семнадцать) долларов США 80 центов. Солидарно взыскать с компаний Голден Спиритс Лимитед (Golden Spirits Limited), ЭйЭфБи Трейдинг Уан, Инк.(AFB Tradig One.Inc.), Голден

UNIVERSAL TRANSLATION SERVICES
20801 Biscayne Blvd, Suite 403
Aventura FL 33180
www.universal-translation-services.com
info@universal-translation-services.com
Phone 844-938-7267

AHJ Huisman

Сфинкс Лимитед (Golden Sphinx Limited) в пользу компании Давилла Инвестинг Лимитед (Davilla Investing Limited) судебные расходы.

Согласно представленным суду заверенным копиям перечисленных выше договоров и соглашений, а именно:на основании арбитражного соглашения сторон, которое включено в соглашение об изменении и отсрочке долга, заключенного между Третьим лицом и Ответчиком 1 под пунктом 12.F;на основании арбитражного соглашения сторон, которое включено в Корпоративную гарантию, заключенную между Истцом и Ответчиком 2 под пунктом 5.7;на основании арбитражного соглашения сторон, которое включено в Корпоративную гарантию, заключенную между Истцом и Ответчиком 3 под пунктом 5.7;на основании соглашения о передаче прав по Договору займа от 07.09.2020, заключенного между истцом и третьим лицом;на основании Договора о выборе (личности) Арбитра и применяемых правилах от «23» августа 2012г., заключенного между Третьим лицом, Ответчиком 1, Ответчиком 2, Ответчиком 3, утвержденного сторонами действующим в настоящее время Арбитражным регламентом ЮНСИТРАЛ стороны согласились о том, что любые споры, разногласия, расхождения во мнениях или претензии, которые могут возникнуть из или в связи с перечисленными выше соглашениями и договорами, включая, но, не ограничиваясь, теми, которые связаны с его вступлением в силу, исполнением, изменением, нарушением, прекращением или действительностью, подлежат разрешению и окончательному урегулированию посредством арбитражного разбирательства AD HOC. Любой спор будет рассмотрен единолично согласованным сторонами Арбитром. Таким образом, данный конкретный спор передается на рассмотрение данного сформированного суда, единым арбитром назначается доктор юриспруденции Дмитрий Валерьевич Князев, Гражданин Российской Федерации, 19.05.1981 года рождения.

Стороны согласились, что разрешение спора может происходить только на основе письменных материалов, предоставленных сторонами, без обязательного проведения устного слушания и вызова сторон, при этом допускается участие сторон и арбитра во встречах посредством электронной видеоконференции, например Skype. Стороны договорились, что разбирательство будет проводиться в Москве, Российская Федерация, на русском языке и в соответствии с законодательством Российской Федерации. Стороны договорились, что Арбитр определяет наличие и масштаб соглашения, подлежащего осуществлению арбитражного разбирательства, и уполномочен выносить решение, денежное или не денежное, приводить в исполнение решение, в максимально возможной степени.

20 мая 2021г. Арбитражный суд в рамках арбитражной процедуры AD HOC для разрешения конкретного спора, в лице единого арбитра (судьи), выбранного и согласованного сторонами - Князева Дмитрия Валерьевича вынес Определение о назначении спора к слушанию, которым был создан данный суд в рамках арбитражной процедуры AD HOC для разрешения конкретного спора, утвержден единым арбитром (судьей), выбранного и согласованного сторонами Князев Дмитрий Валерьевич, принято указанное выше исковое заявление к рассмотрению данным судом, назначен 25-дневный срок для подготовки дела к третейскому разбирательству с предложением сторонам представить все документы, необходимые для рассмотрения спора, включая отзывы на иск до 14 июня 2021г.

В соответствии со ст.11 Гражданского кодекса Российской Федерации «Защиту нарушенных или оспоренных гражданских прав осуществляет суд, арбитражный суд или третейский суд (далее - суд) в соответствии с их компетенцией».

В соответствии с Федеральным Законом Российской Федерации «О Третейских судах в Российской Федерации» ст.1 «1. Настоящий Федеральный закон регулирует порядок образования и деятельности третейских судов, находящихся на территории Российской Федерации. 2. В

UNIVERSAL TRANSLATION SERVICES
20801 Biscayne Blvd, Suite 403
Aventura FL 33180
www.universal-translation-services.com
info@universal-translation-services.com
Phone 844-938-7267

AHJ Huisman

третейский суд может по соглашению сторон третейского разбирательства (далее также – стороны) передаваться любой спор, вытекающий из гражданских правоотношений, если иное не установлено федеральным законом. 3. Действие настоящего Федерального закона не распространяется на международный коммерческий арбитраж. 4. Если международным договором Российской Федерации установлен иной порядок образования и деятельности третейских судов, чем предусмотренный настоящим Федеральным законом, то применяются правила международного договора».

В соответствии с Европейской конвенцией о внешнеторговом арбитраже от 21 апреля 1961 года ст.4 Осуществление арбитражного процесса «1. Стороны арбитражного соглашения могут по своему усмотрению: «...b) предусматривать передачу споров на разрешение арбитража по данному делу (арбитраж adhoc) и в этом случае, в частности: i) назначать арбитров или устанавливать в случае возникновения какого-либо спора методы их назначения; ii) устанавливать местонахождение арбитражного суда; iii) устанавливать правила процедуры, которых должны придерживаться арбитры...».

В соответствии с Арбитражным регламентом ЮНСИТРАЛ (регламент, принятый Комиссией ООН по праву международной торговли в 1976 г. и рекомендованный к использованию Генеральной Ассамблеей ООН 15 декабря 1976 г. с изменениями).

С учетом направления и получения сторонами уведомлений

ОПРЕДЕЛИЛ:

1.      Назначить третейское разбирательство по иску Давилла Инвестинг Лимитед (Davilla Investing Limited) (далее также – истец) к Голден Спиритс Лимитед (Golden Spirits Limited) (далее также – Ответчик 1), ЭйЭфБи Трейдинг Уан, Инк (AFB Tradig One.Inc.) (далее также – Ответчик 2), Голден Сфинкс Лимитед (Golden Sphinx Limited) (далее также – Ответчик 3), Аграгорн Холдингс Лимитед (Agragorn Holdings Limited) (далее также – Третье лицо) о взыскании задолженности по договору займа, соглашении об изменении и отсрочке долга, корпоративным гарантиям к рассмотрению на 25 августа 2021г. в 12 часов 00 минут по г. Москве по адресу: 109012, РФ, город Москва, улица Ильинка, д.4, оф. 102-103.

2.      Предложить истцу в заседание представить подлинные документы в обоснование заявленных требований.

3.      Предложить ответчикам и третьему лицу в срок до 20 августа 2021г. представить в суд отзывы на иск, подтвержденные документально, в судебное заседание подлинные документы в обоснование возражений.

Арбитражный суд

в рамках арбитражной процедуры AD HOC

для разрешения конкретного спора

единый арбитр (судья),

выбранный и согласованный сторонами

Князев Дмитрий Валерьевич

UNIVERSAL TRANSLATION SERVICES
20801 Biscayne Blvd, Suite 403
Aventura FL 33180
www.universal-translation-services.com
info@universal-translation-services.com
Phone 844-938-7267

AHJ Huisman



Отправитель

From A single arbitrator (judge)

Knyazev Dmitry Valeryevich

Address: 109012, Russian Federation, Moscow, Ilinka street, 4, office 102-103

RECOMMANDÉ

RO010573856RU

To Michael Zorkin, attorney for AFB Trading One Inc. and Golden Sphinx Limited
6320 Canoga Avenue, 15th Floor
Woodland Hills, California 91367
USA

PAR AVION

UNIVERSAL TRANSLATION SERVICES
20801 Biscayne Blvd, Suite 403
Aventura FL 33180
www.universal-translation-services.com
info@universal-translation-services.com
Phone 844-938-7267

AHJ Huisman

# Exhibit 33

Arbitration court within arbitration procedure AD HOC

in order to resolve particular dispute

To the Arbitrator Dmitry Valeryevich Knyazev

109012, Moscow, Ilyinka st., b. 4, ste. 102-103

ag99@list.ru

from Ms. Larisa Sabadash

58 Beverly Park Dr., Beverly Hills, California, 90210, USA

19th of August 2021

**MOTION**

On 2nd of August 2021, Arbitration court within arbitration procedure AD HOC in order to resolve particular dispute presided over by sole arbitrator D. V. Knyazev, upon review of the original petition of Davilla Investing Limited (further on – petitioner) to Golden Spirits Limited (further on – respondent 1), AFB Trading One Inc. (further on – respondent 2), Golden Sphynx Limited (further on – respondent 3), Agragorn Holdings Limited (further on – third party) regarding loan contract debt recovery, agreement of modification and debt deferral, corporate guarantees, has ruled to schedule a trial hearing on 25th of August 2021 at 1200 Moscow time at the address 109012, Moscow, Ilyinka st., b. 4, ste. 102-103.

As follows from the Ruling regarding setting the trial date for complaint review, on 23rd of December 2012 defendant and third party have executed an arbitration agreement according to which all of the disputes stemming from loan contract, agreement of change and debt deferral, corporate guarantees are to resolved and ultimately regulated by AD HOC arbitration.

Ms. Larisa Sabadash is AFB Trading One Inc. director effective 3rd of October 2016 and is Golden Sphinx Limited director effective 17th of September 2019.

Golden Spirits Limited company has been fully dissolved effective 31st of October 2013.

**Larisa Sabadash as an executive of defendant 1 and defendant 2 by following objects to the jurisdiction of AD HOC arbitration court represented by arbitrator D.V. Knyazev or any other arbitrator.**

In accordance with part 2 article 16 of federal law dd. 29th of December 2015 no. 382-FL "regarding arbitration (trial hearing) in Russian Federation" declaration regarding absence of arbitration court jurisdiction can be made by corresponding party to arbitration no later than its first response to the complaint presentation.

In accordance with part 3 article 16 of federal law dd. 29th of December 2015 no. 382-FL "regarding arbitration (trial hearing) in Russian Federation" arbitration court can rule on the response indicated in part 2 of current article, either as a preliminary matter, or in the ruling regarding core matter of complaint. If the arbitration court rules as a preliminary matter that it does have the jurisdiction any party can file a petition regarding arbitration courts absence of jurisdiction, to the court that does possess jurisdiction over that matter, within a month upon receipt of notification of such ruling.

**Based on the above, Larisa Sabadash on behalf of AFB Trading One Inc. and Sphinx Limited declares its objections to arbitration court jurisdiction and moves to rule regarding preliminary matter of court's jurisdiction.**

**Additionally Larissa Sabadash by following moves to be presented with arbitration materials for review.**

Appendix: documents certifying Larisa Sabadash's authority.

