MICHAEL ZORKIN (Bar No. CA 313308)
Email: mz@thezorkinfirm.com
THE ZORKIN FIRM
6320 Canoga Ave., 15th Floor
Woodland Hills, California 91367
Telephone:  323.493.8075

Attorneys for Putative Partner of Alleged
Debtor
Alexander Sabadash

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| In re: | No. 2:25-bk-11235-NB |
|---|---|
| Itkin & Sabadash, | Hon. Neil W. Bason |
| Debtor, | **DECLARATION OF DARYA TRUBINA IN SUPPORT OF MOTION FOR SANCTIONS UNDER FRBP 9011 AND THE COURT'S INHERENT POWER** |
| | Hearing Date: July 14, 2026 Hearing Time: 2:00 p.m. |

1

TRUBINA DECLARATION

## <u>DECLARATION OF DARYA TRUBINA</u>

I, Darya Trubina, declare and state as follows:

1.    My name is Darya Trubina.  I have personal knowledge of the facts stated herein, except those matters that are based upon my information and belief, and as to such matters, I believe such matters to be true.  If called upon as a witness to testify, I could and would testify competently to these facts.

2.    I am a practicing attorney in the Russian Federation specializing in bankruptcy and corporate law matters.  I am employed by the law firm "Kutuzovskaya" in St. Petersburg, Russian Federation.

3.    I emailed and mailed questions from AFB Trading One, Inc., provided by Michael Zorkin, to D.V. Knyazev at the email and address he provided in his decisions.  To date, I have not received a response.

4.    Upon my review, relying on my experience in Russian language, law, and legal standards, Judge D.V. Knyazev's decision of August 31, 2021, appears falsified.

5.    From all the circumstances presented below, the Decision of August 31, 2021, was prepared retroactively by individuals residing outside of Russia who are not fluent in Russian, Russian laws, or Russian legal terminology.

6.    The Decision of Judge D.V. Knyazev was issued on August 31, 2021 (hereinafter, the Decision of August 31, 2021).

7.    The Decision of August 31, 2021 states:

"According to the clarification provided by the Ministry of Justice of Russia dated **September 2, 2021**, No. 12-103924/2021, the provisions of Federal Law No. 382-FZ do not authorize an arbitral tribunal formed by the parties for

2

TRUBINA DECLARATION

the resolution of a specific dispute to perform the functions of a permanent arbitral institution or to engage in arbitration administration."

8.    That is, in the Decision of August 31, 2021, the court referred to the clarifications of the Russian Ministry of Justice dated September 2, 2021, i.e., clarifications dated two days after the decision was rendered.

9.    Moreover, the document "Clarifications of the Ministry of Justice of Russia dated September 2, 2021 No. 12-103924/2021" has never been issued by the Ministry of Justice of Russia and has not been officially published.

10.    I accessed the official government website "publication.pravo.gov.ru" and found no information about such clarification.

11.    Furthermore, Letter No. 17-106147/24 of the Ministry of Justice of the Russian Federation dated October 9, 2024, states that the Ministry of Justice of the Russian Federation does not provide clarifications of legislation:

"In accordance with the Regulation on the Ministry of Justice of the Russian Federation, approved by the Decree of the President of the Russian Federation dated January 13, 2023, No. 10, the Ministry of Justice of the Russian Federation is not vested with the authority to clarify Russian legislation and its application."

12.    In the Decision dated August 31, 2021, it is stated:

"The absence of a criminal record is confirmed by a Certificate issued by the Main Directorate of the Ministry of Internal Affairs of Russia for the city of Moscow dated July 11, 2021, No. 13/5-099/264646-E, also included in the arbitration case file."

13.    This refers to the absence of a criminal record for Judge D.V. Knyazev.

3

TRUBINA DECLARATION

14.    I searched the above quoted paragraph of the Decision of August 31, 2021 in the Yandex search engine:

15.    I found another decision of an arbitration court with a similar paragraph - Arbitration award dated February 18, 2022 in case No. AV-M-3005/2021, issued by sole Arbitrator Aleksey Vladimirovich Kravtsov. (URL https://ats.msk.ru/docs/paktika/Vzyskanie_po_dogovoru_kupli-prodazhi_mezhdu_yurlitcami_Tretejskoe_reshenie_AV-M-3005-2021_Opredelenie_ASGM_ot_13.05.22_.pdf?ysclid=mky6eitskj534353711.)

16.    On page 5 of the Arbitration Award dated February 18, 2022, in Case No. AV-M-3005/2021, found online, it is stated: "The absence of a criminal record is confirmed by Certificate No. 13/5-099/264646-E of the Main Directorate of the Ministry of Internal Affairs of Russia for the City of Moscow dated November 11, 2021, available in the arbitration case materials."

17.    This refers to the absence of a criminal record for Judge A.V. Kravtsov.

18.    Thus, the lack of criminal records of Judges A.V. Kravtsov and D.V. Knyazev is confirmed by a Certificate from the Main Directorate of the Ministry of Internal Affairs of Russia for the City of Moscow with the same number but different dates: for D.V. Knyazev – dated July 11, 2021, and for A.V. Kravtsov – dated November 11, 2021.

19.    Two certificates from two different rulings by two different judges have the same number and year of issue, which is impossible.

20.    The above quoted paragraph from the Decision of August 31, 2021, was obviously copied from the Arbitration Award of February 18, 2022, in Case No. AV-M-3005/2021, found online.

21.    The August 15, 2025 decision also refers to the certificate dated 2021, not an updated one for 2025.

22.    The Decision of August 31, 2021, stated that Judge D.V. Knyazev

4

held the court hearing at the following address: 109012, Russian Federation, Moscow, Ilyinka Street, Building 4, Office 102-103.

