MICHAEL ZORKIN (Bar No. CA 313308)
Email: mz@thezorkinfirm.com
THE ZORKIN FIRM
6320 Canoga Ave., 15th Floor
Woodland Hills, California 91367
Telephone:  323.493.8075

Attorneys for Putative Partner of Alleged
Debtor
Alexander Sabadash

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| In re: | No. 2:25-bk-11235-NB |
|---|---|
| Itkin & Sabadash, | Hon. Neil W. Bason |
| Debtor, | **DECLARATION OF NADEZHDA YURASOVA IN SUPPORT OF MOTION FOR SANCTIONS UNDER FRBP 9011 AND THE COURT'S INHERENT POWER** |
| | Hearing Date: July 14, 2026
Hearing Time: 2:00 p.m. |

1

YURASOVA DECLARATION

## **DECLARATION OF NADEZHDA YURASOVA**

I, Nadezhda Yurasova, declare and state as follows:

1.      My name is Nadezhda Yurasova.  I have personal knowledge of the facts stated herein, except those matters that are based upon my information and belief, and as to such matters, I believe such matters to be true.  If called upon as a witness to testify, I could and would testify competently to these facts.

2.      I am a practicing attorney in the Russian Federation.  I am employed by the Moscow branch "Pravo" of the law firm "Nizam."

3.      In conjunction with attorney Darya Trubina, I have assisted AFB Trading One, Inc. in obtaining documents from the International Commercial Arbitration Court at the Chamber of Commerce and Industry of the Russian Federation, commonly known as ICAC.

4.      In March 2026, I submitted a written request to ICAC regarding the alleged arbitration involving Davilla Investing Ltd., Golden Spirits Ltd., AFB Trading One, Inc., Golden Sphinx Ltd., and Agragorn Holdings Ltd., and the alleged arbitral award dated August 31, 2021.  The request asked ICAC to confirm whether ICAC had records concerning the alleged arbitration, the alleged ICAC case number, Dmitry Valeryevich Knyazev, and the alleged ICAC/Chamber of Commerce approval, seal, and signature appearing on the alleged award.

5.      On or about March 23, 2026, I received a written response from ICAC.  The response was signed by V.A. Frolochkin, Executive Secretary of ICAC, and bore an ICAC seal.  The ICAC response was addressed to me.

6.      After receiving the ICAC response, I caused the ICAC response to be prepared for use in the United States court proceeding.  To do so, I caused the ICAC response to be certified, notarized, apostilled, and translated into English.

2

7.      The apostilled packet attached as **Exhibit 1** contains the following materials:

a. the Russian-language ICAC response dated March 23, 2026;

b. ICAC's certification that the copy is a true copy;

c. a Russian notarial certification;

d. an apostille issued in the Russian Federation;

e. an English translation of the ICAC response; and

f. the translation/certification materials included with the packet.

8.      The notarial certification was performed by Russian notary N.V. Martynova.  The notarial certification certifies the copy in accordance with Russian notarial practice.

9.      The apostille was issued on June 8, 2026, under apostille No. 50/2996-26.  The apostille authenticates the notary's signature, capacity, and seal/stamp.

10.     After the ICAC response was notarized, apostilled, and translated, I transmitted the packet to counsel for AFB Trading One, Inc. for use in this proceeding.

11.     The document attached as **Exhibit 1** is a true and correct copy of the apostilled ICAC packet that I caused to be prepared and transmitted.

12.     I did not create the ICAC response.  I did not draft the ICAC response.  I did not tell ICAC what to say in its response.  The ICAC response was provided by ICAC in response to the request described above.

13.     I did not alter the ICAC response after receiving it. To my knowledge, the copy attached as **Exhibit 1** is the same ICAC response I received, together with the certification, notarial, apostille, and translation materials later added to prepare the document for use in this proceeding.

