MICHAEL ZORKIN (Bar No. CA 313308)
Email: mz@thezorkinfirm.com
THE ZORKIN FIRM
6320 Canoga Ave., 15th Floor
Woodland Hills, California 91367
Telephone:   323.493.8075

Attorneys for Putative Partner of Alleged Debtor
Alexander Sabadash

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | No. 2:25-bk-11235-NB |
| Itkin & Sabadash, | Hon. Neil W. Bason |
| Debtor, | **PUTATIVE PARTNER ALEXANDER SABADASH'S OPPOSITION TO MOTION FOR RECONSIDERATION** |
| | Hearing Date: July 14, 2026 |
| | Hearing Time: 2:00 p.m. |

1

THE ZORKIN FIRM

## TABLE OF CONTENTS

INTRODUCTION..................................................................................................1

ARGUMENT ......................................................................................................2

I.       RECONSIDERATION IS NOT A SECOND CHANCE TO REARGUE THE CASE.   2

II.      THE COURT HAD DISCRETION TO TREAT THE MOTION UNDER RULE 56. ...................................................................................................4

III.     THE COURT DID NOT IMPROPERLY WEIGH EVIDENCE; IT RECOGNIZED AN OBJECTIVE DISPUTE.................................................5

IV.      ITKIN HAS NOT SHOWN THAT SABADASH'S EVIDENCE WAS INADMISSIBLE. ...................................................................................7

V.       THE RUSSIAN AND CALIFORNIA JUDGMENTS DO NOT ESTABLISH CLEAR ERROR...................................................................................10

VI.      THE ALTERNATIVE RULE 12(B)(1) AND § 305 RULINGS ALSO DEFEAT RECONSIDERATION. ..............................................................12

VII.     CONCLUSION.............................................................................12

THE ZORKIN FIRM

OPPOSITION TO MOTION FOR RECONSIDERATION

## INTRODUCTION

The Court dismissed this involuntary petition for a narrow and correct reason: the petition depends on an alleged partnership whose existence, assets, liabilities, and creditors are all disputed.

The motion is doomed from the start because it repeats arguments already raised and rejected by the Court, identifies no newly discovered evidence, clear error, manifest injustice, or an intervening change in controlling law. The motion can and should be denied for this reason alone.

The motion is wrong on the merits as well. Aside from rearguing issues already rejected, the motion mainly argues that the Court considered inadmissible evidence and improperly converted the motion to one for summary judgment. Both arguments are wrong.

On the first argument, Itkin creates a strawman: he wrongly assumes that no evidence against him is admissible and proceeds to painstakingly explain how his declaration could be read to support a partnership theory—if the Court ignores all evidence to the contrary. The motion spends pages trying to "reconcile" the contradictions in Itkin's sworn testimony made at various times and explain away his deposition statements.

But Itkin does not show that evidence submitted by Sabadash was inadmissible. The prior Sabadash declarations were sworn declarations by the witness with personal knowledge. No rule of evidence makes a sworn declaration made on personal knowledge inadmissible merely because they were attached to counsel's declaration. In any event, the Court used the declarations principally for a non-hearsay purpose: to show that Sabadash objectively disputes the alleged partnership. And the motion ignores that Itkin's own words and writings defeat his partnership claim and, at the very least, establish a bona fide dispute.

The motion refuses to acknowledge the governing legal standard. An involuntary petition cannot proceed when the petitioning creditor's claim is subject

1

OPPOSITION TO MOTION FOR RECONSIDERATION

THE ZORKIN FIRM

to a bona fide dispute.  And where the involuntary debtor is an alleged partnership, disputed evidence about the partnership's existence creates a bona fide dispute about both the alleged debtor and the alleged claims against it.

Under this standard, Itkin's attempts to "dispute" Sabadash's evidence give the Court nothing to reconsider.

The second argument ignores established law.  The Court did not "allow" Mr. Sabadash to violate Rule 56, as the motion argues.  It exercised settled discretion under Rule 12(d) to convert a motion to dismiss into a motion for summary judgment after Itkin filed extensive evidence in opposition and asked the Court to consider it.  He cannot now insist that the Court should have applied a pleading-only standard.

