MICHAEL ZORKIN (Bar No. CA 313308)
Email: mz@thezorkinfirm.com
THE ZORKIN FIRM
6320 Canoga Ave., 15th Floor
Woodland Hills, California 91367
Telephone:   323.493.8075

Attorneys for Putative Partner of Alleged Debtor
Alexander Sabadash

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

In re:

Itkin & Sabadash,

        Debtor,

No. 2:25-bk-11235-NB

Hon. Neil W. Bason

**PUTATIVE PARTNER ALEXANDER SABADASH'S OBJECTIONS TO ITKIN'S EVIDENCE** FILED IN SUPPORT OF **MOTION** FOR **RECONSIDER**ATION

Hearing Date: July 14, 2026
Hearing Time: 2:00 p.m.

- i -

Alexander Sabadash objects to Itkin's Evidence in its entirety as such evidence is not proper for a Motion to Reconsider a previous ruling.  All facts provided by Itkin have been presented or could have been presented earlier.  In the alternative, Alexander Sabdash specifically objects to Itkin's Evidence as follows:

## OBJECTIONS TO EVIDENCE

### I.    DECLARATION OF GARRY ITKIN:

| No. | Material Objected To: | Grounds for Objection: |
|---|---|---|
| 1. | Paragraph 4.<br><br>"It is my understanding that the balance of $9,000 was applied to the equivalent of $5,000 in legal fees incurred by Ms. Gofman in obtaining the Russian Judgment and the equivalent of $4,126.72 in legal fees incurred by Ms. Gofman in obtaining recognition of the Russian Judgment in the United Kingdom." | **Lack of personal knowledge; Speculation.** |
| 2. | Paragraph 6 Exhibits A and B. | **Lacks Authentication FRE 901; Lacks Foundation; Hearsay; Violates best evidence rule.  FRE 1003.** |
| 3. | Paragraph 7 Exhibit D. | **Lacks Authentication FRE 901; Lacks Foundation; Hearsay; Violates best evidence rule.  FRE 1003.** |
| 4. | Paragraph 9.<br><br>"I did not engage in a conspiracy with Ms. Gofman to cause her to file a lawsuit against the Partnership in Russia and then obtain recognition of the Russian Judgment by the Los Angeles Superior Court so that I could use those judgments against Mr. | **Lacks Foundation; Lack of Personal Knowledge; Speculation; Legal Conclusion.** |

- 1 -

| No. | Material Objected To: | Grounds for Objection: |
|---|---|---|
| | Sabadash. Ms. Gofman decided to file those lawsuits on her own so she could try to collect on the balance of monies owed to her by the Partnership. The Partnership was credited by her with the $21,000 that I had paid her on behalf of the Partnership." | |
| **5.** | Paragraph 11. <br><br> "I am informed that Ms. Gofman ordered the Partnership stamp because according to Russian custom at that time every organization needed an official stamp. Since the Partnership did not have a stamp, she ordered it on an urgent basis and apparently a misspelling of Mr. Sabadash's name occurred." | **Lack of Foundation; Lack of Personal Knowledge.** |

## II.   DECLARATION OF ELENA GOFMAN:

| No. | Material Objected To: | Grounds for Objection: |
|---|---|---|
| **6.** | Paragraph 5. <br><br> "'Defendant, represented by Managing Partner G. U. Itkin, has voluntarily partially satisfied [Plaintiff's] Demand for Payment by remitting 2,000 (two thousand) US dollars (an amount equal to 124,000 (one hundred twenty four thousand) RUB).'" | **Hearsay.** |
| **7.** | Paragraph 5 Exhibit C. | **Lacks Authentication FRE 901; Lacks Foundation;** |