Respectfully, L. Sabadash */signature/*

UNIVERSAL TRANSLATION SERVICES
20801 Biscayne Blvd, Suite 403
Aventura FL 33180
www.universal-translation-services.com
info@universal-translation-services.com
Phone 844-938-7267

AHJ Huisman

Арбитражный суд в рамках арбитражной процедуры AD
HOC для разрешения конкретного спора

Арбитру Князеву Дмитрию Валерьевичу
109012, г. Москва, ул. Ильинка, д. 4, оф. 102-103
ag99@list.ru

от госпожи Ларисы Сабадаш
58 Beverly Park Drive, Beverly Hills California 90210 USA

19.08.2021

ХОДАТАЙСТВО

02.08.2021 Арбитражный суд в рамках арбитражной процедуры AD HOC для разрешения конкретного спора в лице единого арбитра Князева Д.В., рассмотрев исковое заявление Давилла Инвестинг Лимитед (далее – истец) к Голден Спиритс Лимитед (далее – ответчик 1), ЭйЭфБи Трейдинг Уан, Инк (далее – ответчик 2), Голден Сфинкс Лимитед (далее – ответчик 3), Аграгорн Холдингс Лимитед (далее – третье лицо) о взыскании задолженности по договору займа, соглашении об изменении и отсрочке долга, корпоративным гарантиям, определил назначить третейское разбирательство на 25.08.2021 в 12 ч. 00 мин. по г. Москве по адресу: 109102, г. Москва, ул. Ильинка, д. 4, оф. 102-103.

Как следует из Определения о назначении спора к рассмотрению, ответчики и третье лицо 23.12.2012 заключили арбитражное соглашение, в соответствии с которым все споры, вытекающие из договора займа, соглашении об изменении и отсрочке долга, корпоративным гарантиям, подлежат разрешению и окончательному урегулированию посредством арбитражного разбирательства AD HOC.

Госпожа Лариса Сабадаш с 03.10.2016 является директором ЭйЭфБи Трейдинг Уан, Инк и с 17.09.2019 является директором Голден Сфинкс Лимитед.

Компания Голден Спиритс Лимитед не существует с 31.10.2013.

**Настоящим Лариса Сабадаш как уполномоченное от имени ответчика 1 и ответчика 2 лицо возражает против компетенции арбитражного суда AD HOC в составе арбитра Князева Д.В. или любого иного арбитра.**

В соответствии с ч. 2 ст. 16 Федерального закона от 29.12.2015 № 382-ФЗ «Об арбитраже (третейском разбирательстве) в Российской Федерации» заявление об отсутствии у третейского суда компетенции может быть сделано соответствующей стороной арбитража не позднее представления ею первого заявления по существу спора.

Согласно ч. 3 ст. 16 Федерального закона от 29.12.2015 № 382-ФЗ «Об арбитраже (третейском разбирательстве) в Российской Федерации» третейский суд может принять постановление по заявлению, указанному в части 2 настоящей статьи, либо как по вопросу предварительного характера, либо в решении по существу спора. Если третейский суд принимает постановление по вопросу предварительного характера, что он обладает компетенцией, любая сторона может в течение одного месяца после получения уведомления о принятии этого постановления подать заявление в компетентный суд о принятии решения об отсутствии у третейского суда компетенции.

**На основании изложенного, Лариса Сабадаш от имени компаний ЭйЭфБи Трейдинг Уан, Инк и Голден Сфинкс Лимитед заявляет возражение против компетенции третейского суда и ходатайствует о принятии постановления по вопросу предварительного характера о компетенции суда.**

**Кроме того, Лариса Сабадаш настоящим ходатайствует о предоставлении ей для ознакомления материалов третейского разбирательства.**

Приложение: документы, подтверждающие полномочия Ларисы Сабадаш.

С уважением,

Сабадаш Л.

UNIVERSAL TRANSLATION SERVICES
20801 Biscayne Blvd, Suite 403
Aventura FL 33180
www.universal-translation-services.com
info@universal-translation-services.com
Phone 844-938-7267

AHJ Huisman

# Exhibit 34

Arbitration court within arbitration procedure AD HOC

in order to resolve particular dispute

To the Arbitrator Dmitry Valeryevich Knyazev

109012, Moscow, Ilyinka st., b. 4, ste. 102-103

ag99@list.ru

from Ms. Larisa Sabadash

58 Beverly Park Dr., Beverly Hills, California, 90210, USA

24th of August 2021

### RESPONSE TO PETITITION

On 2nd of August 2021, Arbitration court within arbitration procedure AD HOC in order to resolve particular dispute presided over by sole arbitrator D. V. Knyazev, upon review of the original petition of Davilla Investing Limited (further on – petitioner) to Golden Spirits Limited (further on – respondent 1), AFB Trading One Inc. (further on – respondent 2), Golden Sphynx Limited (further on – respondent 3), Agragorn Holdings Limited (further on – third party) regarding loan contract debt recovery, modification and debt deferral, corporate guarantees, has ruled to schedule a trial hearing on 25th of August 2021 at 1200 Moscow time at the address 109012, Moscow, Ilyinka st., b. 4, ste. 102-103.

As follows from the Ruling regarding setting the trial date for complaint review, on 23rd of December 2012 defendant and third party have executed an arbitration agreement according to which all of the disputes stemming from loan contract, agreement of change and debt deferral, corporate guarantees are to resolved and ultimately regulated by AD HOC arbitration.

Ms. Larisa Sabadash is AFB Trading One Inc. director effective 3rd of October 2016 and is Golden Sphinx Limited director effective 17th of September 2019.

Golden Spirits Limited company has been fully dissolved effective 31st of October 2013, which is confirmed by the documents attached to the current response.

From the contents of Ruling regarding setting the review trial it follows that Golden Spirits Limited Company specifically is the main debtor, whereas AFB Trading One Inc. Company and Golden Sphinx Limited are guarantors.

In accordance with point 1 article 363 of Civil Code of Russian Federation when the debtor violates or does not properly fulfill his obligations under a loan agreement, guarantor and debtor are jointly and severally liable to the creditor, unless the law or loan contract specifies guarantors solitary obligation.

In accordance with point 1 article 367 of Civil Code of Russian Federation guarantee ceases upon ceasing of the obligation it was guaranteeing.

In accordance with 3 of article 49 of Civil Code of Russian Federation a judicial entity obtains its legal capacity since the moment of entering information regarding its creation into state register of judicial entities and terminates at the moment of entering of information regarding its termination into the above-mentioned register.

Since the main debtor (Golden Spirits Limited Company) has lost its legal capacity on 1st of October 2013, guarantees describing its obligations on loan agreements should be considered terminated, which results in dismissal of the petition.

Based on the above ,

### I REQUEST:

To deny original Davilla Investing Limited complaint, against Golden Spirits Limited, AFB Trading One Inc., Golden Sphinx Limited regarding debt collection in full.

Appendix: 1. documents certifying Larisa Sabadash's authority;

2. documents certifying facts of Golden Spirits Limited Company dissolution.

L. Sabadash /signature/

UNIVERSAL TRANSLATION SERVICES
20801 Biscayne Blvd, Suite 403
Aventura FL 33180
www.universal-translation-services.com
info@universal-translation-services.com
Phone 844-938-7267

AHJ Huisman

Арбитражный суд в рамках арбитражной процедуры AD
HOC для разрешения конкретного спора

Арбитру Князеву Дмитрию Валерьевичу
109012, г. Москва, ул. Ильинка, д. 4, оф. 102-103

ag99@list.ru

от госпожи Ларисы Сабадаш
58 Beverly Park Drive, Beverly Hills California 90210 USA

24.08.2021

**ОТЗЫВ НА ИСКОВОЕ ЗАЯВЛЕНИЕ**

02.08.2021 Арбитражный суд в рамках арбитражной процедуры AD HOC для разрешения конкретного спора в лице единого арбитра Князева Д.В., рассмотрев исковое заявление Давилла Инвестинг Лимитед (далее – истец) к Голден Спиритс Лимитед (далее – ответчик 1), ЭйЭфБи Трейдинг Уан, Инк (далее – ответчик 2), Голден Сфинкс Лимитед (далее – ответчик 3), Аграгорн Холдингс Лимитед (далее – третье лицо) о взыскании задолженности по договору займа, соглашении об изменении и отсрочке долга, корпоративным гарантиям, определил назначить третейское разбирательство на 25.08.2021 в 12 ч. 00 мин. по г. Москве по адресу: 109102, г. Москва, ул. Ильинка, д. 4, оф. 102-103.

Как следует из Определения о назначении спора к рассмотрению, ответчики и третье лицо 23.12.2012 заключили арбитражное соглашение, в соответствии с которым все споры, вытекающие из договора займа, соглашении об изменении и отсрочке долга, корпоративным гарантиям, подлежат разрешению и окончательному урегулированию посредством арбитражного разбирательства AD HOC.

Госпожа Лариса Сабадаш с 03.10.2016 является директором ЭйЭфБи Трейдинг Уан, Инк и с 17.09.2019 является директором Голден Сфинкс Лимитед.

Компания Голден Спиритс Лимитед не существует с 31.10.2013, что подтверждается прилагаемыми к настоящему отзыву документами.

Из содержания Определения о назначении спора к рассмотрению следует, что именно Компания Голден Спиритс Лимитед является основным должником по обязательствам, а Компании ЭйЭфБи Трейдинг Уан, Инк и Голден Сфинкс Лимитед являются поручителями.

В соответствии с п. 1 ст. 363 ГК РФ при неисполнении или ненадлежащем исполнении должником обеспеченного поручительством обязательства поручитель и должник отвечают перед кредитором солидарно, если законом или договором поручительства не предусмотрена субсидиарная ответственность поручителя.

Согласно п. 1 ст. 367 ГК РФ поручительство прекращается с прекращением обеспеченного им обязательства.

В соответствии с п. 3 ст. 49 ГК РФ правоспособность юридического лица возникает с момента внесения в единый государственный реестр юридических лиц сведений о его создании и прекращается в момент внесения в указанный реестр сведений о его прекращении.

Поскольку основной заемщик (Компания Голден Спиритс Лимитед) с 01.10.2013 утратил правоспособность, обеспечивающие его обязательства договоры поручительства следует считать прекратившимися, что влечет за собой отказ в удовлетворении исковых требований.

На основании изложенного,

**ПРОШУ:**

Отказать в удовлетворении искового заявления Давилла Инвестинг Лимитед к Голден Спиритс Лимитед, ЭйЭфБи Трейдинг Уан, Инк, Голден Сфинкс Лимитед о взыскании задолженности в полном объеме.

**Приложение:**
1. Документы, подтверждающие полномочия Ларисы Сабадаш;
2. Документы, подтверждающие факт ликвидации компании Голден Спиритс Лимитед.

Сабадаш Л.

UNIVERSAL TRANSLATION SERVICES
20801 Biscayne Blvd, Suite 403
Aventura FL 33180
www.universal-translation-services.com
info@universal-translation-services.com
Phone 844-938-7267

AHJ Huisman

# Exhibit 35

Arbitration court within arbitration procedure AD HOC

in order to resolve particular dispute

To the Arbitrator Dmitry Valeryevich Knyazev

109012, Moscow, Ilyinka st., b. 4, ste. 102-103

ag99@list.ru

from Ms. Larisa Sabadash

58 Beverly Park Dr., Beverly Hills, California, 90210, USA

23rd of August 2021

## DECLARATION

## REGARDING FALSIFICATION OF CASE EVIDENCE

On 2nd of August 2021, Arbitration court within arbitration procedure AD HOC in order to resolve particular dispute presided over by sole arbitrator D. V. Knyazev, upon review of the original petition of Davilla Investing Limited (further on – petitioner) to Golden Spirits Limited (further on – respondent 1), AFB Trading One Inc. (further on – respondent 2), Golden Sphynx Limited (further on – respondent 3), Agragorn Holdings Limited (further on – third party) regarding loan contract debt recovery, agreement of change and debt deferral, corporate guarantees, has ruled to schedule a trial hearing on 25th of August 2021 at 1200 Moscow time at the address 109012, Moscow, Ilyinka st., b. 4, ste. 102-103.