23.    In the Russian Federation, there is a publicly available mandatory register of corporations that can be accessed at https://egrul.nalog.ru/index.html.  The register includes information such as the legal name of the entity, registered address, and the names of the shareholders of the entity, among other things.

24.    The register was developed in accordance with paragraph 1 of Article 7 of the Federal Law of August 8, 2001 No. 129-FZ "On State Registration of Legal Entities and Individual Entrepreneurs," providing for the free provision of information about legal entities in electronic form.

25.    The register allows interested parties to obtain free information about a specific legal entity in the form of an electronic document signed with an electronic signature.  The register is monitored by the Federal Tax Service, which checks the records against its own database.  The Federal Tax Service has the power to administratively strike off a company that provides incomplete or inaccurate information.

26.    I accessed the register and searched for the address provided by the arbitrator: 109012, Russian Federation, Moscow, Ilyinka Street, Building 4, Office 102-103.

27.    According to the register, a company called Semantic HUB LLC (TIN 9710003595) has been registered at this address from November 2, 2015, to the present.  From August 3, 2017, to March 16, 2023, I.V. Efimenko served as the General Director.  There is no public information indicating that D.V. Knyazev has or had any connection with Semantic HUB LLC in 2021.

28.    In the Decision of August 31, 2021, Judge D.V. Knyazev states that he holds a Doctor of Law.  At the same time, he states that he holds a Master of Laws.

5

TRUBINA DECLARATION

29.  But the system of academic degrees and titles in Russia is different:

30.  The first and most common degree is Candidate of Sciences (PhD). It is equivalent to a PhD in the international system.  This is an academic degree that confirms the holder's deep knowledge in their field and the ability to conduct independent research.

31.  To become a Candidate of Sciences (PhD), one must complete postgraduate studies or independently prepare a research paper, defend a dissertation, and publish articles in scientific journals.  This degree opens the door to teaching students at universities.

32.  After the Candidate of Sciences (PhD), comes the Doctor of Sciences (DOC), the highest academic degree in Russia.  To obtain it, one must make a significant contribution to one's field of knowledge.  This requires defending a doctoral dissertation.  Multiple publications in scientific journals and many years of research experience are also required.

33.  In Europe, a different classification is used:

    a.  – Bachelor's,

    b.  – Master's,

    c.  – Doctor of Philosophy (referring to sciences in general, not just philosophy), law, medicine, theology, etc.

34.  Therefore, the designations "Doctor of Law" and "Master of Laws" are not typical in Russia; a Russian judge would not use these terms for themselves.

35.  The stamp impressions of Judge D.V. Knyazev on the Decision of August 31, 2021, and the determination of the court's jurisdiction of August 25, 2021, are clearly different from each other.

36.  For example, the letters in the stamp impression of Judge D.V. Knyazev are different from each other.  In the Decision of August 31, 2021,

6

TRUBINA DECLARATION

the letters vary in height, while the letters in Judge Knyazev's stamp in the ruling on the court's jurisdiction of August 25, 2021, are the same height.

37. The letters themselves also differ from each other in font and style in the stamps of different documents.

38. Furthermore, the stamp of Judge D.V. Knyazev on the Decision of August 31, 2021 contains the phrase "ARBITRATION PROCEDURE."

39. However, in Russian, the word "PROCEDURE" is misspelled.

40. That is, in the stamp of Judge D.V. Knyazev on the Decision of August 31, 2021, the letter "Ё" is indicated instead of the letter "Е."

41. In the stamp of Judge D.V. Knyazev the word "PROCEDURE" was correctly spelled on the court's jurisdiction ruling of August 25, 2021.

42. It is unlikely that Judge D.V. Knyazev changed his stamp between August 25, 2021 and August 31, 2021 and misspelled the word.

43. I note that a seal of the International Commercial Arbitration Court appears on the top of the Decision dated August 31, 2021.

44. The International Commercial Arbitration Court at the Chamber of Commerce and Industry of the Russian Federation is a private organization, not a governmental one.

45. I accessed this organization's website at mkas.tpprf.ru. Their website provides a search function for arbitrators affiliated the ICAC. I searched for Knyazev and he does not appear in the roster of arbitrators.

46. Neither the August 31, 2021 decision nor the August 15, 2025 decision mentioned that the arbitration was conducted under the auspices of ICAC. I have sent a written request to ICAC to explain whether the decision dated August 31, 2021 was issued within the parameters of their procedures and whether Mr. Kostin, Aleksey Alekseyevich in fact placed his signature on the seal.

47. On March 23, 2026, I received a response from ICAC. The

TRUBINA DECLARATION

response letter says that the ICAC has no knowledge of Knyazev and their seal is forged.  I forwarded the letter to Michael Zorkin.

48.    I note that at the bottom of the Decision dated August 31, 2021 appears a seal from the Ministry of Justice of the Russian Federation.  The words on the seal read: "Moscow, Ministry of Justice of the Russian Federation, Knyazev Dmitriy Valerievich, Sole Arbitrator, Arbitration Procedure, Judge."

49.    In my experience, the Ministry of Justice does not issue official seals to private arbitrators.  This seal is highly unusual, and I have sent a request to the Ministry of Justice to explain whether it has issued such a seal to Knyazev.

50.    On April 7, 2026, I received a response from the Ministry of Justice.  I forwarded the letter to Michael Zorkin.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: June 12, 2026

Darya Trubina

8

TRUBINA DECLARATION