14.     I make this declaration to explain how the ICAC response was

YURASOVA DECLARATION

requested, received, certified, apostilled, translated, and transmitted to counsel.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: June 12, 2026 _____

Nadezhda Yurasova

YURASOVA DECLARATION

requested, received, certified, apostilled, translated, and transmitted to counsel.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: June 12, 2026

_____
Nadezhda Yurasova

4
YURASOVA DECLARATION

# Exhibit 1

**КОПИЯ**

# МЕЖДУНАРОДНЫЙ КОММЕРЧЕСКИЙ АРБИТРАЖНЫЙ СУД
## ПРИ ТОРГОВО-ПРОМЫШЛЕННОЙ ПАЛАТЕ РОССИЙСКОЙ ФЕДЕРАЦИИ

## THE INTERNATIONAL COMMERCIAL ARBITRATION COURT AT THE CHAMBER
## OF COMMERCE AND INDUSTRY OF THE RUSSIAN FEDERATION

| | | |
|---|---|---|
| Основан в 1932 году<br>Член Международной федерации<br>коммерческих арбитражных институтов<br>(МФКАИ) |  | Founded in 1932<br>Member of the International Federation<br>of Commercial Arbitration Institutions<br>(IFCAI) |

№ ___1800-М-__ / 513                                    «23» ___03___ 2026 г.

*С уведомлением о вручении*

**Адвокату Юрасовой Н.К.**
Московский филиал «Право» Коллегии адвокатов
Чеченской Республики «Низам»,
121357, г. Москва, ул. Верейская, д. 17
тел. 8-929-613-48-84
nadezhda.yurasov@yandex.ru

Ответ на адвокатский запрос № 31 от 17.03.2026

В связи с Вашим запросом относительно арбитражных разбирательств AD HOC с участием компаний ЭйЭфБи Трейдинг Уан, Инк. (AFB Trading One, Inc.), Голден Спиритс Лимитед (Golden Spirits Limited), Голден Сфинкс Лимитед (Golden Sphinx Limited), Давилла Инвестинг Лимитед (Davilla Investing Limited), а также судебных актов, вынесенных арбитром Князевым Дмитрием Валерьевичем в 2021 и в 2025 годах, сообщаем следующее.

Международный коммерческий арбитражный суд (МКАС) при Торгово-промышленной палате Российской Федерации (ТПП РФ) является постоянно действующим арбитражным учреждением.

В соответствии с Законом Российской Федерации от 7 июля 1993 года № 5338-1 «О международном коммерческом арбитраже» и Федеральным законом от 29 декабря 2015 года № 382-ФЗ «Об арбитраже (третейском разбирательстве) в Российской Федерации» МКАС вправе действовать в качестве компетентного (назначающего органа) и оказывать организационное и материально-техническое содействие арбитражным разбирательствам на основании Правил по оказанию МКАС отдельных функций по администрированию арбитража, осуществляемого третейским судом, образуемым сторонами для разрешения конкретного спора (Арбитраж AD HOC) (Приложение 8 к Приказу ТПП РФ № 6 от 10.01.2017 г.).

При этом МКАС никогда (в том числе ни в 2021 году, ни в 2025 году) не оказывал организационного и материально-технического содействия арбитражу AD HOC с участием названных в Вашем запросе сторон и арбитра Д.В. Князева.

Также сообщаем, что указанный в Вашем запросе номер дела 1800-4/1301 не соответствует нумерации и аббревиатуре, присваиваемым делам МКАС, в том числе при арбитраже AD HOC, и отсутствует в картотеке дел МКАС.

Гражданин Князев Д.В. никогда не включался в утверждаемые ТПП РФ списки арбитров МКАС, а также не участвовал в арбитражных разбирательствах МКАС в

Почтовый адрес: 109012, г. Москва, ул. Ильинка, д. 6/1, стр. 1     Post address: bld. 1, 6/1, Ilyinka street, Moscow, 109012, Russia
**Международные, корпоративные споры:**                                **International, corporate disputes:**
Телефоны: +7 (495) 620-00-07, 620-01-71, 620-04-60                  Telephones: +7 (495) 620-00-07, 620-01-71, 620-04-60
Эл. почта mkac_arbitration@tpprf.ru                                  E-mail: mkac_arbitration@tpprf.ru
**Внутренние, спортивные споры:**                                      **Internal, sports disputes:**
Телефоны: +7 (495) 620-01-49, 620-00-89                             Telephones: +7 (495) 620-01-49, 620-00-89
Эл. почта: sts@tpprf.ru                                              E-mail: sts@tpprf.ru
Интернет-сайт: mkas.tpprf.ru                                         Web-site: mkas.tpprf.ru

качестве назначенного стороннего (несписочного) арбитра, в том числе при выступлении МКАС в качестве компетентного органа и оказании содействия арбитражу AD HOC.

Одновременно сообщаем, что Председатель МКАС А.А. Костин никогда не согласовывал и не мог согласовать представленное Вами Решение от 31.08.2021 г., так как согласно Правилам по оказанию МКАС отдельных функций по администрированию арбитража AD HOC Председатель МКАС не наделен полномочием по согласованию выносимых третейским судом решений.