The motion misreads the Court's order in its argument that the Court improperly made inferences in the moving party's favor.  The Court used several examples from the record to explain why a dispute exists.  That is what the legal standard requires.

In sum, Itkin had notice, filed opposition evidence, filed supplemental evidence, and argued at two hearings.  He now wants a second bite at the apple.  Rule 59(e) and Rule 60(b) do not permit that.  The motion should be denied.

## ARGUMENT

### I.   RECONSIDERATION IS NOT A SECOND CHANCE TO REARGUE THE CASE.

Reconsideration is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources" and "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in controlling law."  *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).  Rule 59(e) allows a court to alter or amend a judgment only in narrow circumstances: newly discovered evidence, clear error, manifest injustice, or an intervening change in controlling law.  *389 Orange St. Partners v. Arnold*, 179 F.3d

OPPOSITION TO MOTION FOR RECONSIDERATION

THE ZORKIN FIRM

656, 665 (9th Cir. 1999); *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Rule 60(b) is no broader. It requires extraordinary circumstances and is not a substitute for appeal. *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103–04 (9th Cir. 2006).

A motion for reconsideration may not be used to raise arguments or present evidence that was or could have been raised earlier. *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *Carroll*, 342 F.3d at 945. Nor may it be used "to ask the court to rethink what the court has already thought through – rightly or wrongly – or to reiterate arguments previously raised." *In re Manni*, 299 B.R. 603, 608 (Bankr. N.D. Cal. 2003). And a "party's disagreement with a court's legal analysis is not a basis for reconsideration." *In re Delta Air Lines, Inc.*, No. LA CV20-00786 JAK (SKX), 2024 WL 3850486, at *7–8 (C.D. Cal. 2024).

Itkin asks the Court to re-do the work it has already done. His motion repackages arguments already made and rejected: that the alleged partnership existed; that Russian and California proceedings preclude Sabadash from disputing it; that creditor claims were valid; that moving evidence was inadmissible; that the Court should not have treated the motion under Rule 56; and that abstention was improper. Those are not valid reconsideration grounds. "A court should not experience déjà vu when reviewing a motion for reconsideration." *Woulfe v. Universal City Studios LLC*, No. 22-CV-459-SVW, 2023 WL 3321752, at *1 (C.D. Cal. 2023).

Even if Itkin could identify a debatable point, he has not shown clear error. Clear error is not disagreement. It is not a close call. It exists only when the prior ruling leaves the Court with a definite and firm conviction that a mistake was made. *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999).

This means Itkin must show much more than he disagrees with the Court's analysis. He must show that the dismissal was plainly mistaken. Because the

THE ZORKIN FIRM

3

OPPOSITION TO MOTION FOR RECONSIDERATION

Court's ruling was reasonable under *Vortex*, *Leong*, Rule 12(d), Rule 56, and § 305, there is no clear error.  The Court need not go further.

## II.      THE COURT HAD DISCRETION TO TREAT THE MOTION UNDER RULE 56.

Itkin's main argument is that Sabadash did not file a formal summary judgment motion with every local rule item that typically accompanies such a motion.  That argument ignores that courts have a well-established discretion to treat motions to dismiss as motions for summary judgment.  The Court cannot commit clear error by exercising discretion vested by statute.

Rule 12(d) states that if parties present matters outside the pleadings, a motion under Rule 12(b)(6) "must be treated as one for summary judgment under Rule 56," and the parties must be given a reasonable opportunity to present pertinent material.  Fed. R. Civ. P. 12(d).  The same principle applies when jurisdictional issues and merits issues are intertwined under Rule 12(b)(1).  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039–40 (9th Cir. 2004).

The Ninth Circuit has approved this procedure for motions to dismiss an involuntary bankruptcy.  *In re Rothery*, 143 F.3d 546, 548–49 (9th Cir. 1998); *Dep't of Revenue v. Blixseth*, 942 F.3d 1179, 1182 (9th Cir. 2019).  In *Rothery*, the court held that the Bankruptcy Judge properly converted a motion to dismiss an involuntary petition into a motion for summary judgment where both parties attached declarations and evidence to their respective submissions.  *Id.*  The court held that the only test is whether the parties had a reasonable opportunity to present evidence that would have been pertinent on summary judgment.  *Id.*  Indeed, "a court may grant summary judgment without notice if the losing party has had a full and fair opportunity to ventilate the issues involved in the motion."  *Id.* at 549.