- 2 -

THE ZORKIN FIRM

| No. | Material Objected To: | Grounds for Objection: |
|---|---|---|
| | | **Hearsay; Violates best evidence rule.  FRE 1003.** |
| 8. | Paragraph 6 Exhibit E. | **Lacks Authentication FRE 901; Lacks Foundation; Hearsay; Violates best evidence rule.  FRE 1003.** |
| 9. | Paragraph 10 Exhibits A and B. | **Lacks Authentication FRE 901; Lacks Foundation; Hearsay; Violates best evidence rule.  FRE 1003.** |
| 10. | Paragraph 11 Exhibit C. | **Lacks Authentication FRE 901; Lacks Foundation; Hearsay; Violates best evidence rule.  FRE 1003.** |
| 11. | Paragraph 12 Exhibit D. | **Lacks Authentication FRE 901; Lacks Foundation; Hearsay; Violates best evidence rule.  FRE 1003.** |
| 12. | Paragraph 15<br><br>"I did not engage in a conspiracy with Mr. Itkin to file a lawsuit against the Partnership in Russia and then obtain recognition of the Russian Judgment by the Superior Court so that Mr. Itkin could use the judgments against Mr. Sabadash." | **Legal Conclusion; Improper Opinion** |
| 13. | Paragraph 19.<br><br>"In that letter, the Court confirmed as follows: "In accordance with the Federal law… The Court is the guarantor of the enforceability of the lawful decision. Consequently, during the trial, the court verifies a priori the actions of each of the parties, as well as the existence of each of the parties, provided that | **Hearsay.** |

- 3 -

THE ZORKIN FIRM

| No. | Material Objected To: | Grounds for Objection: |
|---|---|---|
| | nonexistence of the parties (death, liquidation etc.) invalidates legal proceedings, the decision and the enforceability of such decision." (Emphasis added.)" | |
| 14. | Paragraph 19 Exhibit F. | **Lacks Authentication FRE 901; Lacks Foundation; Hearsay; Violates best evidence rule.  FRE 1003.** |
| 15. | Paragraph 20.<br><br>"In that letter, the Office confirmed as follows: "Upon review and adjudication of the claim, the Arbitration court establishes the existence of each of the parties to each claim, which is a prerequisite to issuance of legally binding decision. The said procedure of establishment of the parties is undertaken at the preparation stage of the case review." (Emphasis added.)" | **Hearsay.** |
| 16. | Paragraph 20 Exhibit G. | **Lacks Authentication FRE 901; Lacks Foundation; Hearsay; Violates best evidence rule.  FRE 1003.** |

## III.    **DECLARATION OF RON CHILDRESS:**

| No. | Material Objected To: | Grounds for Objection: |
|---|---|---|
| 1. | Paragraph 1 Exhibit 1 | **Hearsay.** |

- 4 -

| No. | Material Objected To: | Grounds for Objection: |
|---|---|---|
| **2.** | Paragraph 2 Exhibit 2. | **Lacks Authentication FRE 901; Lacks Foundation; Hearsay.** |
| **3.** | Paragraph 5<br><br>"Alexander Sabadash ("Mr. Sabadash") was a party to the Arbitrazh lawsuit brought by Elena Gofman against the Simple Partnership of "Itkin and Sabadash" (hereinafter, the "Gofman lawsuit")." | **Legal Conclusion; improper opinion.** |
| **4.** | Paragraph 6<br><br>"In the Gofman Lawsuit, Mr. Sabadash failed to comply with the RF Arbitrazh Procedural Code (APK) in raising the issue of whether a partnership between himself and Garry Itkin ("Mr. Itkin") existed before the Arbitrazh Court for the City of Moscow, and his arguments against the existence of the Simple Partnership were presented and rejected in turn by the Ninth Arbitrazh Appellate Court, the Arbitrazh Court of the Moscow Circuit (Okrug), and the Russian Federation ("RF") Supreme Court Collegium on Economic Disputes." | **Legal Conclusion; improper opinion.** |
| **5.** | Paragraph 7<br><br>"The Determination entered by the RF Supreme Court was final, and Mr. Sabadash has no further rights of appeal on the issue." | **Legal Conclusion; improper opinion.** |