As follows from the Ruling setting the trial date, on 23rd of December 2012 defendant and third party have executed an arbitration agreement according to which all of the disputes stemming from loan contract, modification and debt deferral, corporate guarantees are to be finally resolved by AD HOC arbitration.

Ms. Larisa Sabadash is a director of AFB Trading One Inc. since 3rd of October 2016 and is a director of Golden Sphinx Limited since 17th of September 2019.

Golden Spirits Limited company has been fully dissolved effective 31st of October 2013.

**By this document Larisa Sabadash declares falsification of documents of the current case, notes that case materials still have not been provided to her. According to information that Ms. L. Sabadash possesses no obligations exist between petitioner and defendants.**

Appendix: documents certifying Larisa Sabadash's authority.

Respectfully, L. Sabadash */signature/*

UNIVERSAL TRANSLATION SERVICES
20801 Biscayne Blvd, Suite 403
Aventura FL 33180
www.universal-translation-services.com
info@universal-translation-services.com
Phone 844-938-7267

AHJ Huisman

Арбитражный суд в рамках арбитражной процедуры AD HOC для
разрешения конкретного спора

Арбитру Князеву Дмитрию Валерьевичу
109012, г. Москва, ул. Ильинка, д. 4, оф. 102-103

ag99@list.ru

от госпожи Ларисы Сабадаш
58 Beverly Park Drive, Beverly Hills California 90210 USA

23.08.2021

ЗАЯВЛЕНИЕ
о фальсификации доказательств по делу

02.08.2021 Арбитражный суд в рамках арбитражной процедуры AD HOC для разрешения конкретного спора в лице единого арбитра Князева Д.В., рассмотрев исковое заявление Давилла Инвестинг Лимитед (далее — истец) к Голден Спиритс Лимитед (далее — ответчик 1), ЭйЭфБи Трейдинг Уан, Инк (далее — ответчик 2), Голден Сфинкс Лимитед (далее — ответчик 3), Аграгорн Холдингс Лимитед (далее — третье лицо) о взыскании задолженности по договору займа, соглашении об изменении и отсрочке долга, корпоративным гарантиям, определил назначить третейское разбирательство на 25.08.2021 в 12 ч. 00 мин. по г. Москве по адресу: 109102, г. Москва, ул. Ильинка, д. 4, оф. 102-103.

Как следует из Определения о назначении спора к рассмотрению, ответчики и третье лицо 23.12.2012 заключили арбитражное соглашение, в соответствии с которым все споры, вытекающие из договора займа, соглашении об изменении и отсрочке долга, корпоративным гарантиям, подлежат разрешению и окончательному урегулированию посредством арбитражного разбирательства AD HOC.

Госпожа Лариса Сабадаш с 03.10.2016 является директором ЭйЭфБи Трейдинг Уан, Инк и с 17.09.2019 является директором Голден Сфинкс Лимитед.

Компания Голден Спиритс Лимитед не существует с 31.10.2013.

**Настоящим Лариса Сабадаш заявляет о фальсификации документов по настоящему делу, отмечает, что до настоящего времени материалы дела ей не предоставлены. По имеющимся у госпожи Сабадаш Л. данным, каких-либо обязательственных правоотношений между истцом и ответчиками не существует.**

Приложение: документы, подтверждающие полномочия Ларисы Сабадаш.
С уважением,
Сабадаш Л.

UNIVERSAL TRANSLATION SERVICES
20801 Biscayne Blvd, Suite 403
Aventura FL 33180
www.universal-translation-services.com
info@universal-translation-services.com
Phone 844-938-7267

AHJ Huisman

# Exhibit 36

The Arbitration Court within the Framework of the AD HOC Arbitration Procedure for Resolving a Specific Dispute

Sole arbitrator (judge), selected and agreed upon by the parties, Dmitry Valeryevich Knyazev

Address: 109012, Russian Federation, Moscow, 4 Ilyinka Street, of. 102- 103

Phone: +7926226184/ Email:ag99@list.ru

## RULLING

## On the Jurisdiction of the Court

August 25, 2021 The Arbitration Court within the Framework of the AD HOC Arbitration Procedure for Resolving a Specific Dispute (hereinafter also referred to as the "court"), in the person of the sole arbitrator (judge), selected and agreed upon by the parties, Dmitry Valeryevich Knyazev (hereinafter also referred to as the "judge" or "arbitrator"), having considered the lawsuit filed by Davilla Investing Limited (hereinafter also referred to as the "claimant") against Golden Spirits Limited (hereinafter also referred to as Respondent 1) and AFB Trading One, Inc. (hereinafter also referred to as Respondent 2), Golden Sphinx Limited (hereinafter also referred to as Respondent 3), Agragorn Holdings Limited (hereinafter also referred to as the Third Party) regarding the recovery of debt under the Loan Agreement, the Agreement on Modification and Deferral of Debt, and the Corporate Guarantees,

HAS FOUND

The claimant filed a lawsuit against Respondent 1, Respondent 2, Respondent 3, and the Third Party, sending on May 18, 2021, by registered mail to all parties to the case a notice of arbitration along with the lawsuit with the attachments, stating:

that the Claimant informs the parties about the submission of the claim for debt recovery under the Loan Agreement to arbitration proceedings;

that the dispute arose from the Loan Agreement of April 20, 2010, concluded between Agragorn Holdings Limited and Golden Spirits Limited; the Agreement on Modification and Deferral of Debt of August 23, 2012, concluded between Agragorn Holdings Limited and Golden Spirits Limited; and the Corporate Guarantee of August 23, 2012, concluded between Agragorn Holdings Limited and AFB Trading One, Inc.  The Corporate Guarantee of August 23, 2012, concluded between Agragorn Holdings Limited and Golden Sphinx Limited; and the Agreement on the Assignment of Rights under the Loan Agreement of September 7, 2020, concluded between Agragorn Holdings Limited and Davilla Investing Limited;

that on April 20, 2010 Agragorn Holdings Limited and Golden Spirits Limited concluded a loan agreement. In accordance with the terms of this agreement, the Third Party lent the borrower funds in the amount of 1022.000 (One million twenty-two thousand) US dollars. In accordance with clause 4.1 of the Loan Agreement, the Respondent 1 was required to repay the loan no later than two years from the date the loan was granted, and pursuant to clause 4.2 of the Loan agreement, to pay an annual interest rate of 1.1% on the loan amount. On April 21, 2010 the Third Party transferred to the Respondent 1 funds in the amount of 1022000 (One million twenty-two thousand) US dollars and paid a transfer commission of in the amount of 268.36 (Two hundred sixty-eight) US dollars. Thus, the Third Party has fully performed its obligations

under the Loan Agreement. The obligations of the Respondent 1 to repay the loan principal and the interest were not fully fulfilled. On August 23, 2012 the Third Party and the Respondent 1 concluded the Agreement on the Modification and Deferral of the Debt. In accordance with this agreement, the parties extended the deadline for the Respondent 1 to fulfill the obligation to repay the debt until January 1, 2020. At the same time, the interest rate specified in clause 4.2 of the Loan Agreement, in accordance with clause 4 of the Agreement on Modification and Deferral of the Debt, has been increased to 6.5% per annum, with monthly compounding interest, starting from the date of modification until full repayment. The parties also agreed upon the following guarantors: AFB Trading One, Inc., registered in the State of California, USA, with its registered offices located at: 8501 Wilshire Boulevard, Suite 330, Beverly Hills, California, USA ("Guarantor 1"), and Golden Sphinx Limited, a company registered in the State of California, USA, with its registered offices located at: 43 La Motte Street, Saint Helier, Jersey Island, JE4 8SD, Channel Islands ("Guarantor 2"). On August 23, 2012 the Third Party and AFB Trading One, Inc. concluded the Corporate Guarantee pursuant to which the Respondent 2 is liable to the Claimant for the performance of the obligations of the Respondent 1, including guaranteeing repayment of the debt within 10 days from the date the demand is made in the event of the failure of the Respondent 1 to fulfill its obligations. On August 23, 2012 the Third Party Golden Sphinx Limited concluded the Corporate Guarantee pursuant to which the Respondent 3 is liable to the Claimant for the performance of the obligations of the Respondent 1, including guaranteeing repayment of the debt within 10 days from the date the demand is made in the event of the failure of the Respondent 1 to fulfill its obligations. On August 23, 2012 the Third Party, the Respondent 1, the Respondent 2, and the Respondent 3 concluded the AGREEMENT ON THE SELECTION (OF THE IDENTITY) OF THE ARBITRATOR AND THE APPLICABLE RULES. On September 07, 2020 the Third Party and Davilla Investing Limited concluded the Agreement on the Assignment of Rights under the Loan Agreement, pursuant to which all the rights under the loan agreement of April 20, 2010, as amended on August 23, 2012, concluded between the Third Party and Respondent 1, were transferred to the Claimant, including the security in the form of Corporate Guarantees concluded by the Third Party with the Respondent 2 and the Respondent 3.  On December 21, 2020, the Claimant sent to the Respondent 2 a demand for payment of the debt owed by the Respondent 1. The Claimant sent to the Respondent 3 a demand for payment of the debt owed by the Respondent 1. To date, none of the respondents have made repayment of the outstanding debt under the existing obligations. Thus, the Respondents have a solidary debt amounting to 1804017.81 US dollars, out of which: 1022000 US dollars — the principal amount of the debt. 1874.53 US dollars — the amount of interest for the period from April 21, 2010, to April 21, 2012. 780143.28 US dollars — the amount for the period from April 21, 2012, to December 12, 2020;

that the Claimant requests to jointly and severally recover from the companies Golden Spirits Limited, AFB Trading One, Inc., and Golden Sphinx Limited, in favor of Davilla Investing Limited, of the principal amount in the amount of 1022000 (One million twenty-two thousand) US dollars, and the interest for the use of the funds in the amount of 782017.80 (Seven hundred eighty-two thousand seventeen dollars and eighty cents) US dollars. To jointly and severally recover the court costs from Golden Spirits Limited, AFB Trading One, Inc., and Golden Sphinx Limited, in favor of Davilla Investing Limited.