В соответствии с данными Правилами возможно лишь удостоверение подписей арбитров на арбитражном решении, которое производится печатью МКАС и подписью его Ответственного секретаря.

Учитывая вышеизложенное, информируем, что на представленной Вами копии Решения от 31.08.2021 содержится подложная печать Торгово-промышленной палаты Российской Федерации, поддельная подпись Председателя МКАС А.А. Костина, с несуществующей нумерацией дел МКАС при ТПП РФ.

С уважением,
Ответственный секретарь МКАС
*Исп. О.В. Головина, тел. 7(495)620-01-91, golovina.ov@tpprf.ru*

В.А. Фролочкин

Верно.

Всего в настоящем документе
прошито, пронумеровано и скреплено
печатью 2 (два) листа
Ответственный секретарь МКАС
В.А. Фролочкин _____

23 марта 2026 г.

**Российская Федерация**

**Город Химки Московской области**

**Восьмого июня две тысячи двадцать шестого года**

Я, Мартынова Наталья Викторовна, нотариус Химкинского нотариального округа Московской области, свидетельствую верность копии с представленного мне документа. Зарегистрировано в реестре: № 50/433-н/50-2026- *3 -876*

Уплачено за совершение нотариального действия: **750** руб. **00** коп.

Н.В. Мартынова

Итого прошито, пронумеровано и скреплено печатью_____*3*_____лист/а/ов

# APOSTILLE
### (Convention de La Haye du 5 octobre 1961)

| | | |
|---|---|---|
| 1. **Страна:**<br>Country / Pays: | | Российская Федерация |

**Настоящий официальный документ**
This public document / Le présent acte public

| | | |
|---|---|---|
| 2. **был подписан**<br>has been signed by<br>a été signé par | | Мартынова Н.В. |
| 3. **выступающим в качестве**<br>acting in the capacity of<br>agissant en qualité de | | нотариус |
| 4. **скреплен печатью / штампом**<br>bears the seal / stamp of<br>est revêtu du sceau / timbre de | | нотариус Химкинского нотариального округа Московской области |

**Удостоверено**
Certified / Attesté

| | | | |
|---|---|---|---|
| 5. **В**<br>at / à | Москва | 6. **Дата**<br>the / le | 08.06.2026 |
| 7. **учреждение**<br>by / par | Козлова Н.В.<br>Заместитель начальника отдела по вопросам адвокатуры, нотариата, государственной регистрации актов гражданского состояния Управления Минюста России по Московской области | | |
| 8. **№**<br>N° / sous n° | 50/2996-26 | | |
| 9. **Печать /**<br>**штамп:**<br>Seal / stamp:<br>Sceau / timbre: |  | 10. **Подпись**<br>Signature:<br>Signature: | |

Данный апостиль удостоверяет лишь подлинность подписи и должность лица, подписавшего официальный документ, и при необходимости подлинность печати или штампа, которым скреплен этот документ.
Апостиль не заверяет достоверность самого документа, для которого он был оформлен.
Информацию по проверке апостиля можно найти, отсканировав QR-код, либо перейдя по ссылке: https://minjust.gov.ru/ru/pages/apostil-ispf/?aposId=2f901b8b-8480-4183-a913-fc3789b5a72e

This apostille certifies only the authenticity of the signature and the position of the official who signed the official document, and, if necessary, the authenticity of the seal or stamp affixed to the said document.
The apostille does not certify the authenticity of the document for which it was issued.
Information on apostille verification can be found by scanning a QR code or by referring to the following link:
https://minjust.gov.ru/ru/pages/apostil-ispf/?aposId=2f901b8b-8480-4183-a913-fc3789b5a72e

Cette apostille ne certifie que l'authenticité de la signature et le poste du fonctionnaire qui a signé le document officiel et, le cas échéant, l'authenticité du sceau ou du cachet apposé sur ledit document.
L'apostille n'assure pas la véracité du document lui-même pour lequel il a été délivré.
Les informations de vérification de l'apostille peuvent être trouvées en scannant le code QR ou en consultant le lien suivant: https://minjust.gov.ru/ru/pages/apostil-ispf/?aposId=2f901b8b-8480-4183-a913-fc3789b5a72e

Прошито и скреплено гербовой печатью

_____лист (а)

Заместитель начальника отдела
Управления Министерства юстиции
Российской Федерации по Московской области