That standard was satisfied many times over.  Itkin did not defend the petition as a pleading-only matter.  He filed a mountain of evidence: declarations,

4

THE ZORKIN FIRM

foreign judgments, translations, exhibits, and requests for judicial notice.  Itkin cannot submit evidence and then complain that the Court considered the evidence. *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004) ("[A] represented party who submits matters outside the pleadings to the judge and invites consideration of them has notice that the judge may use them to decide a motion originally noted as a motion to dismiss, requiring its transformation to a motion for summary judgment.")

The Court considered Itkin's evidence.  It granted his request to file supplemental papers responding to evidence submitted with Sabadash's reply.  It considered those supplemental papers.  It held two hearings.  And the supplemental brief was filed 42 days after the motion to dismiss - twice the 21-day response period provided by LBR 7056-1(c)(1).

Nor was the Court required to make Sabadash start over by filing a new formal summary judgment motion.  What would be the point?  Both parties submitted their evidence, fully briefed all issues, and appeared for two hearings. Itkin does not identify any evidence he lacked, any argument he was prevented from making, or any material fact that would defeat the Court's ruling.  *United States v. 14.02 Acres of Land More or Less in Fresno Cnty.*, 547 F.3d 943, 955 (9th Cir. 2008) (sua sponte grant of summary judgment proper where party submitted "two declarations outside the pleadings in support of his opposition . . ., and he had a fair opportunity to contest the issues decided in the motion.")

In short, exercising established discretion to convert a motion to dismiss into one for summary judgment without requiring a duplicative motion was not clear error.

### III.   THE COURT DID NOT IMPROPERLY WEIGH EVIDENCE; IT RECOGNIZED AN OBJECTIVE DISPUTE.

Itkin argues that the Court weighed evidence against him.  That is not what the Court did—it considered whether all evidence showed a bona fide dispute.

THE ZORKIN FIRM

5

The motion never grapples with the governing standard.  This case could survive only if there was no bona fide dispute as to liability or amount.  *Blixseth*, 942 F.3d at 1186.  And the burden was on Itkin "to show that no bona fide dispute exists."  *In re Vortex Fishing Sys., Inc.*, 277 F.3d 1057, 1064 (9th Cir. 2002).

Sabadash's evidence was more than enough to meet his burden to show there was no genuine dispute that the claims and existence of the partnership were disputed.  *In re Leong P'ship*, No. 4:16-BK-42363, 2018 WL 1463852, at *6–7 (B.A.P. 9th Cir. 2018), *aff'd,* 788 F. App'x 539 (9th Cir. 2019).

The burden then shifted to Itkin to prove that no bona fide dispute exists.  *Id.* He failed this burden.  Itkin's evidence, including the new declarations filed with this motion, highlights the dispute rather than prove no dispute exists.

Because of this, the Court did not need to decide credibility or make inferences.  It needed only to decide whether the alleged debtor and its alleged liabilities were objectively disputed.  The record made that answer obvious. Sabadash denied any partnership (his answer filed in state court was sufficient to establish this fact).  He denied signing the alleged Partnership Minutes.  He denied authorizing Itkin to treat him as a partner.  Itkin's own testimony showed no partnership tax returns, no partnership bank account, no partnership balance sheet, no capital account, no disclosure to banks or the IRS, and no corporate documents identifying Itkin as an owner.  Itkin drafted documents calling himself an employee and identifying Sabadash as 100% owner of all assets.

The Court's examples were not merits findings.  They were illustrations of objective dispute: no contemporaneous written agreement for a claimed $4 million annual guarantee and a one-third interest in assets worth hundreds of millions; no showing that Itkin's "academic background" and "connections" justified such a transfer; tension between claimed squalid living conditions and claimed immediate $50,000 monthly draws; and questions surrounding the Gofman judgment.  The

THE ZORKIN FIRM

6

Court did not have to resolve those points.  Their existence showed the dispute was bona fide.