- 5 -

OBJECTIONS TO EVIDENCE

THE ZORKIN FIRM

| No. | Material Objected To: | Grounds for Objection: |
|---|---|---|
| 6. | Paragraph 8<br><br>"In a 2017 criminal prosecution of Mr. Sabadash, the Smol'ninskii Court of General Jurisdiction, the trial court incorporated testimony of witnesses that Messrs. Itkin and Sabadash had shared a business relationship as part of its guilty judgment, which judgment and findings were cited with approval by the Arbitrazh Court of the Moscow Circuit (Okrug)." | **Legal Conclusion; improper opinion; hearsay** |
| 7. | Paragraph 9<br><br>"While Russian procedural jurisprudence does not recognize American "fundamental fairness" or "due process," which usually precludes an American assessment of a given result reached by a Russian trial or appellate court, there are no indications in the records I have reviewed that would suggest that the findings against Mr. Sabadash were formalistic, or otherwise denied Mr. Sabadash due process he would have received in the United States. In fact, based on my review of the proceedings, it appears Mr. Sabadash was duly served with the pleadings in those proceedings, and given every opportunity to (and in fact, did!) present evidence and arguments to support his position, and the Russian courts simply disagreed with him, time and again, at every level. | **Legal Conclusion; improper opinion.** |

THE ZORKIN FIRM

- 6 -

| No. | Material Objected To: | Grounds for Objection: |
|---|---|---|
| 8. | Paragraph 10<br><br>"More specifically, the Ninth Arbitrazh Appellate Court, in a court trial, accepted and adjudicated upon the new evidence and arguments submitted by Mr. Sabadash in his appeal, as well as his motion to reinstate the deadline for filing an appeal, including his contention that a general partnership between "Itkin and Sabadash" did not exist, and rejected all of the arguments made by Mr. Sabadash, thereby confirming the existence of a partnership between Mr. Sabadash and Mr. Itkin." | **Legal Conclusion; improper opinion.** |
| 9. | Paragraph 11<br><br>"Upon further appeal to the Arbitrazh Court of the Moscow Circuit (Okrug) and the RF Supreme Court Collegium on Economic Disputes, both courts rejected all Mr. Sabadash's arguments against the existence of the Simple Partnership, upholding Ninth Arbitrazh Appellate Court's decision determining and confirming the existence of partnership as between Mr. Sabadash and Mr. Itkin. The Determination entered by the RF Supreme Court was final and all appeals have been exhausted." | **Legal Conclusion; improper opinion.** |
| 10. | Paragraph 84<br><br>Paragraph Four of this instrument declares that disputes and disagreements | **Lack of Foundation; Lack of Personal Knowledge; Hearsay** |

- 7 -

THE ZORKIN FIRM

| No. | Material Objected To: | Grounds for Objection: |
|---|---|---|
| | should be resolved through negotiation, if possible. If not, then: "Parties agree to resolve their disputes in the United States court system, under California law." | |
| 11. | Paragraph 86<br><br>"It appears that both parties signed the document, Sabadash using the Latin alphabet while the signature of Itkin may be English or Cyrillic." | **Lack of Foundation; Lack of Personal Knowledge.** |
| 12. | Paragraph 87<br><br>On 12 February 2004 Messrs. Itkin and Sabadash, partners in the Simple Partnership, executed an "Information Services Agreement (hereinafter – the Agreement)" as "Client" with Elena Nikolayevna Gofman (neé Vasilyeva), a registered individual entrepreneur, as "Contractor." The Agreement is signed by all parties. The Simple Partnership seal is impressed on each of the three pages, with initials of the partners on the first two pages and signatures on the final page. The signature of Ms. Gofman appears on all three pages. | **Lack of Foundation; Lack of Personal Knowledge; Hearsay.** |
| 13. | Paragraph 88<br><br>The Agreement contemplated provision of legal and tax advice by Ms. Gofman (as "Contractor") to the Simple Partnership (as "Client") during calendar years 2004, 2005 and 2006. Monthly | **Lack of Foundation; Lack of Personal Knowledge; Hearsay.** |