According to the certified copies of the above-mentioned agreements and contracts submitted to the court, namely: according to the Arbitration Agreement between the parties, which is included in the Agreement on Modification and Deferral of the Debt concluded between the Third Party and the Respondent 1 under clause 12.F; according to the Arbitration Agreement between the parties, which is included in the Corporate Guarantee concluded between the Claimant and the Respondent 2 under clause 5.7; according to the Arbitration Agreement between the parties, which is included in the Corporate

Guarantee concluded between the Claimant and the Respondent 3 under clause 5.7; according to the Agreement on Assignment of Rights under the Loan Agreement of September 7, 2020, concluded between the Claimant and the Third Party; according to the Agreement on the Selection (of the Identity) of the Arbitrator and the Applicable Rules of August 23, 2012, concluded between the Third Party, the Respondent 1, the Respondent 2, and Respondent 3, approved by the parties and currently governed by the UNCITRAL Arbitration Rules, the parties agreed that any disputes, disagreements, differences of opinion, or claims arising out of or in connection with the above-mentioned agreements and contracts, including but not limited to those relating to their validity, performance, amendment, breach, termination, or enforcement, shall be resolved and finally settled by means of AD HOC arbitration proceedings. Any dispute shall be resolved by the sole Arbitrator agreed upon by the parties. Thus, this specific dispute is referred to the jurisdiction of this constituted court, the sole arbitrator being the Doctor of Jurisprudence Dmitry Valeryevich Knyazev, a citizen of the Russian Federation, born on May 19, 1981.

The parties agreed that the dispute may be resolved solely on the basis of the written materials submitted by the parties, without the mandatory holding of an oral hearing and summoning of the parties, while allowing for the participation of the parties and the arbitrator in meetings via electronic video conference, such as Skype. The parties agreed that the proceedings shall be conducted in Moscow, the Russian Federation, in the Russian language, and in accordance with the laws of the Russian Federation. The parties agreed that the Arbitrator shall determine the existence and scope of the agreement subject to arbitration, and is authorized to render a decision, whether monetary or non-monetary, and to enforce the decision to the fullest extent possible.

On May 20, 2021 The Arbitration Court, within the framework of the AD HOC arbitration procedure for resolving the specific dispute, in the person of the sole arbitrator (judge) selected and agreed upon by the parties, Dmitry Valeryevich Knyazev, issued a Ruling on the Appointment of the Dispute for Hearing, by which this court was constituted within the AD HOC arbitration procedure for resolving the specific dispute, the sole arbitrator (judge) selected and agreed upon by the parties, Dmitry Valeryevich Knyazev, was approved, the above-mentioned lawsuit was accepted for consideration by this court, and a 25-day period was set for preparing the case for arbitral proceedings, with a request for the parties to submit all documents necessary for the consideration of the dispute, including responses to the lawsuit, by June 14, 2021.

In accordance with Article 11 of the Civil Code of the Russian Federation, "The protection of violated or disputed civil rights shall be carried out by a court, arbitration court, or arbitral tribunal (hereinafter referred to as the "court") in accordance with their competence."

In accordance with the Federal Law of the Russian Federation "On Arbitral Tribunals in the Russian Federation", Article 1, "1. This Federal Law regulates the procedure for the establishment and operation of arbitral tribunals located within the territory of the Russian Federation. 2. By agreement of the parties to the arbitral proceeding (hereinafter also referred to as the "parties"), any dispute arising from civil legal relations may be referred to an arbitral tribunal, unless otherwise provided by federal law. 3. The provisions of this Federal Law do not apply to international commercial arbitration. 4. If an international treaty of the Russian Federation establishes a different procedure for the establishment and operation of arbitral tribunals than that provided for by this Federal Law, the rules of the international treaty shall apply."

In accordance with the European Convention on International Commercial Arbitration, Article 4, "Conduct of the Arbitration Proceedings," of April 21, 1961 "1. The parties to an arbitration agreement shall be free to submit their disputes: (b) to an ad hoc arbitral procedure; in this case, they shall be free inter

UNIVERSAL TRANSLATION SERVICES
20801 Biscayne Blvd, Suite 403
Aventura FL 33180
www.universal-translation-services.com
info@universal-translation-services.com
Phone 844-938-7267

alia: (i) to appoint arbitrators or to establish means for their appointment in the event of an actual dispute; (ii) to determine the place of arbitration; and (iii) to lay down the procedure to be followed by the arbitrators...".

On August 19, 2021 the Court received from AFB Trading One, Inc., Golden Sphinx Limited a motion in which the aforementioned Respondents raise the issue of the jurisdiction of this Court in connection with the liquidation on October 31, 2013 of the Respondent, Golden Spirits Limited, a party to this dispute and a signatory to the Agreement on the Selection (of the Identity) of the Arbitrator and the Applicable Rules of August 23, 2012.

In accordance with the Federal Law of the Russian Federation "On Arbitral Tribunals in the Russian Federation", Article 16,

In accordance with the UNCITRAL Arbitration Rules (the rules adopted by the United Nations Commission on International Trade Law in 1976 and recommended for use by the United Nations General Assembly on December 15, 1976, as amended).

## HAS RULED

1. To grant the motion.
2. To recognize the lack of jurisdiction of the Arbitration Court within the framework of the AD HOC arbitration procedure for resolving the specific dispute, in the person of the sole arbitrator (judge) selected and agreed upon by the parties, Dmitry Valeryevich Knyazev, over the claim of Davilla Investing Limited against Golden Spirits Limited, AFB Trading One, Inc., Golden Sphinx Limited, and Agragorn Holdings Limited for recovery of debt under the Loan Agreement, the Agreement on Modification and Deferral of the Debt, and the Corporate Guarantees.
3. To terminate the proceedings on the claim of Davilla Investing Limited against Golden Spirits Limited, AFB Trading One, Inc., Golden Sphinx Limited, and Agragorn Holdings Limited for recovery of debt under the Loan Agreement, the Agreement on Modification and Deferral of the Debt, and the Corporate Guarantees.
4. To dissolve Arbitration Court within the framework of the AD HOC arbitration procedure for resolving the specific dispute, in the person of the sole arbitrator (judge) selected and agreed upon by the parties, Dmitry Valeryevich Knyazev, over the claim of Davilla Investing Limited against Golden Spirits Limited, AFB Trading One, Inc., Golden Sphinx Limited, and Agragorn Holdings Limited for recovery of debt under the Loan Agreement, the Agreement on Modification and Deferral of the Debt, and the Corporate Guarantees.

The Arbitration Court

within the Framework of the AD HOC Arbitration Procedure

UNIVERSAL TRANSLATION SERVICES
20801 Biscayne Blvd, Suite 403
Aventura FL 33180
www.universal-translation-services.com
info@universal-translation-services.com
Phone 844-938-7267

AHJ Huisman

for Resolving a Specific Dispute

the sole arbitrator (judge),

selected and agreed upon by the parties

Dmitry Valeryevich Knyazev                                                    [signature]

UNIVERSAL TRANSLATION SERVICES
20801 Biscayne Blvd, Suite 403
Aventura FL 33180
www.universal-translation-services.com
info@universal-translation-services.com
Phone 844-938-7267

AHJ Huisman

**Stamp**: [THE ARBITRATION COURT
WITHIN THE FRAMEWORK OF THE AD HOC ARBITRATION PROCEDURE
THE SOLE ARBITRATOR (JUDGE)
DMITRY VALERYEVICH KNYAZEV

UNIVERSAL TRANSLATION SERVICES
20801 Biscayne Blvd, Suite 403
Aventura FL 33180
www.universal-translation-services.com
info@universal-translation-services.com
Phone 844-938-7267

AHJ Huisman



# CERTIFICATION OF TRANSLATION

**Project number: S-251172**

**Name of files: Translation Russian to English / Michael Zorkin**

**Job performed on: 30-06-2025**

**Translation from language: Russian**

**Translation into language: English**

**Translation performed by: Irina Turbal**

**Date of certification: June 30, 2025**

---

Universal Translation Services, a professional translation company, declares that the attached document(s) are stamped and signed by us and translated by qualified and professional translators, fluent in the above mentioned languages. In our best judgement, the translated text truly reflects the content, meaning and translation of the attached documents and / or copies that the client provide us with.

A validation procedure was performed by us, which confirms that the provided language translation is complete and accurate. The document hasn't been translated by a family member, friend or business associate.

By signing this Certification of Translation, Universal Translation Services declares that the translation is a true reflection of the source file(s). We do not guarantee that the original document is a genuine document or that the statements contained in the original document are true.

Universal Translation Services assumes no liability for the way the translation is used by the customer or any third party.

*A.H.J Huisman, Managing Director*
*Universal Translation Services*

Corporate ATA Member number 260038

**ata**
American Translators Association

- **Head Office USA:** Phone: 1-844-wetranslate | Address: 20801 Biscayne Blvd, Suite 403, Aventura, Florida 33180
- **Office Spain:** Phone: +34-951-406-81 | Address: Calle Buenos Aires 3, 35002, Las Palmas
- **Office U.K.:** Phone: +44-20-3807-3275219 | Address: Kensington Street, Kensington W8 6bd, London
- **Other US Offices:** Commerce – San Francisco – Washington – Chicago – Boston – Las Vegas – Houston – Dallas – Seattle – Philadelphia



Арбитражный суд в рамках арбитражной процедуры AD HOC для разрешения конкретного спора

Единый арбитр (судья), выбранный и согласованный сторонами, Князев Дмитрий Валерьевич

Адрес: 109012, РФ, город Москва, улица Ильинка, д.4, оф. 102-103/

Тел.:+7926226184/Электронная почта:ag99@list.ru

ОПРЕДЕЛЕНИЕ

О компетенции суда

25 августа 2021г. Арбитражный суд в рамках арбитражной процедуры AD HOC для разрешения конкретного спора (далее также – суд), в лице единого арбитра (судьи), выбранного и согласованного сторонами  - Князева Дмитрия Валерьевича (далее также – судья или арбитр), рассмотрев исковое заявление Давилла Инвестинг  Лимитед (Davilla Investing Limited) (далее также – истец) к Голден Спиритс Лимитед (Golden Spirits Limited) (далее также – Ответчик 1), ЭйЭфБи Трейдинг Уан, Инк (AFB Trading One.Inc.) (далее также – Ответчик 2), Голден Сфинкс Лимитед (Golden Sphinx Limited) (далее также – Ответчик 3), Аграгорн Холдингс Лимитед (Agragorn Holdings Limited) (далее также – Третье лицо) о взыскании задолженности по договору займа, соглашении об изменении и отсрочке долга, корпоративным гарантиям,

УСТАНОВИЛ

Истец обратился в суд с иском к Ответчику 1, Ответчику 2, Ответчику 3, Третьему лицу, направив 18 мая 2021г. заказной почтой всем сторонам по делу уведомление об арбитраже с исковым заявлением с приложениями, указав:

что Истец информирует стороны о передаче требования по взысканию задолженности по Договору займа на арбитражное разбирательство;