_____Н.В. Козлова

*Перевод с русского языка на английский язык*
*Translation from Russian into English*

*/copy/*

# THE INTERNATIONAL COMMERCIAL ARBITRATION COURT AT THE CHAMBER OF COMMERCE AND INDUSTRY OF THE RUSSIAN FEDERATION

Founded in 1932
Member of the International Federation
of Commercial Arbitration Institutions
(IFCAI)

No. 1800-M- /913                                                                        March 23, 2026

*By registered mail with acknowledgment of receipt*

> **To Attorney N.K. Iurasova**
> Moscow Branch "Pravo" of the Chechen Republic Bar
> Association "Nizam"
> 17 Vereyskaya Street
> Moscow, 121357
> Telephone: 8-929-613-48-84
> E-mail: nadezhda.yurasov@yandex.ru

Response to Attorney Inquiry No. 31 dated March 17, 2026

In connection with your inquiry regarding AD HOC arbitration proceedings involving the companies AFB Trading One, Inc., Golden Spirits Limited, Golden Sphinx Limited, Davilla Investing Limited, as well as arbitral awards rendered by arbitrator Dmitry Valeryevich Knyazev in 2021 and 2025, we hereby inform you of the following.

The International Commercial Arbitration Court (ICAC) at the Chamber of Commerce and Industry of the Russian Federation (CCI RF) is a permanent arbitration institution.

Pursuant to the Law of the Russian Federation No. 5338-1 of July 7, 1993 "On International Commercial Arbitration" and Federal Law No. 382-FZ of December 29, 2015 "On Arbitration (Arbitral Proceedings) in the Russian Federation," the ICAC may act as a competent (appointing) authority and provide organizational, administrative, and logistical support to arbitration proceedings under the Rules on the Performance by the ICAC of Certain Functions Related to the Administration of Arbitration Conducted by an Arbitral Tribunal Formed by the Parties to Resolve a Particular Dispute (AD HOC Arbitration) (Appendix No. 8 to CCI RF Order No. 6 dated January 10, 2017).

However, the ICAC has never (including neither in 2021 nor in 2025) provided organizational, administrative, or logistical support to any AD HOC arbitration involving the parties named in your inquiry and arbitrator D.V. Knyazev.

We further inform you that the case number specified in your inquiry, 1800-4/1301, does not correspond to the numbering system or abbreviations assigned to ICAC cases, including AD HOC arbitration matters, and is absent from the ICAC case registry.

Postal Address: bldg. 1, 6/1 Ilyinka Street, Moscow 109012, Russia
**International, corporate disputes:**
Telephones: +7 (495) 620-00-07, 620-01-71, 620-04-60
E-mail: mkac_arbitration@tpprf.ru
**Domestic, sports disputes:**
Telephones: +7 (495) 620-01-49, 620-00-89
E-mail: sts@tpprf.ru
Website: mkas.tpprf.ru

Mr. D.V. Knyazev has never been included in the lists of arbitrators approved by the CCI RF for the ICAC, nor has he participated in ICAC arbitration proceedings as an appointed external (non-listed) arbitrator, including in cases where the ICAC acted as a competent authority and provided assistance to AD HOC arbitration.

We also inform you that ICAC Chairman A.A. Kostin has never approved and could not have approved the Award dated August 31, 2021 submitted by you, since under the Rules governing the ICAC's performance of certain functions relating to the administration of AD HOC arbitration, the Chairman of the ICAC is not vested with authority to approve arbitral awards rendered by arbitral tribunals.

Under these Rules, only the authentication of arbitrators' signatures on an arbitral award is possible, which is carried out by means of the ICAC seal and the signature of its Executive Secretary.

In view of the foregoing, we inform you that the copy of the Award dated August 31, 2021 submitted by you contains a counterfeit seal of the Chamber of Commerce and Industry of the Russian Federation; a forged signature of ICAC Chairman A.A. Kostin; a non-existent ICAC case numbering designation.

Respectfully,

Executive Secretary of the International Commercial Arbitration Court        /signature/ V.A. Frolochkin

Prepared by: O.V. Golovina, telephone: 7 (495) 620-01-91, golovina.ov@tpprf.ru

/Seal: INTERNATIONAL COMMERCIAL ARBITRATION COURT AT THE CHAMBER OF COMMERCE AND INDUSTRY OF THE RUSSIAN FEDERATION/

True copy.