That is why Itkin's reconsideration evidence misses the mark.  More evidence that Itkin has a partnership theory does not show that the Court erred.  It shows that the partnership issue remains contested.  Under § 303, that is fatal.

## IV.   ITKIN HAS NOT SHOWN THAT SABADASH'S EVIDENCE WAS INADMISSIBLE.

Itkin attacks the admissibility of Sabadash's evidence, which is plainly not grounds for reconsideration.  That attack, which never cites the evidence code, fails.

Rule 56 does not require evidence to be in trial admissible form at the summary judgment stage.  The question is whether the substance could be presented in admissible form at trial.  *JL Beverage Co., LLC v. Jim Beam Brands Co.*, 828 F.3d 1098, 1110 (9th Cir. 2016) ("[A]t summary judgment a district court may consider hearsay evidence submitted in an inadmissible form, so long as the underlying evidence could be provided in an admissible form at trial, such as by live testimony.")  Rule 56(c)(2) likewise permits objection only when the material "cannot be presented in a form that would be admissible in evidence."

Itkin first attacks Sabadash declarations.  The Sabadash declarations were sworn declarations by the person with personal knowledge.  Sworn declarations are not made inadmissible merely because counsel attached them as exhibits to his declaration.  This docketing choice does not transform sworn testimony into hearsay.  At most, it could raise a technical authentication question.  But counsel authenticated the documents as true copies.  (Dkt. 8-1, Zorkin Decl. ¶ 2-4.)

Nor is there any rule that a sworn declaration becomes inadmissible unless filed as a separate docket entry.  Rule 56(c)(4) asks whether an affidavit or declaration is made on personal knowledge, sets out facts that would be admissible, and shows the declarant is competent to testify.  The Sabadash declarations satisfy that standard.  The fact that counsel filed them as exhibits does not change who

7

made the statements or whether the witness could give the same testimony at trial. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) ("At the summary judgment stage, we do not focus on the admissibility of the evidence's form. We instead focus on the admissibility of its contents.")

There is a second, independent reason the objection to Sabadash declarations fails. The Court did not rely on Sabadash's declarations to prove the ultimate truth that no partnership existed. It relied on them to show that Sabadash genuinely and objectively disputes the alleged partnership. Offered for that purpose, the statements are not hearsay because they are not offered for the truth of the matter asserted. Fed. R. Evid. 801(c).

In other words, the Court did not accept as true Sabadash's statement that no partnership exists. If it had, the Court's decision would not have been based on the bona fide dispute doctrine, but on lack of standing and subject matter jurisdiction. But the mere existence of those statements show that the partnership is in bona fide dispute. That is enough to dismiss under *Vortex* and *Leong*.

Itkin then tries to escape his own deposition transcript. Under Rule 32(a)(2) a deposition may be used for any purpose allowed by the Rules of Evidence, and Rule 32(a)(8) provides that a deposition taken in "any federal- or state-court action may be used in a later action involving the same subject matter between the same parties, or their representatives or successors in interest, to the same extent as if taken in the later action." Fed. R. Civ. P. 32(a)(2), (8).

Deposition testimony is an opposing party statement under Rule 801(d)(2). *United States v. $148,145.00 in U.S. Currency*, No. CV 18-0670 PVC, 2023 WL 9002754, at *5 (C.D. Cal. Nov. 30, 2023) ("[P]rior deposition testimony, when used against him, is admissible under Rule 801(d)(2) as an opposing party's statement.")

And deposition transcripts are properly – and routinely – authenticated by an attorney's declaration "attaching the cover page of the deposition and the reporter's

8

OPPOSITION TO MOTION FOR RECONSIDERATION

THE ZORKIN FIRM

certification to every deposition extract submitted." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 774 (9th Cir. 2002).  Any argument against admission of Itkin's own deposition testimony is frivolous.[1]

Other documents used against Itkin are also admissible.  Itkin personally drafted and delivered to Mrs. Sabadash a chart of the Sabadash companies he called AS Structure.  (Dkt. 8-1, Zorkin Decl., Ex. 7).  In this chart, Itkin wrote that Alexander Sabadash was the 100% owner of all assets—including Golden Sphinx and the Beverly Hills residence.  Itkin also emailed this chart to Mrs. Sabadash's lawyer unambiguously confirming that the chart "clearly establish ownership of the Beverly Park property beneficially belonging to Alexander Sabadash." (*Id.*)  Both the email, sent by Itkin from his email address, and the chart, attached to the email, are opposing party statement under Rule 801(d)(2) and are admissible.  They are authenticated by Itkin's email and by Mrs. Sabadash's testimony.  (Dkt. 8-1, Ex. 4.)