- 8 -

OBJECTIONS TO EVIDENCE

THE ZORKIN FIRM

| No. | Material Objected To: | Grounds for Objection: |
|---|---|---|
| | during those years, the Contractor was to provide written reports of services performed. At the conclusion of each year, the parties would jointly issue and sign a "Service Delivery Report [hereinafter – Report(s)"] declaring that all services were duly performed and that the Client owed the agreed annual price of 200,000 rubles. Under Paragraph Six of the Simple partnership Agreement, Itkin was authorized to conduct day-today operations of the Simple partnership. The three annual reports were duly accomplished and bore the signature of Ms. Gofman and the Simple Partnership seal with Mr. Itkin's signature executed over it. I have reviewed the Agreement and the annual Reports in both Russian and English | |
| 14. | Paragraph 89<br><br>"Apparently, the Simple Partnership defaulted in its payments. Ms. Gofman brought action in the Arbitrazh Court for the City of Moscow to recover the defaulted payments together with penalties contemplated by Paragraph 4.6 of the Agreement. Russians do not caption their cases in the same manner as Americans. Thus, the Russian case – Gofman versus Itkin and Sabadash Simple Partnership – is simply entitled the "Gofman case" in this Declaration." | **Lack of Foundation; Lack of Personal Knowledge; Hearsay.** |

THE ZORKIN FIRM

OBJECTIONS TO EVIDENCE

| No. | Material Objected To: | Grounds for Objection: |
|---|---|---|
| 15. | Paragraph 95<br><br>"On 12 September 2018, the Arbitrazh Court for the City of Moscow conducted a hearing on the lawsuit of Elena Gofman for recovery under the Information Services Agreement (hereinafter – the Agreement) executed by the Simple Partnership "Itkin & Sabadash"on 12 February 2004. The text of the court Decision (Reshenie) was issued on 14 September 2018." | **Lack of Foundation; Lack of Personal Knowledge; Hearsay.** |
| 16. | Paragraph 96<br><br>"In construing the Agreement, the Decision invoked RF Civil Code (GK) Articles 779 and 781 governing contracts for compensated provision of services and GK Articles 309 and 330 governing "Obligations." At the conclusion of the "explanatory" (motivirovochnaya) part of the Decision, the court cited provisions from GK Chapter 51 ("Contract of Commission") for reasons that are unclear but may be included in the Record of the court session." | **Lack of Foundation; Lack of Personal Knowledge; Hearsay.** |
| 17. | Paragraph 97<br><br>"On 18 October 2018, Plaintiff Gofman requested information from the Court. On 24 October 2018, the Department (Otdel) of Record Management prepared an untitled response signed by its Deputy Director, N.A. Sotnich." | **Lack of Foundation; Lack of Personal Knowledge; Hearsay.** |

- 10 -

| No. | Material Objected To: | Grounds for Objection: |
|---|---|---|
| 18. | Paragraph 98<br><br>"This document commenced with a description of VAS Plenum Resolution No. 100 (25 December 2013) and its "Instructions." The text of the document does not, however, contain any specific information on the case or the court's Decision. Instead, it recites the requirements of APK Chapter 12 on court notifications." | **Lack of Foundation; Lack of Personal Knowledge; Hearsay.** |
| 19. | Paragraph 99<br><br>"That Court found in favor of Ms. Gofman and issued the equivalent of what we here would consider a "judgment" in her favor." | **Lack of Foundation; Lack of Personal Knowledge; Hearsay.** |
| 20. | Paragraph 100<br><br>"On 3 July 2019, A.V. Sabadash submitted a Motion to Extend the Time for Appeal andan Appeal to the Ninth Arbitrazh Appellate Court. Under APK Article 259(1), the deadline forfiling an appeal from judgment of a first instance court is one month. Thus Sabadash was required to seek an extension of the deadline." | **Lack of Foundation; Lack of Personal Knowledge; Hearsay.** |
| 21. | Paragraph 101<br><br>"In both the Motion to Extend and the Appeal, Sabadash denied the existence of a partnership between himself and Itkin. The translation of these documents requires a slight, but important, correction which is set forth | **Lack of Foundation; Lack of Personal Knowledge; Hearsay. .** |