что спор возник из Договора займа от 20 апреля 2010г. заключенного между Компанией Аграгорн Холдингс Лимитед (Agragorn Holdings Limited) и Компанией Голден Спиритс Лимитед (Golden Spirits Limited), Соглашения об изменении и отсрочке долга от 23 августа 2012г. заключенного между Компанией Аграгорн Холдингс Лимитед (Agragorn Holdings Limited) и Компанией Голден Спиритс Лимитед (Golden Spirits Limited), Корпоративной гарантии от 23 августа 2012г., заключенной между Компанией Аграгорн Холдингс Лимитед (Agragorn Holdings Limited) и ЭйЭфБи Трейдинг Уан, Инк. (AFB Trading One. Inc.), Корпоративной гарантии от 23 августа 2012г., заключенной между Компанией Аграгорн Холдингс Лимитед (Agragorn Holdings Limited) и Голден Сфинкс Лимитед (Golden Sphinx Limited), Соглашения по передаче прав по Договору займа от 07 сентября 2020г., заключенного между Компанией Аграгорн Холдингс Лимитед (Agragorn Holdings Limited) и Компанией Давилла Инвестинг  Лимитед (Davilla Investing Limited);

что 20 апреля 2010г. Компания Аграгорн Холдингс Лимитед (Agragorn Holdings Limited) и Компания Голден Спиритс Лимитед (Golden Spirits Limited) заключили договор займа. В соответствии с условиями данного договора Третье лицо предоставило заемщику в долг денежные средства в размере 1022000 (Один миллион двадцать две тысячи) долларов США. В соответствии с п.4.1. договора займа Ответчик 1 должен был вернуть заем не позднее двух лет с момента предоставления займа и в соответствии с п.4.2. договора займа уплатить 1,1% годовых с суммы

займа. 21.04.2010г. Третье лицо перевело Ответчику 1 денежные средства в размере 1022000 (Один миллион двадцать две тысячи) долларов США и уплатил комиссию за перевод вразмере 268,36 (Двести шестьдесят восемь) долларов США. Таким образом, в полном объеме выполнил обязательства по договору займа. Обязанности по возврату суммы займа и процентов по займу Ответчиком 1 выполнены не были в полном объеме. 23 августа 2012г. Третье лицо и Ответчик 1 заключили соглашение об изменении и отсрочке долга. В соответствии с данным соглашением стороны продлили срок исполнения обязательства по возврату долга Ответчиком 1 до «01» января 2020г. При этом процентная ставка, указанная в пункте 4.2 Договора займа, в соответствии с п.4 соглашения об изменении и отсрочке долга повышается до 6,5% годовых (в год), с ежемесячным начислением сложных процентов, начиная с даты изменения, до полной выплаты. А также стороны согласовали следующих гарантов: ЭйЭфБи Трейдинг Уан, Инк., зарегистрированная в Штате Калифорния, США, зарегистрированные офисы которой расположены по адресу: 8501 Вилшир Бульвар, Суит 330, Беверли-Хиллз, Калифорния, США («Гарант 1»), и Голден Сфинкс Лимитед, компания, зарегистрированной в Штате Калифорния, США, зарегистрированные офисы которой расположены по адресу: 43 Ла Мотт Стрит, Сент-Хелиер, остров Джерси, JE4 8SD, Нормандские Острова («Гарант 2»). 23 августа 2012г. Третье лицо и ЭйЭфБи Трейдинг Уан, Инк.(AFB One. Inc.) заключили корпоративную гарантию в соответствии с которой Ответчик 2 отвечает перед Истцом за исполнение обязательств Ответчиком 1 в том числе в случае неисполнения Ответчиком 1 своих обязательств гарантирует погашение задолженности в течение 10 дней с момента предъявления требования. 23 августа 2012г. Третье лицо и Голден Сфинкс Лимитед (Golden Sphinx Limited) заключили корпоративную гарантию в соответствии с которой Ответчик 3 отвечает перед Истцом за исполнение обязательств Ответчиком 1 в том числе в случае неисполнения Ответчиком1 своих обязательств гарантирует погашение задолженности в течение 10 дней с момента предъявления требования. 23 августа 2012г. Третье лицо, Ответчик 1, Ответчик 2, Ответчик 3 заключили ДОГОВОР О ВЫБОРЕ (ЛИЧНОСТИ) АРБИТРА И ПРИМЕНЯМЫХ ПРАВИЛАХ. 07 сентября 2020г. Третье лицо и компания Давилла Инвестинг  Лимитед (Davilla Investing Limited), заключили соглашение по передаче прав по договору займа, в соответствии с которым, все права по договору займа от 20 апреля 2010г. с изменениями от 23 августа 2012г., заключенному между Третьим лицом и Ответчиком 1, перешли к Истцу, включая обеспечение в виде корпоративных гарантий, заключенных Третьим лицом с Ответчиком 2 и Ответчиком 3. 21 декабря 2020г. Истец направил Ответчику 2 требование об оплате задолженности Ответчика 1. 21 декабря 2020г. Истец направил Ответчику 3 требование об оплате задолженности Ответчика 1. До настоящего времени ни один из ответчиков не произвел погашение задолженности по существующим обязательствам. Таким образом, у Ответчиков есть солидарная задолженность на общую сумму 1804017,81 долл. США из которых: 1022000 долларов США – сумма основного долга. 1874,53 долл. США - сумма процентов за период с 21.04.2010г. по 21.04.2012г. 780143,28 долл. США за период с 21.04.2012г. по 12.12.2020г.;

что Истец просит солидарно взыскать с компаний Голден Спиритс Лимитед  (Golden Spirits Limited), ЭйЭфБи Трейдинг Уан, Инк.(AFB One.Inc.), Голден Сфинкс Лимитед (Golden Sphinx Limited) в пользу компании Давилла Инвестинг  Лимитед (Davilla Investing Limited) сумму основного долга в размере 1022000 (Один миллион двадцать две тысячи) долларов США, проценты за пользование денежными средствами в размере 782017 (Семьсот восемьдесят две тысячи семнадцать) долларов США 80 центов. Солидарно взыскать с компаний Голден Спиритс Лимитед  (Golden Spirits Limited), ЭйЭфБи Трейдинг Уан, Инк.(AFB One.Inc.), Голден Сфинкс Лимитед (Golden Sphinx Limited) в пользу компании Давилла Инвестинг  Лимитед (Davilla Investing Limited) судебные расходы.

UNIVERSAL TRANSLATION SERVICES
01 Biscayne Blvd Suite 400
Aventura FL 33180
www.universal-translation-services.com
info@universal-translation-services.com
Phone 844-938-7267

Согласно представленным суду заверенным копиям перечисленных выше договоров и соглашений, а именно: на основании арбитражного соглашения сторон, которое включено в

соглашение об изменении и отсрочке долга, заключенного между Третьим лицом и Ответчиком 1 под пунктом 12.F;на основании арбитражного соглашения сторон, которое включено в Корпоративную гарантию, заключенную между Истцом и Ответчиком 2 под пунктом 5.7;на основании арбитражного соглашения сторон, которое включено в Корпоративную гарантию, заключенную между Истцом и Ответчиком 3 под пунктом 5.7;на основании соглашения о передаче прав по Договору займа от 07.09.2020, заключенного между истцом и третьим лицом;на основании Договора о выборе (личности) Арбитра и применяемых правилах от «23» августа 2012г., заключенного между Третьим лицом, Ответчиком 1, Ответчиком 2, Ответчиком 3, утвержденного сторонами действующим в настоящее время Арбитражным регламентом ЮНСИТРАЛ стороны согласились о том, что любые споры, разногласия, расхождения во мнениях или претензии, которые могут возникнуть из или в связи с перечисленными выше соглашениями и договорами, включая, но, не ограничиваясь, теми, которые связаны с его вступлением в силу, исполнением, изменением, нарушением, прекращением или действительностью, подлежат разрешению и окончательному урегулированию посредством арбитражного разбирательства AD НОС. Любой спор будет рассмотрен единолично согласованным сторонами Арбитром. Таким образом, данный конкретный спор передается на рассмотрение данного сформированного суда, единым арбитром назначается доктор юриспруденции Дмитрий Валерьевич Князев, Гражданин Российской Федерации, 19.05.1981 года рождения.

Стороны согласились, что разрешение спора может происходить только на основе письменных материалов, предоставленных сторонами, без обязательного проведения устного слушания и вызова сторон, при этом допускается участие сторон и арбитра во встречах посредством электронной видеоконференции, например Skype. Стороны договорились, что разбирательство будет проводиться в Москве, Российская Федерация, на русском языке и в соответствии с законодательством Российской Федерации. Стороны договорились, что Арбитр определяет наличие и масштаб соглашения, подлежащего осуществлению арбитражного разбирательства, и уполномочен выносить решение, денежное или не денежное, приводить в исполнение решение, в максимально возможной степени.

20 мая 2021г. Арбитражный суд в рамках арбитражной процедуры AD НОС для разрешения конкретного спора, в лице единого арбитра (судьи), выбранного и согласованного сторонами - Князева Дмитрия Валерьевича вынес Определение о назначении спора к слушанию, которым был создан данный суд в рамках арбитражной процедуры AD НОС для разрешения конкретного спора, утвержден единым арбитром (судьей), выбранного и согласованного сторонами Князев Дмитрий Валерьевич, принято указанное выше исковое заявление к рассмотрению данным судом, назначен 25-дневный срок для подготовки дела к третейскому разбирательству с предложением сторонам представить все документы, необходимые для рассмотрения спора, включая отзывы на иск до 14 июня 2021г.

В соответствии со ст.11 Гражданского кодекса Российской Федерации «Защиту нарушенных или оспоренных гражданских прав осуществляет суд, арбитражный суд или третейский суд (далее - суд) в соответствии с их компетенцией».

В соответствии с Федеральным Законом Российской Федерации «О Третейских судах в Российской Федерации» ст.1 «1. Настоящий Федеральный закон регулирует порядок образования и деятельности третейских судов, находящихся на территории Российской Федерации. 2. В третейский суд может по соглашению сторон третейского разбирательства (далее также - стороны) передаваться любой спор, вытекающий из гражданских правоотношений, если иное не установлено федеральным законом. 3. Действие настоящего Федерального закона распространяется на международный коммерческий арбитраж. 4. Если международным договором Российской Федерации установлен иной порядок образования и деятельности третейских судов,

чем предусмотренный настоящим Федеральным законом, то применяются правила международного договора».

В соответствии с Европейской конвенцией о внешнеторговом арбитраже от 21 апреля 1961 года ст.4 Осуществление арбитражного процесса «1. Стороны арбитражного соглашения могут по своему усмотрению: «...b) предусматривать передачу споров на разрешение арбитража по данному делу (арбитраж adhoc) и в этом случае, в частности: i) назначать арбитров или устанавливать в случае возникновения какого-либо спора методы их назначения; ii) устанавливать местонахождение арбитражного суда; iii) устанавливать правила процедуры, которых должны придерживаться арбитры...».

19 августа 2021г. Суд получил от ЭйЭфБи Трейдинг Уан, Инк (AFB One. Inc.), Голден Сфинкс Лимитед (Golden Sphinx Limited) ходатайство, где указанные Ответчики ставят вопрос о компетенции данного Суда в связи с ликвидацией 31.10.2013г. Ответчика Компании Голден Спиритс Лимитед (Golden Spirits Limited), участника данного спора и подписанта Договора о выборе (личности) Арбитра и применяемых правилах от «23» августа 2012г.

В соответствии с Федеральным Законом Российской Федерации «О Третейских судах в Российской Федерации» ст.16.