Total bound, numbered, and sealed 2 (two) sheets

Executive Secretary of the International Commercial Arbitration Court        V.A. Frolochkin /signature/

March 23, 2026

/Seal: INTERNATIONAL COMMERCIAL ARBITRATION COURT AT THE CHAMBER OF COMMERCE AND INDUSTRY OF THE RUSSIAN FEDERATION/

**The Russian Federation**
**The city of Khimki of the Moscow region**
**The eighth of June of the year two thousand and twenty-six**

I, Martynova Natalia Viktorovna, notary of the Khimki notarial district of the Moscow region, certify that this is a true copy of the original document submitted to me.

Registered in the Register: **No. 50/433-н/50-2026-3-876**
Paid for the notarial action: 750 rub. 00 kop.

*/Official Seal/:* Notary Martynova    */signature/*    N.V. Martynova
Natalia Viktorovna * city of Khimki *
Khimki notarial district * Moscow
region

*/Official Seal/:* Notary Martynova
Natalia Viktorovna * city of Khimki *
Khimki notarial district * Moscow
region

/Stamp: Bound, numbered and sealed
*3* sheets/

**APOSTILLE**
**(CONVENTION DE LA HAYE DU 5 OCTOBRE 1961)**

1. Country: Russian Federation

   This public document

2. has been signed by _____ **Martynova N.V.** _____

3. acting in the capacity of __**Notary**_____

4. bears the seal/stamp of **notary of the Khimki notarial district of the Moscow region**

Certified

5. at **Moscow**                      6. the **08.06.2026**

7. by **Kozlova N. V., Deputy Head of the Department for Advocacy, Notaries, State Registration of Civil Status Acts of the Directorate of the Ministry of Justice of Russia for the Moscow region**

8. № **50/2996-26**

9. Seal/stamp:                      10. Signature_____ */Signature/*

*/Official seal:/ Directorate of the Ministry of Justice of the Russian Federation for the Moscow region (Directorate of the Ministry of Justice of Russia for the Moscow region) \* PSRN 1087746892496 \**

**/QR-code/**   This apostille certifies only the authenticity of the signature and the position of the official who signed the official document, and, if necessary, the authenticity of the seal or stamp affixed to the said document.
The apostille does not certify the authenticity of the document for which it was issued.

Information on apostille verification can be found by scanning a QR code or by referring to the following link:
**https://minjust.gov.ru/ru/pages/apostil-ispf/?aposId=2f901b8b-8480-4183-a913-fc3789b5a72e**

*/Official seal:/* *Directorate of the Ministry of Justice of the Russian Federation for the Moscow region (Directorate of the Ministry of Justice of Russia for the Moscow region) ** *PSRN 1087746892496 **

Bound and sealed
__*4 (four)*__ sheets.

Deputy Head of the Department of the Directorate of the Ministry of Justice
of the Russian Federation for the Moscow region
*/Signature/*    N. V. Kozlova

*Перевод данного текста с русского языка на английский язык выполнен мной, переводчиком Ромашкиной Натальей Викторовной.*

_____

*The translation of this text performed by me, the translator Romashkina Natalia Viktorovna.*

_____ /signature/_____

*Российская Федерация*

**Город Москва**
**Девятого июня две тысячи двадцать шестого года**
Я, Квитко Федор Александрович, нотариус города Москвы,
свидетельствую подлинность подписи переводчика
Ромашкиной Натальи Викторовны.
Подпись сделана в моем присутствии.
Личность подписавшего документ установлена.

Зарегистрировано в реестре: № 62/137-н/77-2026-
Уплачено за совершение нотариального действия: 400 руб.
00 коп.

_____ Ф.А. Квитко

Всего прошнуровано, пронумеровано и скреплено
печатью ( ) лист(ов)

Нотариус

---

*The Russian Federation*

**The city of Moscow**
**09.06.2026**
I, Kvitko Fedor Aleksandrovich, Notary of the city of
Moscow, certify the authenticity of signature, made by
translator Romashkina Natalia Viktorovna.
The signature was made in my presence.
The identity is established.

It is registered in the register under № 62/137-     2026-
Paid for notarial act: 400 RUB and 00 kop.

_____ /signature/_____     F.A. Kvitko

**Seal: Notary Kvitko F.A.**
**Notarial district of Moscow**
**ITN 770401254905***

Stitched up, numbered and sealed       pages

Notary:  /signature/

**Seal: Notary Kvitko F.A.**
**Notarial district of Moscow**
**ITN 770401254905***