Itkin signed a power of attorney to "carry out" the interests of Mr. and Mrs. Sabadash and to "manage [the Sabadash's] property arising out of [the Sabadash's] interests in said companies" in exchange for "fees to [Mr. Itkin]."  (Dkt. 8-1, Ex. 6.)  Itkin authenticated it in his own declaration.  ((Dkt. 16, Itkin Decl. ¶ 128.)  The power of attorney was signed by Itkin and is offered against him.  Its contents are therefore opposing-party statements under Rule 801(d)(2)(A), or at minimum adopted statements under Rule 801(d)(2)(B).  The document also has independent legal significance because it defines the authority Itkin received and the capacity in which he acted.  It is therefore admissible to show the existence and scope of the relationship between Itkin and Sabadash.

Mr. Itkin also drafted a document called "Demand and Order to Act" where he asked to be released from all liabilities "with respect to any of his acts, omissions, or

---

[1] *In re Aquaslide "N' Dive Corp.*, 85 B.R. 545, 548 (B.A.P. 9th Cir. 1987) is not on point.  There, the attorneys' affidavit referencing the deposition was not based on personal knowledge.  Here it is.  Zorkin was the attorney who took the deposition and could properly authenticate the transcript.  *Orr*, 285 F.3d at 774.

9

THE ZORKIN FIRM

responsibilities *with respect to his services* to [Mr. Sabadash.].  (Dkt. 8-1, Ex. 8.)

Itkin authenticated them and admitted he drafted them at his deposition.  (Dkt. 8-1, Ex. 1, Itkin Dep. Tr. 616:17-617:14.)

Finally, the contracts drafted and signed by Itkin are admissible to show that he considered himself an employee of Golden Sphinx and Sabadash the owner.  (Dkt. 8-1, Exs. 11, 12.)

The motion also ignores the rest of the evidence disproving the partnership:

- No agreement to share profits and losses;
- No bank accounts
- No financial statements;
- No tax returns;

In short, all of this evidence is admissible to prove that no partnership existed.  But on summary judgment, it is more than enough to meet the burden to show that a bona fide dispute exists.

In sum, any evidentiary dispute does not show clear error.

## V.     THE RUSSIAN AND CALIFORNIA JUDGMENTS DO NOT ESTABLISH CLEAR ERROR.

Itkin again argues that Russian and California proceedings preclude Sabadash from disputing the alleged partnership.  The Court already rejected that argument, and rightly so.  Itkin asks the Court to adopt an unreasonable reading that contradicts the plain language and ordinary meaning of court opinions.

Sabadash will not rehash his arguments against preclusion previously made.  It is enough to say that Itkin ignores the issue preclusion test,  including, that the identical issue was actually litigated and necessarily decided, that the decision was final and on the merits, and that the party to be estopped was a party or in privity with a party in the prior proceeding.  *Lucido v. Sup. Ct.*, 51 Cal. 3d 335, 341 (1990).  Even when those elements are met, courts do not apply preclusion when fairness

THE ZORKIN FIRM

OPPOSITION TO MOTION FOR RECONSIDERATION

and public policy weigh against it. *Id.* at 343; *Kerner v. Sup. Ct.*, 206 Cal. App. 4th 84, 125 (2012).

As before, Itkin addresses only privity.  But no issue related to the existence of a partnership was actually litigated in Russia on Gofman's action to collect a debt, and the court of appeal refused Mr. Sabadash's attempt to intervene.  Itkin provides no authority to allow the Court to ignore the other elements of issue preclusion.  And privity requires an identity of interests and adequate representation. *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1052–53 (9th Cir. 2005).  Sabadash is not in privity with parties who have conspired to defraud him resorting to bribes and misrepresentations to the court.