- 11 -

OBJECTIONS TO EVIDENCE

THE ZORKIN FIRM
TRIAL LAWYERS

| No. | Material Objected To: | Grounds for Objection: |
|---|---|---|
| | below." | |
| 22. | Paragraph 102<br><br>"The Ninth Arbitrazh Appellate Court conducted a hearing on 10 September 2019 and issued a text of its Determination on 12 September. The Court considered and rejected Sabadash's argument on appeal that the trial court Decision effected his rights and duties therebyqualifying him to challenge the Decision. Sabadash's appeal invoked GK Articles 1041 and1047,from Chapter 55 on Simple Partnerships to support his contention that the court Decision "touched" his rights and duties. Sabadash's argument relied upon a "test" which was atodds with the "test" articulated by 2009 VAS Plenum Resolution No. 36 (28 May 2009) discussed below." | **Lack of Foundation; Lack of Personal Knowledge; Hearsay.** |
| 23. | Paragraph 103<br><br>"In its Determination, the Court found that neither the "dispositive" (rezolyutivnaya) nor the "explanatory" (motivirochnaya) parts of the trial Court Decision contained any reference (ukazanie) to the rights and duties of Sabadash. Invocation of GK Chapter 55 in Sabadash's appellate petition failed to establish any nexus between the Decision and his rights and duties. In this portion of the Determination, the Court held that neither concluding (zaklyuchenie) a Simple partnership Agreement nor | **Lack of Foundation; Lack of Personal Knowledge; Hearsay.** |

- 12 -

THE ZORKIN FIRM

| No. | Material Objected To: | Grounds for Objection: |
|---|---|---|
| | having an interest in the outcome of the case supplied the necessary nexus." | |
| 24. | Paragraph 104<br><br>"Based on the foregoing, the Court cited Paragraph Two of 2009 VAS Plenum Resolution No. 36 (28 May 2009) as mandating termination of an appeal proceeding and return of an appellate petition to the party filing it, even after acceptance of the petition by an Arbitrazh court, when it is found that an appellant did not have the right to appeal." | **Lack of Foundation; Lack of Personal Knowledge; Hearsay.** |
| 25. | Paragraph 105<br><br>"On 6 August 2020, the Ninth Arbitrazh Appellate Court issued an "Informational Certificate" (Informatsionnaya Spravka) in response to a request. This Informational Certificate begain by citing 2013 VAS Plenum Resolution No. 100 (25 December 2013) with its voluminous "Instructions" which are discussed in some detail above. Those "Instructions" govern the generation of such Certificates by the ReferenceInformational (Spravochnaya-Informatsionnaya) staff. The Certificate was signed by Oleg Grigor'evich Mishakov, the Deputy Presiding Judge of the Ninth Arbitrazh Appellate Court." | **Lack of Foundation; Lack of Personal Knowledge; Hearsay.** |