В соответствии с Арбитражным регламентом ЮНСИТРАЛ (регламент, принятый Комиссией ООН по праву международной торговли в 1976 г. и рекомендованный к использованию Генеральной Ассамблеей ООН 15 декабря 1976 г. с изменениями).

ОПРЕДЕЛИЛ:

1. Удовлетворить заявленное ходатайство.
2. Признать отсутствие компетенции Арбитражного суда в рамках арбитражной процедуры AD HOC для разрешения конкретного спора в лице единого арбитра (судьи), выбранного и согласованного сторонами Князева Дмитрия Валерьевича по иску Давилла Инвестинг Лимитед (Davilla Investing Limited) к Голден Спиритс Лимитед (Golden Spirits Limited), ЭйЭфБи Трейдинг Уан, Инк (AFB One. Inc.), Голден Сфинкс Лимитед (Golden Sphinx Limited), Аграгорн Холдингс Лимитед (Agragorn Holdings Limited)о взыскании задолженности по договору займа, соглашении об изменении и отсрочке долга, корпоративным гарантиям.
3. Прекратить производство по иску Давилла Инвестинг Лимитед (Davilla Investing Limited) к Голден Спиритс Лимитед (Golden Spirits Limited), ЭйЭфБи Трейдинг Уан, Инк (AFB One. Inc.), Голден Сфинкс Лимитед (Golden Sphinx Limited), Аграгорн Холдингс Лимитед (Agragorn Holdings Limited) о взыскании задолженности по договору займа, соглашении об изменении и отсрочке долга, корпоративным гарантиям.
4. Распустить Арбитражный суд в рамках арбитражной процедуры AD HOC для разрешения конкретного спора в лице единого арбитра (судьи), выбранного и согласованного сторонами Князева Дмитрия Валерьевича по иску Давилла Инвестинг Лимитед (Davilla Investing Limited) к Голден Спиритс Лимитед (Golden Spirits Limited), ЭйЭфБи Трейдинг Уан, Инк (AFB One. Inc.), Голден Сфинкс Лимитед (Golden Sphinx Limited), Аграгорн Холдингс Лимитед (Agragorn Holdings Limited) о взыскании задолженности по договору займа, соглашении об изменении и отсрочке долга, корпоративным гарантиям.

Арбитражный суд

в рамках арбитражной процедуры AD HOC

UNIVERSAL TRANSLATION SERVICES
20801 Biscayne Blvd, Suite 403
Aventura FL 33180
www.universal-translation-services.com
info@universal-translation-services.com
Phone 844-938-7267

AHJ Huisman

для разрешения конкретного спора

единый арбитр (судья),

выбранный  и согласованный сторонами

Князев Дмитрий Валерьевич

UNIVERSAL TRANSLATION SERVICES
20801 Biscayne Blvd, Suite 403
Aventura FL 33180
www.universal-translation-services.com
info@universal-translation-services.com
Phone 844-938-7267

AHJ Huisman

**АРБИТРАЖНЫЙ СУД**
В РАМКАХ АРБИТРАЖНОЙ ПРОЦЕДУРЫ
AD HOC

**ЕДИНЫЙ АРБИТР (СУДЬЯ)**

**КНЯЗЕВ**
ДМИТРИЙ ВАЛЕРЬЕВИЧ

UNIVERSAL TRANSLATION SERVICES
20801 Biscayne Blvd, Suite 403
Aventura FL 33180
www.universal-translation-services.com
info@universal-translation-services.com
Phone 844-938-7267

AHJ Huisman

# Exhibit 37

**Michael Zorkin**

**From:** Dmitry Knyazev ag99@list.ru

**Sent:** Wednesday, August 25, 2021 2:12 AM

**To:** Tatyana Padalko; I2020@hotmail.com; Michael Zorkin; itkin1; Irina.selezneva@yandex.ru

**Subject:** doc01214920210825090459.pdf, doc01215020210825090532.pdf, doc01215120210825090604.pdf and 3 more files

**Attachments:** doc01214920210825090459.pdf, doc01215020210825090532.pdf, doc01215120210825090604.pdf; doc01215220210825090628.pdf, doc01215320210825090655.pdf, doc01215420210825090725.pdf

Respectfully,

Individual arbitrator (judge)

selected and agreed upon by the parties

Dmitry Valeryevich Knyazev

1

UNIVERSAL TRANSLATION SERVICES
20801 Biscayne Blvd, Suite 403
Aventura FL 33180
www.universal-translation-services.com
info@universal-translation-services.com
Phone 844-938-7267

AHJ Huisman

2/10/26, 9:01 AM Re: doc01214920210825090459.pdf, doc01215020210825090532.pdf, doc01215120210825090604.pdf and 3 more files – Michael…

**Outlook**

---

**Re: doc01214920210825090459.pdf, doc01215020210825090532.pdf, doc01215120210825090604.pdf and 3 more files**

**From:** Irina Selezneva <Irina.selezneva@yandex.ru>

**Date:** Wed August 25, 2021 2:13 AM

**To:** Tatyana Padalko <arbitrrpadalko@gmail.com>; I2020@hotmail.com <I2020@hotmail.com>; Michael Zorkin <mz@thezorkinfirm.com>; itkin1 < itkin1@aol.com>; Dmitry Knyazev <ag99@list.ru>

The ruling has been received, thank you

--

Sent from Yandex mobile mail

25th of August 2021, 2:12, Dmitry Knyazev <ag99@list.ru>

Respectfully,

Individual arbitrator (judge)

selected and agreed upon by the parties

Dmitry Valeryevich Knyazev

about:blank?windowld=SecondaryReadingPane132 1/1

UNIVERSAL TRANSLATION SERVICES
20801 Biscayne Blvd, Suite 403
Aventura FL 33180
www.universal-translation-services.com
info@universal-translation-services.com
Phone 844-938-7267
AHJ Huisman

## Michael Zorkin

| | |
|---|---|
| **From:** | Дмитрий Князев <ag99@list.ru> |
| **Sent:** | Wednesday, August 25, 2021 2:12 AM |
| **To:** | Татьяна Падалко; l2020@hotmail.com; Michael Zorkin; itkin1; irina.seleznev@yandex.ru |
| **Subject:** | doc01214920210825090459.pdf, doc01215020210825090532.pdf, doc01215120210825090604.pdf и ещё 3 файла |
| **Attachments:** | doc01214920210825090459.pdf; doc01215020210825090532.pdf; doc01215120210825090604.pdf; doc01215220210825090628.pdf; doc01215320210825090655.pdf; doc01215420210825090725.pdf |

С уважением,
единый арбитр (судья)
выбранный и согласованный сторонами
Дмитрий Валерьевич Князев

UNIVERSAL TRANSLATION SERVICES
20801 Biscayne Blvd, Suite 403
Aventura FL 33180
www.universal-translation-services.com
info@universal-translation-services.com
Phone 844-938-7267

AHJ Huisman

1

2/10/26, 9:0... Case 2:25-bk-11235-NB Doc 137-1 Filed 06/16/26 Entered 06/16/26 23:03:11 Desc
...5x doc01214920210825090459.pdf, doc012150202210825090532.pdf, doc01215120210825090604.pdf и ещё 3 файла G Michael ...
Declaration of Michael Zorkin    Page 46 of 62

 Outlook

## Re: doc01214920210825090459.pdf, doc01215020210825090532.pdf, doc01215120210825090604.pdf и ещё 3 файла

**From** Селезнева Ирина <irina.seleznev@yandex.ru>

**Date** Wed 8/25/2021 2:13 AM

**To** Татьяна Падалко <arbitrpadalko@gmail.com>; l2020@hotmail.com <l2020@hotmail.com>; Michael Zorkin <mz@thezorkinfirm.com>; itkin1 <itkin1@aol.com>; Дмитрий Князев <ag99@list.ru>

Определение получено, благодарю

--
Отправлено из мобильной Яндекс.Почты

25.08.2021, 12:12, "Дмитрий Князев" <ag99@list.ru>:

С уважением,
единый арбитр (судья)
выбранный и согласованный сторонами
Дмитрий Валерьевич Князев

UNIVERSAL TRANSLATION SERVICES
20801 Biscayne Blvd, Suite 403
Aventura FL 33180
www.universal-translation-services.com
info@universal-translation-services.com
Phone 844-938-7267

AHJ Huisman

# Exhibit 38

Tatiana Hay Interpreting Services
Cherry Hill, NJ 08034
tatianahay.com

DOCUMENT TRANSLATION FROM RUSSIAN INTO ENGLISH

-------- FORWARDED MESSAGE --------

23.03.2026, 14:20, Golovina Olga Vladimirovna (golovina.ov@tpprf.ru):
To: daryatrubina@yandex.ru (daryatrubina@yandex.ru);
Subject: Response from ICAC at CCI RF to legal inquiry No. 94 from 3/17/2026;

Hello!

Please see the response from ICAC at CCI RF to your legal inquiry No. 94, dated March 17, 2026, attached. Please let us know if the original response can be forwarded to your colleague, N.K. Yurasova, provided she has the power of attorney.

Sincerely,

Olga V. Golovina
Chief Expert
Center for Arbitration and Mediation
at the Chamber of Commerce and Industry of the Russian Federation (CCI RF)
Tel: (495) 620-0191
E-mail: golovina.ov@tpprf.ru

-------- THE END OF FORWARDED MESSAGE -------

_____
END OF DOCUMENT

1

Tatiana Hay Interpreting Services
Cherry Hill, NJ 08034
tatianahay.com

DOCUMENT TRANSLATION FROM RUSSIAN INTO ENGLISH

-------- Пересылаемое сообщение --------
23.03.2026, 14:20, Головина Ольга Владимировна (golovina.ov@tpprf.ru):
Кому: daryatrubina@yandex.ru (daryatrubina@yandex.ru);
Тема: ответ МКАС при ТПП РФ на адвокатский запрос № 94 от 17.03.2026;

Добрый день!

Направляем Вам ответ МКАС при ТПП РФ на Ваш адвокатский запрос № 94 от 17.03.2026 г.
Просьба подтвердить возможность передачи оригинала ответа Вашей коллеге Юрасовой Н.К. при наличии у нее доверенности.

С уважением,
Ольга В. Головина
Главный эксперт
Центра арбитража и посредничества
при ТПП РФ
Тел.: (495) 620-0191
E-mail: golovina.ov@tpprf.ru

-------- Конец пересылаемого сообщения --------

CERTIFICATE OF ACCURACY

I, _____Tatiana Hay_____, MA, Linguistics, Russian interpreter and translator, certified by AOPC, approved by NJ AOC, Federal Court Interpreter, member of ATA, DVTA and NAJIT, am competent to translate between English and _____Russian_____ , and certify that the translation of

*Email from Golovina to Trubina_EN*
_____
(name of document)

is true, accurate and complete to the best of my knowledge and abilities.