For example, as explained in the motion for sanctions (Dkt. 90), both Mr. Itkin and Mr. Gofman told the Russian Cassation Court that the judgment had been satisfied.  (Dkt. 90-1, Zorkin Decl., Ex. 19.)  Itkin concealed this damning fact from this Court.  The Cassation Court relied on their statements, noting in its ruling:

> "Furthermore, *as stated by the claimant [Gofman] and the respondent's representative [Itkin]* at the cassation court hearing, the court decision in this case, which has entered into legal force, has been fully satisfied."

As the Cassation Court made clear *both* Mr. Itkin and Ms. Gofman represented to the court that the judgment has been paid.  This undermines the veracity of Itkin's and Gofman's sworn testimony.  In other words, in the same week, Gofman obtained a U.S. judgment while telling the Russian court that the same judgment has been paid.

Thus any insistence that Gofman or Itkin represented Sabadash's interests rather than their own is frivolous.  In sum, Itkin's disagreement with the Court's reasoning is not clear error.  At most, Itkin has identified a legal dispute over preclusion.  That dispute itself supports dismissal.

11

## VI.    THE ALTERNATIVE RULE 12(B)(1) AND § 305 RULINGS ALSO DEFEAT RECONSIDERATION.

The Court did not rest on one ground. It dismissed under Rule 56. It held that the same result would follow under Rule 12(b)(1). And it held, in the alternative, that dismissal was warranted under § 305.

Even if Itkin could show some error in the Rule 56 analysis, he still must show clear error in each independent basis for dismissal. He has not done so.

Under Rule 12(b)(1), once a factual jurisdictional challenge is made, the party invoking jurisdiction must produce evidence establishing jurisdiction. *Safe Air*, 373 F.3d at 1039. Itkin failed his burden.

Section 305 supplies another independent basis. The alleged partnership's supposed asset is the Beverly Hills property, whose ownership is already implicated in the Golden Sphinx Chapter 15 case and the Jersey liquidation recognized by this Court. The Court reasonably concluded that Chapter 15's purposes would be better served by dismissal. That conclusion is especially sound because this involuntary petition sought to pull the Golden Sphinx dispute away from the Jersey proceeding after the Jersey Court had entered adverse orders against Itkin.

The hearing record also confirms that there is no manifest injustice. Itkin's counsel told the Court that "what this involuntary really is about" is moving the partnership question from Jersey to this Court.

Even if Itkin disagrees with § 305 abstention, he has not shown clear error. And because § 303 independently required dismissal, any alleged § 305 error would not warrant reconsideration.

## VII.    CONCLUSION

The Court got it right in finding that a dispute exists. § 303, *Vortex*, and *Leong* required dismissal. Itkin's motion identifies no new law, no newly discovered evidence, no clear error, and no manifest injustice.

OPPOSITION TO MOTION FOR RECONSIDERATION

THE ZORKIN FIRM

The Court should deny the motion for reconsideration and award Sabadash the fees incurred in opposing it.

Dated:        June 23, 2026                    THE ZORKIN FIRM


                                        By: /s/ Michael Zorkin
                                            Michael Zorkin
                                            Attorneys for Putative Partner
                                            Alexander Sabadash

THE ZORKIN FIRM

OPPOSITION TO MOTION FOR RECONSIDERATION

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

6320 Canoga Ave., 15th Floor, Woodland Hills, CA 91367

A true and correct copy of the foregoing document entitled (*specify*): Opp to motion for reconsideration
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _6/123/2026_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
Joseph E Caceres jec@locs.com, generalbox@locs.com
Daniel J McCarthy dmccarthy@hillfarrer.com, spadilla@hillfarrer.com;dflowers@hfbllp.com
Kurt Ramlo Adam RamloLegal@gmail.com, kr@ecf.courtdrive.com,ramlo@recap.email
Charles Shamash cs@locs.com, generalbox@locs.com
Oleg Stolyar astolyar@loeb.com
United States Trustee (LA) ustpregion16.la.ecf@usdoj.g

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

_____

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 06/123/2026 | Michael Zorkin | /s/ Michael Zorkin |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                          **F 9013-3.1.PROOF.SERVICE**