OBJECTIONS TO EVIDENCE

THE ZORKIN FIRM

| No. | Material Objected To: | Grounds for Objection: |
|---|---|---|
| 26. | Paragraph 106<br><br>"This Certificate recounted the entire history of the Gofman case as it moved through the Arbitrazh Court for the City of Moscow, the Ninth Arbitrazh Appellate Court, the Arbitrazh Court for the Moscow Circuit, and the Judicial Collegium on Economic Disputes of the RF Supreme Court. The document reflects substantial work by the staff of the Ninth Arbitrazh Appellate Court." | **Lack of Foundation; Lack of Personal Knowledge; Hearsay.** |
| 27. | Paragraph 107<br><br>"I have reviewed the Certificate in Russian and in English translation. In light of all documents that I have reviewed, the Russian version of the Certificate provides a complete and accurate account of the Gofman case." | **Lack of Foundation; Lack of Personal Knowledge; Hearsay.** |
| 28. | Paragraph 108<br><br>"Unfortunately, the English translation contains some errors that require correction. Throughout the translation, the Simple Partnership "Itkin and Sabadash" is called a "General Partnership" which is contrary to all the Russian documents. In a paragraph commencing with "On September 10, 2019...," the Certificate translation states that the "appellate complaint [sic]"was dated September 14, 2018. In the Russian version of this paragraph, no date is shown for filing of Sabadash's appeal. It | **Lack of Foundation; Lack of Personal Knowledge; Hearsay.** |

- 14 -

OBJECTIONS TO EVIDENCE

THE ZORKIN FIRM

| No. | Material Objected To: | Grounds for Objection: |
|---|---|---|
| | should be added that the Russian phrase apellyatsionnaya zhaloba can be translated "appellate complaint" but "appellate petition" is more frequently used, even though zhaloba literally means "complaint.'" | |
| 29. | Paragraph 109<br><br>"On 14 October 2019, Sabadash filed a cassational petition in the Arbitrazh Court for theMoscow Circuit seeking revocation of the Determination and remand to the Ninth Arbitrazh Appellate Court for new consideration. The petition was accepted, and a court session was conducted on 7 November 2019. At the conclusion of the court session, the Court issued only the dispositive part of the Ruling (Postanovlenie) which left the Determination of the Ninth Arbitrazh Appellate Court without change (bez izmeneniya). I have reviewed the Ruling in Russian and in English translation. The English translation, unfortunately incorrectly renders the phrase "without change" as "stayed."'" | **Lack of Foundation; Lack of Personal Knowledge; Hearsay.** |
| 30. | Paragraph 110<br><br>"On 13 November 2019 the Court issued the full text of its Ruling, which I have reviewed in Russian only. The petition of Sabadash restated the argument that under the RF Civil Code (GK) provisions on a Simple Partnership, his rights and duties were directly "touched" by the Determination. Sabadash also argued that a | **Lack of Foundation; Lack of Personal Knowledge; Hearsay.** |

- 15 -

THE ZORKIN FIRM

| No. | Material Objected To: | Grounds for Objection: |
|---|---|---|
| | Simple Partnership was not a juridical person and therefore could not have been a party to a lawsuit in the Arbitrazh Court for the City of Moscow." | |
| 31. | Paragraph 111<br><br>"The Ruling also noted that the response filed for the Simple Partnership (and Defendant Itkin) had cited a criminal case judgment (prigovor) involving Sabadash which was entered on24 October 2017 by the Smol'ninskii District Court in Saint Petersburg which confirmed the existence of "Itkin and Sabadash" Simple Partnership." | **Lack of Foundation; Lack of Personal Knowledge; Hearsay.** |
| 32. | Paragraph 112<br><br>"The fact that the Arbitrazh Court for the Moscow Circuit favorably noted the criminal judgment is sufficient grounds to conclude that at least one Russian Court of General Jurisdiction confirmed the existence of the Simple Partnership. The Smol'ninskii case is discussed below." | **Lack of Foundation; Lack of Personal Knowledge; Hearsay.** |
| 33. | Paragraph 113<br><br>"The Circuit Court concluded – in accordance with APK Articles 284, 286 and 287 (regulating cassational review) – that the Determination by the Ninth Arbitrazh Appellate Courtcorrectly applied all relevant material and procedural rules. Moreover, interpreting APK Article 42 on appellate | **Lack of Foundation; Lack of Personal Knowledge; Hearsay.** |