_____*Tatiana Hay*_____          _____Tatiana Hay_____
(signature of translator)                  (typed/printed name of translator)

_____3.23.2026_____
(date)

Tatiana Hay Interpreting Services
Cherry Hill, NJ 08034
tatianahay.com

DOCUMENT TRANSLATION FROM RUSSIAN INTO ENGLISH

## THE INTERNATIONAL COMMERCIAL ARBITRATION COURT AT THE CHAMBER OF COMMERCE AND INDUSTRY OF THE RUSSIAN FEDERATION



Founded in 1932
Member of the International
Federation of Commercial
Arbitration Institutions (IFCAI)

№ 1800-M- /914

*March 23, 2026*

**Return Receipt Requested**

**Trubina D. B., Esq.**
Kutuzovskaya Bar Association
tel. 8-965-764-13-60
daryatrubina@yandex.ru

Response to legal inquiry № 94 dated March 17, 2026

In connection with your inquiry regarding the ad hoc arbitration proceedings involving AFB Trading One, Inc., Golden Spirits Limited, Golden Sphinx Limited, Davilla Investing Limited, as well as the decisions rendered by arbitrator Dmitry Valeryevich Knyazev in 2021 and 2025, we hereby advise as follows:

The International Commercial Arbitration Court (ICAC) at the Chamber of Commerce and Industry of the Russian Federation (CCI RF) is a permanent arbitration institution.

Pursuant to the Law of the Russian Federation No. 5338-1, dated July 7, 1993, "On International Commercial Arbitration" and Federal Law No. 382-FZ, dated December 29, 2015, "On Arbitration (Arbitral Tribunals) in the Russian Federation", ICAC is authorized to act as a competent (appointing) authority and to provide administrative, organizational, and logistical support to arbitration proceedings in accordance with the Rules governing ICAC's performance of certain functions related to administration of arbitration proceedings conducted by arbitral tribunals formed by the parties to resolve specific disputes (ad hoc Arbitration), as set forth in Appendix No. 8 to Order No. 6 of the CCI RF, dated January 10, 2017.

ICAC has never, at any time, including in 2021 or 2025, provided administrative or logistical support to the ad hoc arbitration involving the parties and arbitrator D.V. Knyazev, referenced in your request.

We also inform you that the case number 1800-4/1301 referenced in your inquiry does not correspond to the numbering or abbreviation system used by ICAC, including for ad hoc arbitrations, and is not found in ICAC case registry.

D.V. Knyazev has never been listed in the ICAC arbitrator registry approved by the CCI RF, nor has he participated in ICAC arbitration proceedings as an appointed external (non-listed) arbitrator, including in cases where ICAC acted as a competent authority and provided support to ad hoc arbitrations.

Mailing address: Bldg. 1, 6/1, Ilyinka Street
Moscow, 109012, Russia
**International, corporate disputes:**
Tel: +7 (495) 620-00-07, 620-01-71, 620-04-60
E-mail: mkac_arbitration@tpprf.ru

**Internal, sports disputes:**
Tel: +7 (495) 620-01-49, 620-00-89
E-mail: sts@tpprf.ru
Website: mkas.tpprf.ru

Tatiana Hay Interpreting Services
Cherry Hill, NJ 08034
tatianahay.com

DOCUMENT TRANSLATION FROM RUSSIAN INTO ENGLISH

We further inform you that ICAC Chairman A.A. Kostin has never approved, and could not have approved, the decision you submitted dated August 31, 2021, because, under the ICAC Rules for Administering ad hoc Arbitrations, the ICAC Chairman is not authorized to approve decisions issued by an arbitral tribunal.

Under these Rules, the only action permitted is the authentication of arbitrators' signatures on an arbitration award, which is carried out by the ICAC seal and the signature of the executive secretary.

In light of the foregoing, we inform you that the copy of the decision you submitted dated August 31, 2021, bears a forged seal of the Chamber of Commerce and Industry of the Russian Federation (CCI RF), a falsified signature of ICAC Chairman A.A. Kostin, and a non-existent ICAC case number under the CCI RF system.

Respectfully,
ICAC Executive Secretary                                      [Signature] V.A. Frolochkin
*Prepared by O.V. Golovina,  tel.  7(495)620-01-91, golovina.ov@tpprf.ru*

ROUND SEAL:         INTERNATIONAL COURT OF COMMERCIAL ARBITRATION AT THE
                    CHAMBER OF COMMERCE AND INDUSTRY OF THE RUSSIAN
                    FEDERATION

_____
END OF DOCUMENT

2

Tatiana Hay Interpreting Services
Cherry Hill, NJ 08034
tatianahay.com

DOCUMENT TRANSLATION FROM RUSSIAN INTO ENGLISH

МЕЖДУНАРОДНЫЙ КОММЕРЧЕСКИЙ АРБИТРАЖНЫЙ СУД
ПРИ ТОРГОВО-ПРОМЫШЛЕННОЙ ПАЛАТЕ РОССИЙСКОЙ ФЕДЕРАЦИИ
THE INTERNATIONAL COMMERCIAL ARBITRATION COURT AT THE CHAMBER
OF COMMERCE AND INDUSTRY OF THE RUSSIAN FEDERATION



| Основан в 1932 году | | Founded in 1932 |
| Член Международной федерации коммерческих арбитражных институтов (МФКАИ) | | Member of the International Federation of Commercial Arbitration Institutions (IFCAI) |

№  1800-М-_1914_    «23»    03    2026 г.

*С уведомлением о вручении*

**Адвокату Трубиной Д.Б.**
Коллегия адвокатов «Кутузовская»
тел. 8-965-764-13-60
daryatrubina@yandex.ru

Ответ на адвокатский запрос  № 94 от 17.03.2026

В связи с Вашим запросом относительно арбитражных разбирательств AD HOC с участием компаний ЭйЭфБи Трейдинг Уан, Инк. (AFB Trading One, Inc.), Голден Спиритс Лимитед (Golden Spirits Limited), Голден Сфинкс Лимитед (Golden Sphinx Limited), Давилла Инвестинг Лимитед (Davilla Investing Limited), а также судебных актов, вынесенных арбитром Князевым Дмитрием Валерьевичем в 2021 и в 2025 годах, сообщаем следующее.

Международный коммерческий арбитражный суд (МКАС) при Торгово-промышленной палате Российской Федерации (ТПП РФ) является постоянно действующим арбитражным учреждением.

В соответствии с Законом Российской Федерации от 7 июля 1993 года № 5338-1 «О международном коммерческом арбитраже» и Федеральным законом от 29 декабря 2015 года № 382-ФЗ «Об арбитраже (третейском разбирательстве) в Российской Федерации» МКАС вправе действовать в качестве компетентного (назначающего органа) и оказывать организационное и материально-техническое содействие арбитражным разбирательствам на основании Правил по оказанию МКАС отдельных функций по администрированию арбитража, осуществляемого третейским судом, образуемым сторонами для разрешения конкретного спора (Арбитраж AD HOC) (Приложение 8 к Приказу  ТПП РФ № 6 от 10.01.2017 г.).

При этом МКАС никогда (в том числе ни в 2021 году, ни в 2025 году) не оказывал организационного и материально-технического содействия арбитражу AD HOC с участием названных в Вашем запросе сторон и арбитра Д.В. Князева.

Также сообщаем, что указанный в Вашем запросе номер дела 1800-4/1301 не соответствует нумерации и аббревиатуре, присваиваемым делам МКАС, в том числе при арбитраже AD HOC, и отсутствует в картотеке дел МКАС.

Гражданин Князев Д.В. никогда не включался в утверждаемые ТПП РФ списки арбитров МКАС, а также не участвовал в арбитражных разбирательствах МКАС в качестве назначенного стороннего (несписочного) арбитра, в том числе при выступлении МКАС в качестве компетентного органа и оказании содействия арбитражу AD HOC.

Почтовый адрес: 109012, г. Москва, ул. Ильинка, д. 6/1, стр. 1    Post address: bld. 1, 6/1, Ilyinka street, Moscow, 109012, Russia
Международные, корпоративные споры:    International, corporate disputes:
Телефоны: +7 (495) 620-00-07, 620-01-71, 620-04-60    Telephones: +7 (495) 620-00-07, 620-01-71, 620-04-60
Эл. почта: mkac_arbitration@tpprf.ru    E-mail: mkac_arbitration@tpprf.ru
Внутренние, спортивные споры:    Internal, sports disputes:
Телефоны: +7 (495) 620-01-49, 620-00-89    Telephones: +7 (495) 620-01-49, 620-00-89
Эл. почта: sts@tpprf.ru    E-mail: sts@tpprf.ru
Интернет-сайт: mkas.tpprf.ru    Web-site: mkas.tpprf.ru

Tatiana Hay Interpreting Services
Cherry Hill, NJ 08034
tatianahay.com

DOCUMENT TRANSLATION FROM RUSSIAN INTO ENGLISH

Одновременно сообщаем, что Председатель МКАС А.А. Костин никогда не согласовывал и не мог согласовать представленное Вами Решение от 31.08.2021 г., так как согласно Правилам по оказанию МКАС отдельных функций по администрированию арбитража AD HOC Председатель МКАС не наделен полномочием по согласованию выносимых третейским судом решений.

В соответствии с данными Правилами возможно лишь удостоверение подписей арбитров на арбитражном решении, которое производится печатью МКАС и подписью его Ответственного секретаря.

Учитывая вышеизложенное, информируем, что на представленной Вами копии Решения от 31.08.2021 содержится подложная печать Торгово-промышленной палаты Российской Федерации, поддельная подпись Председателя МКАС А.А. Костина, с несуществующей нумерацией дел МКАС при ТПП РФ.

С уважением,
Ответственный секретарь МКАС                                                В.А. Фролочкин
Исп. О.В. Головина, тел. 7(495)620-01-91, golovina.ov@tpprf.ru

4

Tatiana Hay Interpreting Services
Cherry Hill, NJ 08034
tatianahay.com

DOCUMENT TRANSLATION FROM RUSSIAN INTO ENGLISH

CERTIFICATE OF ACCURACY

I, _____Tatiana Hay_____, MA, Linguistics, Russian interpreter and translator, certified by AOPC, approved by NJ AOC, Federal Court Interpreter, member of ATA, DVTA and NAJIT, am competent to translate between English and _____Russian_____ , and certify that the translation of

*Response to Attorney Trubina's Inquiry_EN*

_____
(name of document)

is true, accurate and complete to the best of my knowledge and abilities.

___*Tatiana Hay*___          _____Tatiana Hay_____
(signature of translator)              (typed/printed name of translator)

___3.23.2026___
(date)

5

# Exhibit 39

[Coat of Arms]

**MINISTRY OF JUSTICE
OF THE RUSSIAN FEDERATION
(MINISTRY OF JUSTICE OF RUSSIA)**

Zhitnaya St., 14, bldg. 1, Moscow, 119991
Tel. (800) 303-30-03, Fax (495) 955-58-89
E-mail: info@minjust.gov.ru

<u>04/07/2026</u>    No. <u>12-32638/26</u>

Re: No. _____ dated _____

To Attorney
Trubina D.B.

193318, St. Petersburg,
pr. Pyatiletok, 4, bldg. 1, apt. 94

daryatrubina@yandex.ru

Ministry of Internal Affairs
of the Russian Federation

Dear Darya Borisovna!