- 16 -

OBJECTIONS TO EVIDENCE

THE ZORKIN FIRM

| No. | Material Objected To: | Grounds for Objection: |
|---|---|---|
| | rights of persons not participating in a case, the Circuit Court concluded that Sabadash was not entitled to appeal for lack of any basis to conclude that his rights and duties were "touched" or that his claims of a legal interest in the outcome sufficed as bestowing upon him the appellate right. The Circuit Court Ruling essentially followed the "test" established by2009 VAS Plenum Resolution No. 36 (28 May 2009) – described above – without specific citation." | |
| 34. | Paragraph 114<br><br>"On 13 December 2019, in response to an inquiry by Gofman, the Secretariat for the Presiding Judge of the Arbitrazh Court for the Moscow Circuit, issued a brief summary of procedures followed in that Court. Basically, the response summarized procedures in the same way as certificates (spravki) issued by other Arbitrazh courts, including the customary citation of 2013 VAS Plenum Resolution No. 100 (25 December 2013). In particular, the response cited Section 41.2.2 of the "Instructions" which governs reception of inquiries from citizens and organization representatives regarding operations of a court." | **Lack of Foundation; Lack of Personal Knowledge; Hearsay.** |
| 35. | Paragraph 115<br><br>"Interestingly, this response included the following passage: "Upon consideration of the claim and establishing a decision | **Lack of Foundation; Lack of Personal Knowledge; Hearsay.** |

- 17 -

THE ZORKIN FIRM

| No. | Material Objected To: | Grounds for Objection: |
|---|---|---|
|  | (reshenie) the [Arbitrazh] court verifies the fact of the existence of each of the parties to every claim, which is a prerequisite to [a] legally binding decision (reshenie). The indicated establishment of the parties is conducted at the preparation stage of case consideration." The response did not cite APK on this "preparation stage." It is governed by APK Chapter 14, Articles 133 through 137." |  |
| 36. | Paragraph 116<br><br>"As described above (p. 18), the Ninth Arbitrazh Appellate Court issued its own certificate on 6 August 2020 which also contains a detailed account of this stage in the Gofman litigation. This certificate accurately captured the essential facts and need not be further discussed here." | **Lack of Foundation; Lack of Personal Knowledge; Hearsay.** |
| 37. | Paragraph 120<br><br>" In Criminal Case No. 1-153/2017, Judge Yuliya Vladimirovna Kotenova of the Smol'ninskii District Court of General Jurisdiction issued a judgment (Prigovor) on 24 October 2017 which found Defendant Sabadash guilty of Swindling under Article 159 of the RF Penal Code (UK) along with two co-defendants, Somov and Garkusha who were both senior officers of the Tavricheskii Bank, an Open Stock Company (OAO). The gravamen of the prosecution was a series of fraudulent transactions by which | **Lack of Foundation; Lack of Personal Knowledge; Hearsay.** |

- 18 -

OBJECTIONS TO EVIDENCE

| No. | Material Objected To: | Grounds for Objection: |
|---|---|---|
|  | the Bank extended credits and transferred money to entities controlled by Sabadash and others. Several of the properties described in the testimony are also included in the February 2004 "Information Services Agreement" between the Simple Partnership "Itkin and Sabadash and Gofman. They are: Open Joint Stock Company [OAO], "Vyborgskaya Celluloza"[sic], Closed Joint Stock Company [ZAO] "LIVIZ," and Open Joint Stock Company [OAO] "LIVIZ."' |  |
| 38. | Paragraph 121<br><br>"The judgment is 110 pages long. In it, the judge summarized the testimony of 23 individual witnesses (pp. 16-39). A number of witnesses mentioned Garry Yu. Itkin by name: A.N. Filip'eva (p. 16); E.A. Voyt (pp. 29-31); M.Yu. Glazova (pp. 31-32); N.V. Aleksandrov (p. 32); A.Yu. Vorob'ev (p.32); P.L. Basistyi (p. 33); Yu.A. Sneshko (pp. 33- 34); K.V. Arsent'ev (pp. 34-37); T.S. Lobanova (p. 37-39); and S.V. Grekova (p. 39-40)." | **Lack of Foundation; Lack of Personal Knowledge; Hearsay.** |
| 39. | Paragraph 122<br><br>" Most of the references to Garry Yu. Itkin pertained to his leadership role in the companies discussed. However, several witnesses characterized the relationship between Itkin and Sabadash as long-standing and business-related. Witness Basistyi considered Itkin to be a "partner (kompan'on)" of | **Lack of Foundation; Lack of Personal Knowledge; Hearsay.** |