The Department for the Development and Regulation of Legal Aid and Legal Services of the Ministry of Justice of the Russian Federation (hereinafter – the Department), having reviewed, within the limits of its established competence, the attorney's request dated 03/06/2026 No. 91 (registered with the Ministry of Justice of Russia on 03/18/2026 under No. 27555/26), hereby reports the following.

In accordance with paragraph 2 of the Regulation on the Ministry of Justice of the Russian Federation, approved by Decree of the President of the Russian Federation dated 01/13/2023 No. 10, the Ministry of Justice of Russia is the federal executive authority responsible for developing state policy and legal and regulatory framework in the field of justice, including in the field of arbitration (arbitral proceedings).

Pursuant to the provisions of Federal Law dated 12/29/2015 No. 382-FZ "On Arbitration (Arbitral Proceedings) in the Russian Federation" (hereinafter – Federal Law No. 382-FZ), the resolution of disputes through arbitration may be carried out under the administration of a permanent arbitral institution (hereinafter – PAI) or by an arbitral tribunal formed by the parties to resolve a specific dispute (ad hoc arbitration).

Pursuant to paragraph 17 of Article 2 of Federal Law No. 382-FZ, an ad hoc arbitral tribunal conducts arbitration in the absence of

UNIVERSAL TRANSLATION SERVICES
20801 Biscayne Blvd, Suite 403
Aventura FL 33180
www.universal-translation-services.com
info@universal-translation-services.com
Phone 844-938-7267

AHJ Huisman

2

administration by a PAI (except for the possible performance by a PAI of certain functions in administering a specific dispute, where this is provided for by the arbitration agreement of the parties). Accordingly, an ad hoc arbitral tribunal is constituted by virtue of the parties' agreement for the purpose of resolving a specific dispute and ceases to exist after the dispute has been resolved. Given the nature of the ad hoc arbitration described above, no authorization to perform its functions is required.

In accordance with paragraph 1 of Article 2 of Federal Law No. 382-FZ, an arbitrator (arbitral judge) is a natural person elected by the parties or elected (appointed) in the manner agreed upon by the parties or established by federal law for the resolution of a dispute by an arbitral tribunal.

The requirements that an arbitrator must meet are set forth in Article 11 of Federal Law No. 382-FZ. A person who meets the requirements established by Federal Law No. 382-FZ performs the functions of an arbitrator (arbitral judge) for a specific dispute from the moment of his appointment or election within the framework of the arbitral proceedings until the termination of the relevant proceedings or his resignation from such functions on other grounds (challenge, self-recusal, etc.).

Please note that Federal Law No. 382-FZ does not provide for the maintenance by the Ministry of Justice of Russia of any register or list of persons who may perform, are performing, or have performed the functions of an ad hoc arbitrator (arbitral judge).

Regarding the seal affixed to the copy of the decision you provided, we report the following. The seal impression of the sole arbitrator Knyazev Dmitriy Valeryevich attached to the request indicates that it reproduces the State Coat of Arms of the Russian Federation. Pursuant to Article 4 of Federal Constitutional Law dated 12/25/2000 No. 2-FKZ "On the State Coat of Arms of the Russian Federation," the State Coat of Arms of the Russian Federation is placed on the seals of federal state authorities, other state bodies, organizations, and institutions, on the seals of bodies, organizations, and institutions – regardless of their form of ownership – vested with certain state powers, as well as on those of bodies carrying out the state registration of civil status acts. Under the legislation of the Russian Federation, the powers

UNIVERSAL TRANSLATION SERVICES
20801 Biscayne Blvd, Suite 403
Aventura FL 33180
www.universal-translation-services.com
info@universal-translation-services.com
Phone 844-938-7267

AHJ Huisman

3

to issue, by the Ministry of Justice of Russia, official coat-of-arms seals to arbitrators, including those resolving disputes through ad hoc arbitration, are not provided for.

Accordingly, the current legislation does not provide for any procedures for obtaining the right to perform the functions of an ad hoc arbitral tribunal or for furnishing seals to ad hoc arbitral judges.

In order to prevent any unlawful or fraudulent acts, your inquiry is also being forwarded to the Ministry of Internal Affairs of the Russian Federation for possible investigative measures and the application of appropriate response actions.

Enclosure: 62 sheets in 1 copy, to the second addressee only.

Deputy Director
of the Department for the Development and
Regulation
of Legal Aid and Legal Services                    [Signature]            A.G. Benov

Rakcheeva Elizaveta Dmitrievna
(800) 303-30-03 ext. 99-3233

UNIVERSAL TRANSLATION SERVICES
20801 Biscayne Blvd, Suite 403
Aventura FL 33180
www.universal-translation-services.com
info@universal-translation-services.com
Phone 844-938-7267

AHJ Huisman



## CERTIFICATION OF TRANSLATION

**Project number: S-260893**

**Name of files: Translation Russian to English / Michael Zorkin**

**Job performed on: June 13, 2026**

**Translation from language: Russian**

**Translation into language: English**

**Translation performed by: U.T.S Inter**

**Date of certification: June 13, 2026**

---

Universal Translation Services, a professional translation company, declares that the attached document(s) are stamped and signed by us and translated by qualified and professional translators, fluent in the above mentioned languages. In our best judgement, the translated text truly reflects the content, meaning and translation of the attached documents and / or copies that the client provide us with.

A validation procedure was performed by us, which confirms that the provided language translation is complete and accurate. The document hasn't been translated by a family member, friend or business associate.

By signing this Certification of Translation, Universal Translation Services declares that the translation is a true reflection of the source file(s). We do not guarantee that the original document is a genuine document or that the statements contained in the original document are true.

Universal Translation Services assumes no liability for the way the translation is used by the customer or any third party.

*A.H.J Huisman, Managing Director*
*Universal Translation Services*

Corporate ATA Member number 260038

ata
American Translators Association

- **Head Office USA:**  <u>Phone:</u> 1-844-wetranslate | <u>Address:</u> 20801 Biscayne Blvd, Suite 403, Aventura, Florida 33180
- **Office Spain:** <u>Phone:</u> +34-951-406-81 | <u>Address:</u> Calle Buenos Aires 3, 35002, Las Palmas
- **Office U.K.:**  <u>Phone:</u> +44-20-3807-3275219 | <u>Address:</u> Kensington Street, Kensington W8 6bd, London
- **Other US Offices:** Commerce – San Francisco – Washington – Chicago – Boston – Las Vegas – Houston – Dallas – Seattle – Philadelphia





**МИНИСТЕРСТВО ЮСТИЦИИ
РОССИЙСКОЙ ФЕДЕРАЦИИ
(МИНЮСТ РОССИИ)**

Житная ул., д. 14, стр. 1, Москва, 119991
тел. (800) 303-30-03, факс (495) 955-58-89
E-mail: info@minjust.gov.ru

Адвокату

Трубиной Д.Б.

193318, г. Санкт-Петербург,
пр. Пятилеток, д. 4, корп. 1, кв. 94

daryatrubina@yandex.ru

Министерство внутренних дел
Российской Федерации

от.04 2026    № 12-32638/26

На № _____ от _____

Уважаемая Дарья Борисовна!

Департамент развития и регулирования юридической помощи и правовых услуг Министерства юстиции Российской Федерации (далее – Департамент), рассмотрев в пределах установленной компетенции адвокатский запрос от 06.03.2026 № 91 (зарегистрирован в Минюсте России 18.03.2026 № 27555/26), сообщает следующее.

В соответствии с пунктом 2 Положения о Министерстве юстиции Российской Федерации, утвержденного Указом Президента Российской Федерации от 13.01.2023 № 10, Минюст России является федеральным органом исполнительной власти, осуществляющим функции по выработке государственной политики и нормативно-правовому регулированию в сфере юстиции, в том числе в сфере арбитража (третейского разбирательства).

Согласно положениям Федерального закона от 29.12.2015 № 382-ФЗ «Об арбитраже (третейском разбирательстве) в Российской Федерации» (далее – Федеральный закон № 382-ФЗ) рассмотрение споров в порядке арбитража может осуществляться при администрировании постоянно действующим арбитражным учреждением (далее – ПДАУ) или третейским судом, образованным сторонами для разрешения конкретного спора (арбитраж ad hoc).

Согласно пункту 17 статьи 2 Федерального закона № 382-ФЗ третейский суд ad hoc осуществляет арбитраж при отсутствии

2

администрирования со стороны ПДАУ (за исключением возможного выполнения ПДАУ отдельных функций по администрированию конкретного спора, если это предусмотрено соглашением сторон арбитража). Таким образом, третейский суд ad hoc образуется в силу соглашения сторон в целях разрешения конкретного спора и прекращает свое существование после его разрешения. В силу изложенной специфики института арбитража ad hoc получение права на осуществление его функций не требуется.

В соответствии с пунктом 1 статьи 2 Федерального закона № 382-ФЗ арбитром (третейским судьей) является физическое лицо, избранное сторонами или избранное (назначенное) в согласованном сторонами или установленном федеральным законом порядке для разрешения спора третейским судом.

Требования, которым должен соответствовать арбитр, установлены статьей 11 Федерального закона № 382-ФЗ. Лицо, соответствующее требованиям, установленным Федеральным законом № 382-ФЗ, выполняет функции арбитра (третейского судьи) по конкретному спору с момента его назначения либо избрания в рамках арбитражного разбирательства до прекращения соответствующего разбирательства или снятия с себя функций по иным основаниям (отвод, самоотвод и т.д.).

Обращаем внимание на то, что Федеральным законом № 382-ФЗ не предусмотрено ведение Минюстом России реестра или перечня лиц, которые могут выполнять, выполняют или выполняли функции арбитра (третейского судьи) ad hoc.

По вопросу печати, проставленной на предоставленной Вами копии решения, сообщаем следующее. Из приложенного к запросу оттиска печати единоличного арбитра Князева Дмитрия Валерьевича следует, что она воспроизводит Государственный герб Российской Федерации. Согласно статье 4 Федерального конституционного закона от 25.12.2000 № 2-ФКЗ «О Государственном гербе Российской Федерации» Государственный герб Российской Федерации помещается на печатях федеральных органов государственной власти, иных государственных органов, организаций и учреждений, на печатях органов, организаций и учреждений независимо от форм собственности, наделенных отдельными государственно-властными полномочиями, а также органов, осуществляющих государственную регистрацию актов гражданского состояния. Законодательством Российской Федерации полномочия

3

по выдаче Минюстом России гербовых печатей арбитрам, в том числе рассматривающих споры в порядке арбитража ad hoc, не предусмотрены.

Таким образом, действующее законодательство не предусматривает каких-либо процедур получения права на осуществление функций третейского суда ad hoc или предоставления печатей третейским судьям ad hoc.

В целях исключения противоправных или мошеннических действий Ваше обращение также направляется в Министерство внутренних дел Российской Федерации для возможных проверочных мероприятий и применения соответствующих мер реагирования.

Приложение: на 62 л. в 1 экз., только во второй адрес.


Заместитель директора
Департамента развития и регулирования
юридической помощи и правовых услуг                          А.Г. Бенов


Ракчеева Елизавета Дмитриевна
(800) 303-30-03 доб. 99-3233