- 19 -

OBJECTIONS TO EVIDENCE

THE ZORKIN FIRM

| No. | Material Objected To: | Grounds for Objection: |
|---|---|---|
| | Sabadash (p. 33). [The Russian word kompan'on can mean a "partner" in a business sense but it can also mean "companion," "associate," "affiliate" even "consort." Witness Sneshko described Itkin as a "business partner (partnyor) of Sabadash (p. 33). Witness Lobanova characterized Itkin as a "long-time acquaintance and partner (kompan'on) (p. 38). Witness Grekova described Itkin as both a "business partner (partnyor) and companion (kompan'on)" (p. 39)." | |
| **40.** | Paragraph 123<br><br>" The court explicitly rejected the defendants' attacks upon the above-listed witnesses, finding that all the defendants had been warned against the Russian equivalent of "perjury" or evasion under Penal Code (UK) Articles 307 and 308 (p. 84). Moreover, the court detected no animosity on the part of the witnesses with regard to the defendants nor any personal interest inthe outcome of the case (p. 84)." | **Lack of Foundation; Lack of Personal Knowledge; Hearsay.** |
| **41.** | Paragraph 124<br><br>"The existence of "Itkin and Sabadash" as a Simple Partnership was not an issue that was essential to the Smol'ninskii judgment of "guilt" with regard to Defendant Sabadash and his co-defendants. Nevertheless, under the standards of "correct application" and "comprehensive and complete investigation," the court judgment included the | **Lack of Foundation; Lack of Personal Knowledge; Hearsay.** |

- 20 -

OBJECTIONS TO EVIDENCE

THE ZORKIN FIRM
TRIAL LAWYERS

| No. | Material Objected To: | Grounds for Objection: |
|---|---|---|
| | testimony discussed above and in effect confirmed a long-standing business relationship (and friendship) between Messrs. Itkin and Sabadash." | |
| 42. | Paragraph 125<br><br>" The final step in pursuit of remand by Sabadash was a cassational petition to the Judicial Collegium on Economic Disputes of the RF Supreme Court filed the same day as the full text of the Ruling by Arbitrazh Court for the Moscow Circuit (13 November 2019). On 13 March 2020,Judge Natalia C. Chuchunova, member of the Panel on Contract Disputes in the Judicial Collegium on Economic Disputes of the RF Supreme Court issued a Determination (*Opredelenie*) denying and returning the petition by Sabadash. I reviewed the determination in Russian. It contains a full recital of the groudns for returning the petition (which are described above on page 12)." | **Lack of Foundation; Lack of Personal Knowledge; Hearsay.** |
| 43. | Paragraph 126<br><br>"On 9 December 2019, Elena Gofman filed an application to the Judicial Department of the RF Supreme Court. On 13 December 2019, a response was sent by the Directorate for Support of Arbitrazh an Specialized Courts signed by O.V. Yakubvsokii, Actin Head of the Directorate which recited the statutory provisions governing cassational review of | **Lack of Foundation; Lack of Personal Knowledge; Hearsay.** |

- 21 -

THE ZORKIN FIRM

| No. | Material Objected To: | Grounds for Objection: |
|---|---|---|
|  | the lower court decisions found in the Civil procedure Code (GPK)." |  |

Dated:          June 23, 2026                    THE ZORKIN FIRM


                                                 By:/s/ Michael Zorkin
                                                    Michael Zorkin
                                                    Attorneys for Alexander Sabadash

THE ZORKIN FIRM

OBJECTIONS TO EVIDENCE