| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| JON A. ATABEK, ESQ. (SBN 269497)<br>jatabek@atabekandco.com<br>ATABEK & CO.<br>250 Newport Center Drive, Suite 306<br>Newport Beach, California 92660<br>Telephone: (949) 229-0953<br>Facsimile: (213) 402-3413<br>Attorneys for Appellant Garry Y. Itkin<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Appellant Garry Y. Itkin | FILED<br>SEP 08 2026<br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY: Deputy Clerk |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>ITKIN & SABADASH,<br>Involuntary Debtor.<br><br>Debtor(s). | CASE NO.: 2:25-bk-11235-NB<br>ADVERSARY NO.: N/A<br>(*if applicable*)<br>CHAPTER: 7 |
| Plaintiff(s) (*if applicable*).<br>vs.<br><br>Defendant(s) (*if applicable*). | **NOTICE OF APPEAL AND STATEMENT OF ELECTION** |

**Part 1: Identify the appellant(s)**

1. Name(s) of appellant(s): Garry Y. Itkin

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.

☐ Plaintiff
☐ Defendant
☐ Other (*describe*):

For appeals in a bankruptcy case and not in an adversary proceeding.

☐ Debtor
☐ Creditor
☐ Trustee
☒ Other (*describe*): Petitioning General Partner under 11 U.S.C. section 303(b)(3)

**Part 2: Identify the subject of this appeal**

1. ☒ The order or judgment is entered on the court docket AND a copy of the entered order or judgment is attached to this Notice of Appeal.
   a. Date of entry of the order or judgment: August 24, 2026
   b. Docket entry number of the order or judgment: 156, 76, and 75
   c. Title in caption of order or judgment: Order Denying Motion for Reconsideration (Dkt. 89)
   Underlying Order Dkt. 76 and Memorandum Dkt. 75 are identified in the attached Addendum.

2. ☐ The order or judgment **is not entered** on the court docket:
   a. Date of the hearing at which the court issued a ruling in court: ______________
   b. Title in caption of the motion or adversary proceeding complaint on which the court issued a ruling: ________

**Part 3: Identify the other parties to the appeal**

List the names of all parties to the judgment—or the appealable order or decree—from which the appeal is taken and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: Alexander Sabadash (also identified as Aleksandr Vitalievich Sabadash)
   Attorney: Michael Zorkin, The Zorkin Firm, 6320 Canoga Avenue, 15th Floor, Woodland Hills, CA 91367; (323) 493-8075; mz@thezorkinfirm.com

2. Party: All remaining parties are identified in the attached Part 3 Addendum.
   Attorney: Counsel and contact information are stated in the attached Part 3 Addendum.

**Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☒ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

**Part 5: Sign below**

[signature] Date: September 4, 2026

Signature of attorney for appellant(s) (or appellant(s) if not represented by an attorney)

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

[**Note to inmate filers:** If you are an inmate filer in an institution and you seek the timing benefit of Fed. R. Bankr. P. 8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing) and file that declaration along with the Notice of Appeal.]

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**Evan Powers, 250 Newport Center Drive, Suite 306**
Newport Beach, CA 92660; Telephone: (949) 229-0953

A true and correct copy of the foregoing document entitled: **NOTICE OF APPEAL AND STATEMENT OF ELECTION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) __________, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (*date*) September 4, 2026 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

See attached Proof of Service of Appeal Filing Package for mailing addresses for:
Itkin & Sabadash; Michael Zorkin; Joseph E. Caceres and Charles Shamash;
Daniel J. McCarthy; Kurt Ramlo; Oleg (Alex) Stolyar; and the United States Trustee, Region 16.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __________, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**NO JUDGE'S COPY IS REQUIRED.**
Judge Bason's Procedures (Rev. 10/10/25), Part IV.B, direct: 'NO JUDGE'S COPIES.' Any judge's copy will be recycled. The bankruptcy clerk will also serve the Notice under LBR 8003-1.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 09/04/2026 | Berna Besir | [signature] |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

Jon A. Atabek, Esq. (SBN 269497)
*(jatabek@atabekandco.com)*
**ATABEK & CO.**
250 Newport Center Drive, Suite 306
Newport Beach, CA 92660
Telephone: (949) 229-0953
Facsimile: (213) 402-3413

Attorneys for Appellant, GARRY Y. ITKIN

**THE UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| | |
|---|---|
| In re ITKIN & SABADASH,<br>Involuntary Debtor. | Case No.: 2:25-bk-11235-NB<br>Chapter 7<br>Assigned: Hon. Neil Bason<br><br>**STATEMENT OF ELECTION TO DISTRICT COURT** |

**STATEMENT OF ELECTION TO HAVE APPEAL HEARD BY THE UNITED STATES DISTRICT COURT**

Appellant Garry Y. Itkin, through undersigned counsel, hereby elects, pursuant to 28 U.S.C. section 158(c)(1)(A) and Federal Rule of Bankruptcy Procedure 8005, to have this appeal heard by the United States District Court for the Central District of California rather than by the Bankruptcy Appellate Panel of the Ninth Circuit.

This Statement of Election is filed concurrently with Appellant's Notice of Appeal and Statement of Election, Official Form 417A.

Dated: September 4, 2026

ATABEK & CO.

By: [signature]
Jon A. Atabek
Attorneys for Appellant
Garry Y. Itkin.

Jon A. Atabek, Esq. (SBN 269497)
*(jatabek@atabekandco.com)*
**ATABEK & CO.**
250 Newport Center Drive, Suite 306
Newport Beach, CA 92660
Telephone: (949) 229-0953
Facsimile: (213) 402-3413

Attorneys for Appellant, GARRY Y. ITKIN

**THE UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| | |
|---|---|
| In re ITKIN & SABADASH,<br>Involuntary Debtor. | Case No.: 2:25-bk-11235-NB<br>Chapter 7<br>Assigned: Hon. Neil Bason<br><br>**ADDENDUM TO NOTICE OF APPEAL AND STATEMENT OF ELECTION** |

**ADDENDUM TO OFFICIAL FORM 417A**

**Part 2 - Orders and memorandum being appealed.**

Appellant Garry Y. Itkin, through undersigned counsel Jon A. Atabek, appeals from:

1. The Order Denying Motion for Reconsideration (Dkt. 89), entered August 24, 2026 as Docket No. 156;
2. The underlying Order Dismissing Involuntary Petition, entered June 17, 2025 as Docket No. 76; and
3. The Memorandum Decision Dismissing Involuntary Petition, entered June 16, 2025 as Docket No. 75.

Docket No. 156 incorporates the reasons stated orally at the July 21, 2026 hearing. Copies of Docket Nos. 156, 76, and 75 are attached.

This Notice of Appeal encompasses all prior rulings that merge into the appealed orders. Appellant's correct name is Garry Y. Itkin, although some bankruptcy docket entries and notices identify him as "Gary Y. Itkin."

**Part 3 - Other parties and attorneys.**

1. **Alexander Sabadash** (also identified as Aleksandr Vitalievich Sabadash), putative partner and appellee. Counsel: Michael Zorkin, The Zorkin Firm, 6320 Canoga Avenue, 15th Floor, Woodland Hills, California 91367; telephone (323) 493-8075; email mz@thezorkinfirm.com.

2. **Itkin & Sabadash**, alleged partnership and involuntary debtor. No separate counsel is identified on the August 24, 2026 Notice of Electronic Filing. Mailing address: 8501 Wilshire Boulevard, Suite 330, Beverly Hills, California 90211.

3. **Joining creditors:** Progressive Management, Inc.; Jeff Ratner & Associates, Inc.; Alexey Kurochkin; Evgeniy Avilov; Elena Gofman; Maria Habarova; Ildar Shadaev; Maria Samsonova; Atabek & Co.; and Aleksandr Grant. Counsel appearing for the joining creditors: Joseph E. Caceres and Charles Shamash, Caceres & Shamash, LLP, 9701 Wilshire Boulevard, Suite 1000, Beverly Hills, California 90212; telephone (310) 205-3400; emails jec@locs.com, cs@locs.com, and generalbox@locs.com.

4. **Andrew Wood and Alexander Adam**, Joint Liquidators of Golden Sphinx Limited. Counsel appearing in this case: Kurt Ramlo, Ramlo Law, 15021 Ventura Boulevard, No. 544, Sherman Oaks, California 91403; email RamloLegal@gmail.com.

5. **Alexander Ivanovich Gavva**, recognized foreign representative in *In re Aleksandr Vitalievich Sabadash*, Case No. 2:23-bk-15574-NB. Counsel appearing in this case: Oleg (Alex) Stolyar, Loeb & Loeb LLP, 10100 Santa Monica Boulevard, Suite 2200, Los Angeles, California 90067; telephone (310) 282-2291; email astolyar@loeb.com.

///

6. **United States Trustee, Region 16.** 915 Wilshire Boulevard, Suite 1850, Los Angeles, California 90017; telephone (213) 894-6811; email ustpregion16.la.ecf@usdoj.gov.

**Service information continued from page 3 of Form 417A.**

The service list is based on the official Notice of Electronic Filing for Docket No. 156 entered August 24, 2026 and is stated in the attached Proof of Service of Appeal Filing Package. The bankruptcy clerk independently serves the Notice of Appeal as provided by Local Bankruptcy Rule 8003-1. No usable mailing address was stated for Aleksandr Vitalievich Sabadash; he is therefore served through his counsel, Michael Zorkin, at the address above.

**No judge's copy.** Judge Bason's current Procedures, revised October 10, 2025, Part IV.B, state: "NO JUDGE'S COPIES." They further state that any judge's copy will be recycled. No judge's copy is therefore being submitted.

JON A. ATABEK, ESQ. (SBN 269497)
jatabek@atabekandco.com
ATABEK & CO.
250 Newport Center Drive, Suite 306
Newport Beach, California 92660
Telephone: (949) 229-0953
Facsimile: (213) 402-3413
Attorneys for Appellant Garry Y. Itkin

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| | |
|---|---|
| In re ITKIN & SABADASH,<br>Involuntary Debtor. | Case No. 2:25-bk-11235-NB<br>Chapter 7<br>Hon. Neil W. Bason<br>**NOTICE OF INTERESTED PARTIES** |

## NOTICE OF INTERESTED PARTIES

Appellant Garry Y. Itkin, through undersigned counsel, certifies that the following persons and entities may have a pecuniary interest in the outcome of this appeal, may have interests that could be substantially affected by the outcome, or otherwise should be disclosed under Local Rule 7.1-1:

- **Garry Y. Itkin** - Appellant and petitioning general partner.
- **Itkin & Sabadash** - Alleged partnership and involuntary debtor.
- **Alexander Sabadash** (also identified as Aleksandr Vitalievich Sabadash) - Putative partner and appellee.
- **Golden Sphinx Limited** - Debtor in a related recognized foreign proceeding.
- **Andrew Wood and Alexander Adam** - Joint Liquidators of Golden Sphinx Limited.
- **Alexander Ivanovich Gavva** - Recognized foreign representative in the related Chapter 15 case of Aleksandr Vitalievich Sabadash.
- **Progressive Management, Inc.; Jeff Ratner & Associates, Inc.; Alexey Kurochkin; Evgeniy Avilov; Elena Gofman; Maria Habarova; Ildar Shadaev; Maria Samsonova; Atabek & Co.; and Aleksandr Grant** - Joining creditors.
- **Jon A. Atabek and Atabek & Co.** - Counsel for Appellant; Atabek & Co. is also a joining creditor.
- **Joseph E. Caceres and Daniel J. McCarthy** - Persons against whom relief has been sought in related fee or sanctions proceedings in the bankruptcy case.

- **Larisa Sabadash; AFB Trading One, Inc.; New Albion Property Limited; M-BJEP Limited; and M-Nice Limited** - Persons or entities whose asserted interests or related litigation may be affected by the appeal.

Appellant is an individual. No parent corporation, publicly held corporation, insurer, indemnitor, or other undisclosed entity is known to Appellant or undersigned counsel to have a direct financial interest in the outcome of this appeal.

Dated: September 4, 2026

**ATABEK & CO.**

By: Jon Atabek ____________________
Jon A. Atabek
Attorneys for Appellant Garry Y. Itkin

JON A. ATABEK, ESQ. (SBN 269497)
jatabek@atabekandco.com
ATABEK & CO.
250 Newport Center Drive, Suite 306
Newport Beach, California 92660
Telephone: (949) 229-0953
Facsimile: (213) 402-3413
Attorneys for Appellant Garry Y. Itkin

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| | |
|---|---|
| In re ITKIN & SABADASH,<br>Involuntary Debtor. | Case No. 2:25-bk-11235-NB<br>Chapter 7<br>Hon. Neil W. Bason<br>**NOTICE OF RELATED CASES** |

## NOTICE OF RELATED CASES

Pursuant to Local Rule 83-1.3 and the rules governing bankruptcy appeals in the Central District of California, Appellant gives notice of the following related matters:

**1. *In re Golden Sphinx Limited*, U.S. Bankruptcy Court for the Central District of California, Case No. 2:22-bk-14320-NB.** This matter is related because it is the recognized Chapter 15 proceeding relied upon by the Bankruptcy Court in dismissing the present involuntary case under 11 U.S.C. section 305 and concerns overlapping disputes regarding Golden Sphinx Limited and the Beverly Hills property.

**2. *In re Aleksandr Vitalievich Sabadash*, U.S. Bankruptcy Court for the Central District of California, Case No. 2:23-bk-15574-NB.** This matter is related because Alexander Sabadash is the opposing putative partner in the present case and his recognized foreign representative has appeared in this bankruptcy case.

**3. *Garry Y. Itkin v. Golden Sphinx Limited*, U.S. District Court for the Central District of California, Case No. 2:21-cv-04907-JAK-RAO.** This matter is related because it involves Garry Y. Itkin and Golden Sphinx Limited and arises from overlapping disputes concerning the parties' financial and property rights.

**4. *Aleksandr Aleksandrovich Grant v. AFB Trading One, Inc.*, U.S. District Court for the Central District of California, Case No. 2:25-cv-11869-JFW-MBK.** This matter is related because Aleksandr Grant was a joining creditor in the present bankruptcy case and the District Court action involves evidence and positions concerning the alleged Partnership and related obligations.

These matters arise from the same or closely related transactions and events, call for determination of overlapping factual or legal questions, or otherwise may entail substantial duplication of judicial labor if considered without coordination.

Dated: September 4, 2026

**ATABEK & CO.**

By: ______________________________
Jon A. Atabek
Attorneys for Appellant Garry Y. Itkin

JON A. ATABEK, ESQ. (SBN 269497)
jatabek@atabekandco.com
ATABEK & CO.
250 Newport Center Drive, Suite 306
Newport Beach, California 92660
Telephone: (949) 229-0953
Facsimile: (213) 402-3413
Attorneys for Appellant Garry Y. Itkin

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| | |
|---|---|
| In re ITKIN & SABADASH,<br>Involuntary Debtor. | Case No. 2:25-bk-11235-NB<br>Chapter 7<br>Hon. Neil W. Bason<br>**NOTICE OF PENDENCY OF OTHER ACTIONS OR PROCEEDINGS** |

## NOTICE OF PENDENCY OF OTHER ACTIONS OR PROCEEDINGS

Appellant gives notice of the following proceedings that involve a material part of the subject matter of this bankruptcy appeal:

**1. *AFB Trading One, Inc., et al. v. Garry Y. Itkin, et al.*, Superior Court of California, County of Los Angeles, Case No. BC647351.** The action concerns, among other matters, the alleged partnership between Garry Y. Itkin and Alexander Sabadash, its dissolution, related entities, and asserted rights concerning property and assets. Michael Zorkin, The Zorkin Firm, 6320 Canoga Avenue, 15th Floor, Woodland Hills, California 91367, telephone (323) 493-8075, represents Alexander Sabadash and certain aligned parties.

**2. *Golden Sphinx Limited (in Creditors' Winding Up) v. Garry Yuri Itkin*, Royal Court of Jersey, File No. 2021/149.** That proceeding concerns Golden Sphinx Limited, asserted claims against Garry Y. Itkin, and overlapping disputes regarding property and assets implicated in the related Chapter 15 case. Andrew Wood and Alexander Adam act as Joint Liquidators of Golden Sphinx Limited. Their U.S. counsel appearing in the bankruptcy case is Kurt Ramlo, Ramlo Law, 15021 Ventura Boulevard, No. 544, Sherman Oaks, California 91403.

The overlap includes the alleged existence and assets of the Itkin & Sabadash Partnership, the parties' respective rights, and the asserted ownership or disposition of the Beverly Hills property. This notice is made to permit appropriate coordination and does not concede the jurisdiction, preclusive effect, or merits of any other proceeding.

Dated: September 4, 2026

**ATABEK & CO.**

By: ______________________________

Jon A. Atabek
Attorneys for Appellant Garry Y. Itkin

MICHAEL ZORKIN (Bar No. CA 313308)
Email: mz@thezorkinfirm.com
THE ZORKIN FIRM
6320 Canoga Ave., 15th Floor
Woodland Hills, California 91367
Telephone: 323.493.8075

Attorneys for Putative Partner of Alleged Debtor
Alexander Sabadash

FILED & ENTERED

AUG 24 2026

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY ghaltchi DEPUTY CLERK

CHANGES MADE BY COURT

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>Itkin & Sabadash,<br><br>Debtor, | No. 2:25-bk-11235-NB<br><br>Hon. Neil W. Bason<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION (DKT. 89)**<br><br>Hearing Date: July 21, 2026<br><br>Hearing Time: 2:00 p.m.<br><br>Place: Edward R. Roybal Federal Building and Courthouse<br>255 E. Temple Street,<br>Suite 1552 / Courtroom 1545<br>Los Angeles, CA 90012 |

//

//

//

On July 21, 2026, the Bankruptcy Court held a hearing on Garry Y. Itkin's Motion for Reconsideration of Order Dismissing Involuntary Case [Docket No. 76] And Memorandum of Decision [Docket No. 75] in the above captioned case. Having reviewed the parties' briefing and evidence and having heard arguments of counsel, for reasons stated on the record at the above-captioned hearing (incorporated herein as permitted by Rule 52(a)(1) (Fed. R. Civ. P.), made applicable by Rules 7052 and 9014(c) (Fed. R. Bankr. P.)), the Court orders as follows:

Garry Y. Itkin's Motion for Reconsideration of Order Dismissing Involuntary Case [Docket No. 76] And Memorandum of Decision [Docket No. 75] (Dkt. 89) is denied in its entirety.

###

Date: August 24, 2026

Neil W. Bason
United States Bankruptcy Judge

FILED & ENTERED

JUN 17 2025

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY sumlin DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

In re:

Itkin & Sabadash,

Debtor.

Case No.: 2:25-bk-11235-NB

Chapter: 7

**ORDER DISMISSING INVOLUNTARY PETITION**

Initial Hearing:
Date: April 22, 2025
Time: 11:00 a.m.

Continued Hearing:
Date: June 3, 2025
Time: 2:00 p.m.

Further Continued Hearing (appearances not required):
Date: June 17, 2025
Time: 2:00 p.m.
Place: Courtroom 1545
255 E. Temple Street
Los Angeles, CA 90012
(or via ZoomGov per posted procedures)

//

For the reasons set forth in the concurrently-issued "Memorandum Decision Dismissing Involuntary Petition" (dkt. 75), it is hereby ORDERED:

1) This above-captioned involuntary petition is dismissed.

2) Notwithstanding the dismissal of this case, this Court retains jurisdiction to the full extent provided by LBR 1017-2(f), including with respect to any damages, sanctions, or other issues that might arise with respect to this case.

3) Nothing in this dismissal order should be construed as mooting any motions that seek *in rem* or retroactive relief from the automatic stay. Without further notice, and with or without any written order, this Court may determine that any other pending motion or adversary proceeding is or is not mooted by the dismissal of this case. *See In re Carraher*, 971 F.2d 327, 328 (9th Cir. 1992); *In re Casamont Investors, Ltd.*, 196 B.R. 517, 522-26 (9th Cir. BAP 1996).

###

Date: June 17, 2025

Neil W. Bason
United States Bankruptcy Judge

FILED & ENTERED

JUN 16 2025

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY ghaltchi DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>Itkin & Sabadash,<br><br>Debtor. | Case No.: 2:25-bk-11235-NB<br><br>Chapter: 7<br><br>**MEMORANDUM DECISION DISMISSING INVOLUNTARY PETITION**<br><br>Initial Hearing:<br>Date: April 22, 2025<br>Time: 11:00 a.m.<br><br>Continued Hearing:<br>Date: June 3, 2025<br>Time: 2:00 p.m.<br><br>Further Continued Hearing (appearances not required):<br>Date: June 17, 2025<br>Time: 2:00 p.m.<br>Place: Courtroom 1545<br>255 E. Temple Street<br>Los Angeles, CA 90012<br>(or via ZoomGov per posted procedures) |

On February 19, 2025 an involuntary bankruptcy petition (dkt. 1) was filed against the above-captioned alleged Debtor, Itkin & Sabadash, by its alleged partner Garry Y. Itkin ("Mr. Itkin"). In response, the other alleged partner, Alexander Sabadash ("Mr. Sabadash"), has filed a motion to dismiss the petition, or alternatively for summary judgment of dismissal (dkt. 8, the "MTD").

Mr. Sabadash asserts that the alleged partnership "Itkin & Sabadash" never existed, and therefore that this Court lacks jurisdiction because Itkin & Sabadash is not a "person" that can be a debtor under § 303(b)(3), § 109(a), and § 101(41).[1] In the alternative, he argues that at the very least there is a _bona fide dispute_ about the existence of any Itkin & Sabadash partnership, and hence about the existence of any purported debts of Itkin & Sabadash. Therefore, he argues, this Court cannot grant the involuntary petition because it is impossible to find that there are any debts that are not "subject to a _bona fide dispute_ as to liability or amount" such that Itkin & Sabadash could be found to be "generally not paying [its non-disputable] debts." § 363(h) (emphasis added). In the alternative, he argues that this Court should abstain in favor of an earlier filed Chapter 15 proceeding (*In re Golden Sphinx Ltd.*, Case No. 2:22-bk-14320-NB) "involving the same estate." MTD (dkt. 8) PDF p. 2:14-15.

Mr. Itkin's principal counter-arguments are that the existence of the alleged partnership Itkin & Sabadash has been determined by courts in both Russia and California, and that Mr. Sabadash presents no admissible evidence to the contrary. Alternatively, Mr. Itkin argues that the involuntary petition, which has now been joined in and supported by several alleged creditors of Itkin & Sabadash (*see* dkt. 10-14 and 25-33), states at least a "plausible" claim for relief. *See* Rule 12(b)(6) (incorporated by Rules 7012 and 9014(c)). Alternatively, to the extent that this Court applies Rule 56 (incorporated by Rules 7056 and 9014(c)), Mr. Itkin argues that there is a "genuine dispute" as to material facts regarding the existence of the alleged partnership Itkin & Sabadash. Opp. (dkt. 16) p. 12:7–25:22.

Mr. Sabadash counters this last argument by asserting that the presence of a "genuine dispute" as to the existence of the alleged partnership actually means that he is entitled to dismissal of the involuntary petition. His argument is that because the

---

[1] Unless the context suggests otherwise, a "chapter" or "section" ("§") refers to the United States Bankruptcy Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code"), a "Rule" means the Federal Rules of Bankruptcy Procedure or other federal or local rule, and other terms have the meanings provided in the Bankruptcy Code, Rules, and the parties' filed papers.

burden is upon petitioning creditors to show the absence of a bona fide dispute, *In re Vortex Fishing Sys., Inc.*, 277 F.3d 1057, 1069 (9th Cir. 2002), Mr. Itkin's "[o]pposition, even if taken at face value, only helps establish a bona fide dispute over the existence of the partnership and the validity of the derivative creditor claims." Reply (dkt. 21) pp. 21:26–28.

For the reasons set forth below, this Court will dismiss the involuntary petition on three alternative grounds. First, this Court will enter a summary judgment of dismissal under Rule 56. Second, supposing for the sake of discussion that the MTD would be more properly treated under Rule 12, this Court will dismiss the involuntary petition under that rule. Third, this Court will grant Mr. Sabadash's request that this Court abstain under § 305.

**1. PROCEDURAL ISSUES**

**(a) Mr. Sabadash's request for dismissal is more properly adjudicated under Rule 56 rather than Rule 12; but alternatively the same outcome applies under either rule**

The MTD seeks dismissal of the involuntary petition under Rule 12(b)(1) and, at least nominally, under Rule (b)(6). In support of that request, Mr. Sabadash relies extensively upon materials outside the pleadings. He does not address how that would be permissible under Rule 12(b)(6).[2] Rather, his theory is that reliance upon such extrinsic materials is appropriate within the context of a Rule 12(b)(1) motion because, "[i]n resolving a factual attack on <u>jurisdiction</u>, the [trial] court may review evidence beyond the complaint without converting the motion to dismiss into a motion for

---

[2] Mr. Sabadash's MTD briefly recites the legal standards under paragraph "(6)" of Rule 12(b) ("failure to state a claim upon which relief can be granted"), which is different from the bulk of his argument that focuses on paragraph "(1)" of that rule ("lack of subject-matter jurisdiction"). *See* MTD (dkt. 8) p. 8:19–27. But every argument he presents depends upon materials outside the pleadings that are not properly considered within the context of a Rule 12(b)(6) motion. It is true that in limited circumstances this Court may consider extrinsic materials when adjudicating a Rule 12(b)(6) motion. *See, e.g., Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). But none of those limited exceptions would allow this Court to consider the extrinsic materials introduced by Mr. Sabadash were it to apply Rule 12(b)(6) when considering his MTD. Therefore, this Court declines to consider the MTD under Rule 12(b)(6), and instead the remainder of this discussion addresses the MTD under Rule 12(b)(1) and Rule 56.

summary judgment." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citation omitted, emphasis added).

Under Rule 12(b)(1), a motion to dismiss must be treated as a motion for summary judgment when "the jurisdictional issue and substantive issues ... are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits." *Safe Air*, 373 F.3d 1035, 1040. The jurisdictional issues (whether the Itkin & Sabadash partnership exists) are so intertwined with the substantive issues (whether the alleged Debtor is not a "person" or whether there are no genuine debts of the alleged Debtor that are not being paid as they come due because the partnership does not exist) that they cannot be separated.

Under Rule 12(d), if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56" and all "parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *See also Dep't of Revenue v. Blixseth*, 942 F.3d 1179, 1182 (9th Cir. 2019). Both parties have had "a reasonable opportunity" to present all such material. Among other things, after this Court conducted the Initial Hearing as set forth in the caption above, Mr. Itkin requested authorization to file supplemental papers responding to evidence introduced in Mr. Sabadash's reply. Dkt. 45 & 48. This Court grants Mr. Itkin's request and has considered the supplemental brief that he filed on May 1, 2025 (dkt. 45) and, because this Court is not persuaded by that supplemental brief, it is not necessary to provide additional time for Mr. Sabadash to respond to that brief.

This Court has also reviewed (A) the proofs of claim filed by Progressive Management Inc. (POC 1-1), Jeff Ratner and Associates Inc. (POC 2-1 and 3-1), Alexei Kurochkin (POC 4-1), Evgeniv Avilov (POC 5-1), Elena Gofman (POC 6-1), Maria Habarova (POC 7-1), Ildar Shadaev (POC 8-1), Maria Samsonova (POC 9-1), and Atabek & Co. (POC 10-1); (B) the objections to each of those proofs of claim filed by Mr. Sabadash (dkt. 22–23 & 25–33); (C) the oppositions to Mr. Sabadash's claim objections

filed by each claimant (dkt. 52–62); (D) Mr. Sabadash's omnibus reply in support of his claim objections (dkt. 63); and (E) the joinders to the involuntary petition filed by alleged creditors Elena Gofman (dkt. 11), Evgeniy Avilov (dkt. 12), Maria Samsonova (dkt. 13), Ildar Shadaev (dkt. 14), Progressive Management, Inc. (dkt. 49), Jeff Ratner & Associates Inc. (dkt. 50), Alexey Kurochkin (dkt. 51), and Atabek & Co. (dkt. 60).

In papers filed on April 8, 2025, Mr. Itkin contends that Mr. Sabadash's request for dismissal of the involuntary petition should not be treated under Rule 56, because Mr. Itkin was not provided sufficient time to respond to the request under this Court's local rules, and Mr. Sabadash failed to comply with other procedural requirements applicable to requests for relief under Rule 56 – such as filing a statement of uncontroverted facts and conclusions of law and a proposed form of summary judgment. Opp. (dkt. 16) p. 20:9–15. But analyzing the motion under Rule 56 does not prejudice Mr. Itkin, because as set forth above this Court has considered Mr. Itkin's supplemental brief. That brief was filed on May 1, 2025 – 42 days after the filing of Mr. Sabadash's motion on March 20, 2025. Under the Local Bankruptcy Rules, Mr. Itkin is entitled to a period of only 21 days to respond to a Rule 56 motion. LBR 7056-1(c)(1). Therefore, Mr. Itkin's response time has not been shortened. In addition and in the alternative, this Court has the authority to "waive the application of any Local Bankruptcy Rule in any case or proceeding … in the interest of justice." LBR 1001-1(d). Finally, under Rule 1001, "[w]hen a petition in an involuntary case is contested, the court must: (1) rule on the issues presented *at the earliest practicable time*; and (2) *promptly* issue an order for relief, dismiss the petition, or issue any other appropriate order" (emphasis added).

Alternatively, although it is appropriate to treat Mr. Sabadash's MTD as a request for the entry of summary judgment under Rule 56 dismissing the involuntary petition (as opposed to a request for entry of an order granting a Rule 12(b)(1) motion dismissing the petition), this Court would ultimately reach the same result regardless of whether it

proceeded under Rule 12(b)(1) or Rule 56. To assure a complete record, the legal standards applicable under both Rules 12(b)(1) and 56 are set forth below.

**(b) Rule 12(b)(1)**

Under Rule 12(b)(1), a party may move to dismiss a complaint "for lack of subject-matter jurisdiction ...." "A Rule 12(b)(1) jurisdictional attack may be facial or factual. In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citation omitted). In adjudicating a Rule 12(b)(1) jurisdictional attack, this Court need not presume the truthfulness of the allegations in the complaint. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cnty.*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).

**(c) Rule 56**

Under Rule 56(a), summary judgment (on all or on part of a claim) is proper when the pleadings, discovery, and affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. The evidence and inferences therefrom must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). But a mere "scintilla" of evidence in opposition to summary judgment is insufficient. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

**"Genuine":** If one party's "version of events is so utterly discredited by the record that no reasonable jury could have believed him" summary judgment is

appropriate. *Scott v. Harris,* 550 US 372, 380 (2007). But the Ninth Circuit has observed that "cases where intent is a primary issue generally are inappropriate for summary judgment[.]" *Provenz v. Miller,* 102 F.3d 1478, 1489 (9th Cir. 1996). As the Bankruptcy Appellate Panel for the Ninth Circuit has explained: "Fraud claims, in particular, normally are so attended by factual issues (including those related to intent) that summary judgment is seldom possible." *In re Stephens,* 51 B.R. 591, 594 (9th Cir. BAP 1985).

**"Material":** Material facts which would preclude entry of summary judgment are those which, under applicable substantive law, could affect the outcome of the case. The substantive law will identify which facts are material. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). At the summary judgment stage, the court does not weigh the evidence and determine the truth of the matter, but determines whether there is a genuine issue for trial. *Id.* at 249.

**Shifting burdens:** The moving party bears the initial burden of showing that there is no genuine issue of material fact. If the moving party meets its initial burden, the burden then shifts to the non-moving party to set out, by affidavits or admissible discovery material, specific facts showing a genuine issue for trial. *Celotex*, 477 U.S. at 324. The party opposing summary judgment must produce affirmative evidence that is sufficiently probative on the issue that a jury reasonably could rely on that evidence to decide the issue in his or her favor at trial. *Matsushita Elec. Indust. Co., Inc. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986). Without such evidence, there is no reason for a trial. *Celotex*, 477 U.S. at 323. *See also Nissan Fire and Marine Ins. Co. v. Fritz,* 210 F.3d 1099, 1103 (9th Cir. 2000) (analyzing burdens of production and proof).

**Evidence:** Finally, the evidence presented by the parties must be admissible, or at least it must be capable of later being presented in admissible form if the litigation were to proceed to trial. *JL Beverage Co., LLC v. Jim Beam Brands Co.,* 828 F.3d 1098, 1110 (9th Cir. 2016); *Sec. & Exch. Comm'n v. Strategic Glob. Invs., Inc.*, 262 F.Supp.3d 1007, 1019 (S.D. Cal. 2017) (hearsay evidence could be considered on

summary judgment "if the content of the evidence proffered could later be provided in an admissible form at trial") (citing *JL Beverage*).

A party cannot create a genuine issue of fact simply by filing a sworn statement that contradicts an earlier sworn statement. *See, e.g., Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991).

**2. LEGAL STANDARDS APPLICABLE TO DISMISSAL OF AN INVOLUNTARY PETITION**

An involuntary petition against a partnership may be commenced "by fewer than all of the general partners in such partnership ...." § 303(b)(3). But, as set forth in § 303(h)(1), when an involuntary petition is contested "the court shall order relief ... only if the debtor is generally not paying such debtor's debts as such debts become due unless such debts are the subject of a *bona fide dispute* as to liability or amount ...." (Emphasis added.) A "bona fide dispute" exists if "there is an objective basis for either a factual or a legal dispute as to the validity of the debt." *In re Vortex Fishing Sys., Inc.*, 277 F.3d 1057, 1064 (9th Cir. 2002). "[T]he *burden is on the petitioning creditors* to show that no bona fide dispute exists.... [I]f there is either a genuine issue of material fact that bears upon the debtor's liability, or a meritorious contention as to the application of law to undisputed facts, then the petition must be dismissed." *Id.* (citation omitted; emphasis added).

Very similar issues were presented in the case of *In re Leong Partnership*, 2018 WL 1463852 (9th Cir. BAP Mar. 23, 2018), *aff'd*, 788 F. App'x 539 (9th Cir. 2019). In *Leong Partnership* the Bankruptcy Appellate Panel of the Ninth Circuit (the "BAP") affirmed the bankruptcy court's entry of summary judgment dismissing an involuntary petition filed against an alleged partnership. Acknowledging that application of the summary judgment standard was "somewhat confusing" in the context before it, the BAP explained that to be entitled to summary judgment dismissing the involuntary petition, the debtor was "required ... to establish that there was *no genuine dispute that [the claims asserted against the alleged debtor] were disputed*." *Leong Partnership*,

2018 WL 1463852, at *7 & n. 13 (emphasis added). Among other genuine disputes in *Leong Partnership,* the "equivocal nature" of the evidence regarding the existence of any partnership "demonstrated the existence of a bona fide dispute as to the existence of the partnership and, by extension, the existence of any claims against such entity." *Id.* at *8.

**3. DISCUSSION**

Mr. Sabadash's primary argument is that dismissal of the involuntary petition is required because "there can be no doubt that a bona fide dispute exists as to the existence of the debtor [the Alleged Partnership] and the debt." Motion (dkt. 8) p. 8:1–2. Mr. Itkin counters that the Itkin & Sabadash partnership has existed since 1998, and that judgments entered against the partnership by courts in Russia and the United States preclude Mr. Sabadash from challenging the existence of the partnership. Opp. (dkt. 16) pp. 13:5–27:14. This Court first examines whether Mr. Sabadash is precluded from contesting the existence of the partnership, and then turns to the question of whether Mr. Itkin has failed to establish a genuine issue that the claims to which he points are beyond bona fide dispute.

**(a) Mr. Sabadash is Not Precluded from Contesting the Existence of the Alleged Partnership**

**(i) Legal standards for preclusion**

To determine the preclusive effect of an existing nonbankruptcy court judgment, the bankruptcy court generally "must apply the forum state's law of issue preclusion." *In re Plyam*, 530 B.R. 456, 462 (9th Cir. BAP 2015). This requirement emanates from 28 U.S.C. § 1738, which provides that state judicial proceedings "shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State ... from which they are taken." The Supreme Court has explained that this statute "directs a federal court to refer to the preclusion law of the State in which judgment was rendered." *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985).

As to any final rulings of the California Courts, California preclusion law applies. As to Russian judgments, the parties have not briefed whether any preclusion law other than California preclusion law applies or, if so, whether such other law would apply any materially different standards. In the absence of such briefing, and based on this Court's general understanding that similar principles apply to the preclusive effect of foreign judgments as to domestic judgments, this Court will apply California preclusion law. Any arguments for a different standard are deemed waived and forfeited. *See Hamer v. Neighborhood Housing Svcs.,* 138 S.Ct. 13, 17 n. 1 (2017) (distinguishing waiver and forfeiture).

California preclusion law requires that:

> 1) The issue sought to be precluded from relitigation is identical to that decided in a former proceeding;
> 2) The issue was actually litigated in the former proceeding;
> 3) The issue was necessarily decided in the former proceeding;
> 4) The decision in the former proceeding is final and on the merits; and
> 5) The party against whom preclusion is sought was the same as, or in privity with, the party to the former proceeding. [*Lucido v. Super. Ct.*, 795 P.2d 1223, 1225 (Cal. 1990).]

Even if all five elements are satisfied, preclusion is appropriate "only if application of preclusion furthers the public policies underlying the doctrine." *In re Harmon*, 250 F.3d 1240, 1245 (9th Cir. 2001) (citing *Lucido*, 795 P.2d 1223, 1225). In California, the public policies supporting preclusion are "preservation of the integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment by vexatious litigation." *Lucido*, 795 P.2d 1223, 1227.

**(ii) Rulings against Itkin & Sabadash by courts in Russia are not preclusive**

Mr. Itkin relies in part on rulings of the Russian courts to establish that the partnership Itkin & Sabadash exists. The first ruling, on September 14, 2018, is a Judgment by the Arbitration Court of the City of Moscow (the "Moscow Arbitration Court") in favor of Ms. Elena Gofman, and against Itkin & Sabadash, in the amount of 826,000 rubles, based upon Itkin & Sabadash's failure to pay Ms. Gofman for consulting

services that she claimed to have performed on behalf of the alleged partnership. Judgment (Ex. C to Opp. (dkt. 16-1) (PDF pp. 22–27 of 187) (certified translation of judgment).

The Moscow Arbitration Court's Judgment appears – if considered in isolation – to support Mr. Itkin's arguments that the alleged partnership exists, and moreover that Mr. Sabadash has personal financial liability (with Mr. Itkin) for the partnership debt to Ms. Gofman:

> [Ms. Gofman] may request payment for services rendered from each of the partners of Simple Partnership "Itkin and Sabadash"; when *personal financial liability* is calculated, respective shares in partnership interest are to be taken into consideration, as per *Simple Partnership Agreement*, namely: G. Y. Itkin: - 33%, A. V. *Sabadash: - 67%*, which is confirmed by G. U. Itkin's response dated 06/07/2018. [Judgment of Moscow Arbitration Court, p. 3 (Ex. C to Opp., dkt. 16) (certified translation) (Bates p. 24 of 187) (emphasis added).]

Mr. Sabadash appealed the judgment, arguing among other things that he had been unable to participate in the proceedings before the Moscow Arbitration Court because he had been incarcerated. But on September 12, 2019, the Ninth Arbitration Court of Appeal (the "Russian Appellate Court") affirmed the judgment. That court declined to consider Mr. Sabadash's arguments in opposition to the judgment.

The Russian Appellate Court ruled that the Moscow Arbitration Court had not in fact made any decision as to the rights and obligations of Mr. Sabadash, including whether he was deemed to be a member of the Alleged Partnership:

> [Mr. Sabadash's] position is that the [Moscow Arbitration] Court made its decision as to [his] rights and obligations, *deeming [him] to be a member of the Simple Partnership "Itkin and Sabadash"* ***which is factually incorrect***.
>
> The Panel of Judges believes that *the decision of the trial court does not address Mr. Sabadash's personal rights and obligations*.
>
> There is no reference to Mr. Sabadash's personal rights or obligations in either *the resolutive or the declarative parts* of the court decision. [Ruling of the Russian Appellate Court (Ex. 17 to Reply, dkt. 21-1, PDF pp. 51–52 of 68) (certified translation) (emphasis added).]

This Bankruptcy Court interprets the above-quoted language from the Russian Appellate Court to mean that the previously-quoted language from the Moscow

Arbitration Court is dicta. Thus, there was no "decision" in the "resolutive or the declarative parts" of the Judgment about either the existence of the partnership or Mr. Sabadash's personal rights and obligations.

The Russian Appellate Court went on to hold that Mr. Sabadash lacked standing to participate in the appeal because he had not been a party to the underlying lawsuit and, even if he were a partner in the alleged partnership of Itkin & Sabadash, that did not make him "directly" affected:

> Mr. Sabadash is not party to the lawsuit. The mere existence of a simple partnership agreement does not form sufficient basis for allowing Applicant to appeal the ruling.
>
> Furthermore, having an interest in the outcome of the case does not vest Mr. Sabadash who is not party to the claim with the right to appeal the judicial ruling. Individuals who are not party to a court action may appeal judicial rulings only if they are able to demonstrate that said ruling not only impacted said individual's personal rights and obligations, but that it *directly* addressed said rights and obligations.
>
> According to Article 264, Part 1, Paragraph 1 of the Arbitration Procedure Code of the Russian Federation, the Arbitration Court of Appeals must deny the appeal if in the process of determining whether to accept the complaint the court will have established that appellant had no legal standing to file the appeal. [Ruling of the Court No. 09AP-43744/2019-GK (Ex. 17 to Reply, dkt. 21-1, PDF pp. 51–52 of 68) (certified translation) (emphasis added).]

The Russian courts had before them a written contract purporting to be between Ms. Gofman and the alleged Itkin & Sabadash partnership, and they ruled that this contract was enforceable, while leaving for another day any disputes between Mr. Itkin and Mr. Sabadash about their respective liabilities for the debt to Ms. Gofman, including whether or not the alleged partnership between them even existed and whether (as Mr. Sabadash alleges) Mr. Itkin forged his signature on the contract (but perhaps gave Mr. Itkin at least apparent authority to act for him). In any event, whatever the reasoning of the Russian Appellate Court, its holding seems clear: any assertion that an actual decision had been made about the existence of the alleged partnership Itkin & Sabadash was "factually incorrect." Ruling of the Russian Appellate Court (Ex. 17 to Reply, dkt. 21-1, PDF pp. 51–52 of 68) (certified translation).

Mr. Itkin argues to the contrary, citing an "Information Summary" issued by a single Deputy Presiding Judge of the Russian Appellate Court. Ex. D to Opp. (dkt. 16-1) at PDF pp. 32-42 of 187 (English translation). But Mr. Itkin cites no authority that the "Information Summary" qualifies as a judgment or decision that would be entitled to preclusive effect, especially when it does not address the apparently plain statement of the Russian Appellate Court that it is "factually incorrect" to assert that any decision was made about the existence of the alleged partnership.

Alternatively, supposing for the sake of argument that the rulings of the Russian courts did in fact affirm the existence of the alleged partnership Itkin & Sabadash (which they did not), the existence of any partnership at the time of Ms. Gofman's litigation is irrelevant to (i) whether any such partnership continues to exist today and, thus, whether it is a "person" that is eligible to be a debtor in bankruptcy, or (ii) whether it existed at other times in connection with other purported debts. The Moscow Arbitration Court's Judgment found that Ms. Gofman's services were performed from "February … 2004 to … December of 2006" and the partners (assuming for the sake of discussion that they ever were partners) might have held themselves out as a partnership only as to Ms. Gofman and only during that time period. Indeed, Mr. Itkin has testified, in other litigation between him and Sabadash-related entities, that "the partnership ended" in 2016, which illustrates the point that it could have ended at any time. *See* Judgment, p. 3 (Ex. C to Opp. (dkt. 16-1) (PDF pp. 22–27 of 187) (certified translation of judgment) *and* Trial Tr. 3/11/20, pp. 25:25-26:3 (AFB Trading One, Inc. et al. v. Itkin et al., Cal. Superior Ct., Case No. BC647351) (Ex. 9 to MTD, dkt. 8-1, at PDF pp. 74-75 of 86).

Alternatively, assuming for the sake of discussion that the Russian courts' rulings undermined the MTD (which they do not) and that Ms. Gofman could have filed a written opposition to the MTD on that basis, she did not file any such written opposition. Mr. Itkin has not cited any authority that he is in privity with Ms. Gofman for this purpose. To the contrary, Mr. Itkin's own papers cite authority that, by analogy, suggests that he cannot use litigation between Ms. Gofman and himself (acting on

behalf of the alleged partnership Itkin & Sabadash) against Mr. Sabadash: "'[i]t is generally recognized that partners are not in such privity with one another that a judgment against one partner in an action brought against him personally on a tort arising out of the partnership business is res judicata when the same issues are raised in subsequent litigation against another partner.'" *Patel v. Crown Diamonds, Inc.*, 247 Cal. App. 4th 29, 39, (Cal. Ct. App. 2016), *as modified* (Apr. 29, 2016) (citation omitted).

Proceedings pertaining to the Judgment in California further undercut Mr. Itkin's attempts to weaponize that Judgment for the purpose of invoking its alleged preclusive effect against Mr. Sabadash. In April 2019, Ms. Gofman filed a complaint in the Los Angeles Superior Court (the "State Court") seeking recognition of the Judgment. Itkin Decl. (dkt. 16) ¶ 41 & Ex. E (dkt. 16-1, PDF pp. 56–97 of 187). Mr. Sabadash attempted to intervene in the recognition action, but the State Court denied his application for leave to file an amended answer to Ms. Gofman's complaint on behalf of the alleged Itkin & Sabadash partnership. Itkin RJN (dkt. 17) Ex. 19 (PDF pp. 194–202 of 260). The State Court's minute order explained that the "attorney filing this application apparently indicates that his client does not exist," and that a "non-existing entity has no ability to bring a motion." Itkin RJN (dkt. 17) Ex. 20 (PDF p. 204 of 260). On November 7, 2019, the State Court entered judgment in favor of Ms. Gofman recognizing the Moscow Arbitration Court's judgment (the "Recognition Judgment"). Itkin RJN (dkt. 17) Ex. 21 (PDF pp. 206–07 of 260). Specifically, the Recognition Judgment held that Itkin & Sabadash owed Ms. Gofman $13,130.83. *Id.*

As noted above, preclusion is appropriate only if the "party against whom preclusion is sought was the same as, or in privity with, the party to the former proceeding." *Lucido v. Super. Ct.*, 795 P.2d 1223, 1225 (Cal. 1990).

"Privity exists where the nonparty has an identity of interest with, *and adequate representation by*, the party in the first action and the *nonparty should reasonably expect to be bound* by the prior adjudication." *Helfand v. Nat'l Union Fire Ins. Co.*, 10 Cal. App. 4th 869, 902 (Cal. 1992) (emphasis added). As discussed above, the State Court refused to permit Mr. Sabadash to file papers on behalf of the alleged Itkin & Sabadash partnership contesting Ms. Gofman's entitlement to recognition of the Judgment in the state of California. The State Court did not consider Mr. Sabadash's argument that the answer that Mr. Itkin had filed on behalf of the alleged partnership was part of a scheme "to manufacture evidence to support [Mr. Itkin's] frivolous and malicious claim for dissolution of partnership" in other litigation. Motion for Leave to File Amended Answer p. 1:2–4 [Itkin RJN (dkt. 17) Ex. 19 (PDF pp. 194–202 or 260)]. It cannot be said that any party adequately represented Mr. Sabadash's interests before the State Court, and therefore there is no reason why Mr. Sabadash should "reasonably expect to be bound" by the State Court's adjudication of issues pertaining to the alleged partnership, *Helfland*, 10 Cal. App. 4th 869, 902.

A different result might be compelled if, for example, the State Court had refused to consider Mr. Sabadash's arguments as a sanction for litigation misconduct. That, however, is not what occurred. As described above, the State Court's minute order explained that it would not permit Mr. Sabadash to be heard as a result of Mr. Sabadash's position that the Itkin & Sabadash partnership did not exist. *See* Minute Order (Itkin RJN (dkt. 17) Ex. 20 (PDF p. 204 of 260)) (stating that the "attorney filing this application apparently indicates that his client does not exist," and that a "non-existing entity has no ability to bring a motion").

This Court is fully aware that, under the *Rooker-Feldman* doctrine, it has "no authority to review the final determinations of a state court in judicial proceedings." *In re Gruntz*, 202 F.3d 1074, 1078 (9th Cir. 2000) (citation omitted). It is therefore worth emphasizing that this Court is expressing no opinion as to the merits of the State Court's actions. Instead, this Court's role is limited to determining whether the

Recognition Judgment precludes Mr. Sabadash from now challenging the existence of the Itkin & Sabadash partnership.

To summarize the foregoing analysis, this Court does not interpret the Russian Courts' judgments as having decided the existence of the alleged Itkin & Sabadash partnership. Alternatively, Mr. Itkin has not established that he has any privity that would entitle him to rely on Ms. Gofman's Russian judgments or the Recognition Judgment by the California Court, such that Mr. Itkin could apply any rulings of any of those Courts against Mr. Sabadash.

In addition, one of the public policies underlying the issue preclusion doctrine – "preservation of the integrity of the judicial system" (*Lucido*, 795 P.2d 1223, 1227) – supplies an alternative and equally compelling reason for declining to apply the doctrine. The Recognition Judgment awarded Ms. Gofman $13,130.83 against Itkin & Sabadash. Recognition Judgment p. 2 (Itkin RJN (dkt. 17) Ex. 21 (PDF pp. 206–07 of 260)). The question presented by the filing of this involuntary petition – the existence of the alleged Itkin & Sabadash partnership – has the potential to determine which court presides over the disposition of assets worth tens, if not hundreds, of millions of dollars. Nothing in the record indicates that in determining whether to issue the Recognition Judgment, the Russian Courts or the State Court enjoyed the benefit of an adversarial process with respect to the issue of whether that partnership existed. To the contrary, it appears that the opposite was true – as Mr. Sabadash summarizes the proceedings, "Mr. Itkin, purporting to act on behalf of the partnership, strategically and promptly admitted allegations, revived the time-barred suit in Russia, admitted allegations once more in California, and conceded a judgment against the purported partnership by failing to oppose Gofman's motion for judgment on the pleadings." Reply (dkt. 21) p. 9:15–19.

Under these circumstances, the integrity of the judicial system would be severely impaired if this Court were to accord preclusive effect to the Recognition Judgment to bar Mr. Sabadash from now challenging the existence of the alleged Itkin & Sabadash partnership. As stated by one California court, "[e]ven if the minimal requirements for

application of collateral estoppel [aka issue preclusion] are satisfied, courts will not apply the doctrine if considerations of policy or fairness outweigh the doctrine's purposes as applied in a particular case, or if the party to be estopped had no full and fair opportunity to litigate the issue in the prior proceeding." *Kerner v. Superior Ct.*, 206 Cal. App. 4th 84, 125 (2012), *as modified* (May 21, 2012) (citation omitted).

**(b) Mr. Itkin has failed to establish a genuine issue that his claims are beyond bona fide dispute**

To support the existence of the partnership, Mr. Itkin relies upon a document captioned "Minutes of the Meeting of Partners of Simple Partnership 'Itkin & Sabadash'" (the "Partnership Minutes") dated February 12, 2004. Itkin Decl. (dkt. 16) pp. 37:13–38:6 & Ex. A (dkt. 16-1, PDF pp. 2–5 of 187). According to Mr. Itkin, at the recommendation of tax lawyer Elena Gofman (the same person whose judgment he relies upon for the existence of the alleged partnership), he and Mr. Sabadash "held an in-person partnership meeting in Moscow, Russia, on February 12, 2004, at which [Ms. Gofman][3] was present at which we discussed and confirmed the terms of the verbal partnership we had entered into in 1998." Itkin Decl. (dkt. 16) p. 37:23–26. Mr. Itkin maintains that after that meeting, Ms. Gofman prepared the Partnership Minutes, which he and Mr. Sabadash then signed. *Id.* p. 37:27–38:6. Mr. Itkin states that the Partnership Minutes were not prepared until 2004 – six years after he and Mr. Sabadash orally agreed to become partners – because only at that time did it become necessary for Mr. Itkin to become the sole public face of the partnership as a result of Mr. Sabadash's election to the Russian Senate. *Id.* p. 37:13–20.

The Partnership Minutes summarize the purported creation of the Itkin & Sabadash partnership as follows:

> In 1998, in the City of Los Angeles, the Partners entered into a mutually beneficial agreement establishing Simple Partnership "Itkin & Sabadash", and agreeing to combine their assets, monetary funds, other financial

[3] At the time of the meeting, Ms. Gofman was known as "Elena Nikolayevna Vasilieva." She subsequently changed her surname to "Gofman." To avoid confusion, this Court refers to Ms. Gofman by her current surname regardless of the time period.

> resources, as well as the value of their education, professional experience, business reputation and business connections to jointly conduct business activities without forming a legal entity; based on successful business experience and mutual business interests, for purposes of effectively managing _assets contributed to the Partnership by Alexander Vitalyevich Sabadash_ (hereinafter, the "Assets"), and to achieve maximum financial success. _Garry Yuri Itkin made a commensurate contribution to the Partnership by virtue of his academic background, professional experience, business reputation and connections_. Any and all of the assets contributed and owned outright by the Partners, as well as the products, income or assets created or accrued as the result of their joint efforts, shall be deemed as Partnership Assets and are divided among Partners proportionally to their contributions as follows: Alexander Vitalyevich Sabadash – 67%, Garry Yuri Itkin – 33%. [Partnership Minutes ¶ 1 (dkt. 16-1, Ex. A, PDF pp. 2–5 of 187) (emphasis added).]

Mr. Sabadash maintains that the Partnership Minutes are a forgery. In litigation conducted before the State Court, Mr. Sabadash testified:

> In 2000, I hired Itkin as an accountant and financial manager for my U.S. and European business entities. To that end, I appointed Itkin an officer and/or director of several corporations wholly owned by me. Itkin's primary duties included accounting and tax services. Additionally, Itkin would sometimes negotiate contracts on behalf of my businesses and on my behalf, subject to my approval. In his fiduciary function as accountant and financial manager, Itkin had access to bank accounts of the corporations which he managed and ensured my business bank accounts were not overdrawn and bills were timely covered. Itkin was also charged with ensuring that property taxes and maintenance bills for my U.S. residence were paid. Itkin has never held any ownership interest in any company that I own directly or beneficially.
>
> I have never offered, consented, or otherwise agreed to enter into a partnership with Itkin. He and I have never been business partners in any enterprise. Itkin has never had any equity interest in any of my assets, real estate, or businesses....
>
> I have never met or spoken with Elena Gofman (or Vasilieva). I have never hired her to perform any services. I am not aware of any services she performed for any of my businesses....
>
> I have never seen or approved the [Partnership Minutes]. My signature on that document is a forgery. The contents of that document are false. [Sabadash Decl. ¶¶ 1–3 & 6–7 (dkt. 8-1, Ex. 3, PDF pp. 39–40 of 86).][4]

[4] Mr. Itkin objects to this testimony as inadmissible hearsay. That objection is overruled. The testimony is offered not to establish the truth of the matters set forth therein, but instead to demonstrate the existence

As explained in "Part 2" of this Memorandum Decision (above), to be entitled to entry of summary judgment dismissing the involuntary petition, Mr. Sabadash is required only to show that a bona fide dispute exists either as to the existence of the Itkin & Sabadash partnership or as to the validity of the claims asserted against the partnership. Mr. Sabadash has met that standard. He has shown that there is no genuine dispute that there does in fact exist a bona fide dispute as to both the existence of the partnership and the validity of the claims asserted against the alleged partnership.

Notably, to obtain a summary judgment of dismissal, Mr. Sabadash is _not_ required to show the *absence* of a genuine dispute as to the existence of the partnership. Under that more demanding standard, this Court could not issue a summary judgment of dismissal, because there clearly is a genuine dispute as to whether the Itkin & Sabadash partnership exists. But the standard that this Court must apply is far more lenient to Mr. Sabadash. He must show only that there is no genuine dispute that the existence of the partnership, or the claims against the partnership, are in fact subject to a bona fide dispute. Put another way, he must show that there _is_ a genuine issue of material fact as to either the existence of the Itkin & Sabadash partnership or its liability for damages.

This Court has little difficulty in concluding that Mr. Sabadash has carried his burden. The evidence proffered by Mr. Itkin to establish the existence of the partnership is replete with inconsistencies and contradictions – thereby demonstrating the existence of genuine issues of material fact. To give only a few examples:

(1) Mr. Itkin testifies that initially he declined Mr. Sabadash's offer to become business partners because at the time "Russia was run largely by various local mafias, where poverty and violent crime were rampant"; Mr. Itkin did not want to give up his successful accounting practice and comfortable life in Los Angeles; and there was no guarantee that the proposed partnership would be successful, because one of Mr. Sabadash's potentially most valuable

---

of a bona fide dispute as to the existence of the Itkin & Sabadash partnership (as distinguished from a frivolous dispute, concocted at the last minute).

business interests, a pulp and paper factor near St. Petersburg, was "controlled by its workers, who refused to recognize private ownership of the plant, and continued to claim communal ownership of it." Itkin Decl. (dkt. 16) p. 34:20–35:7. Mr. Itkin testifies that he ultimately acquiesced and decided to accept the proposal because Mr. Sabadash was so confident that the partnership would succeed that he guaranteed Mr. Itkin a *minimum income of $4 million per year* from the partnership's projected profits. *Id.* p. 35:8–13. Mr. Itkin offers no explanation as to why, despite this alleged promise of an enormous sum of money every year, and despite all of his alleged reluctance to move to Russia without a firm and strong commitment to compensate him for doing so, he did not bother to obtain a written memorialization of the offer at the time. That failure to insist upon a written agreement is especially striking given that Mr. Itkin was an accountant who presumably would have been aware of the importance of documenting important business transactions.

(2) According to the minutes on which Mr. Itkin relies, he allegedly obtained this minimum of $4 million per year, and a 30% or so interest in assets that turned out to be worth hundreds of millions of dollars, in exchange for a "commensurate contribution" consisting of his "academic background, professional experience, business reputation and connections." Partnership Minutes ¶ 1 (dkt. 16-1, Ex. A, PDF pp. 2–5 of 187). There is no indication that Mr. Itkin's "academic background" is so unique as to be worth anything more than what any other professional could do for a regular fee at a small fraction of the $4 million plus 30% or more that Mr. Itkin claims. The same is true for his "professional experience, business reputation and connections" – there is not even a resume in evidence, let alone any evidence of "connections" that generated tens or hundreds of millions of dollars in revenue, for example.

(3) Mr. Itkin testifies that in 1998, Mr. Sabadash asked Mr. Itkin to become business partners with him, move to Russia, and "take over the operation and growth of *all* of [Mr. Sabadash's] existing business ventures, as well as pursue[] new business ventures." Itkin Decl. (dkt. 16) p. 34:15–18 (emphasis added). He further testifies that he "took steps to modernize/westernize the Partnership's business interests and looked into marketing our products abroad for export [from Russia]." *Id.* p. 36:17–18. But in litigation before the State Court, Mr. Itkin testified that he did not manage cash flow generated by the alleged partnership's operations in Russia and that "I have no clue where" the "Russian flow of funds" originated. Mar. 27, 2019 Itkin Depo. 93:25–94:4 (Zorkin Decl. (dkt. 8) Ex. 1)). This Court can conceive of possible ways to try to reconcile these statements, but at the very least they would only establish that Mr. Sabadash's dispute is bona fide.[5]

(4) Mr. Itkin testifies that when he and Mr. Sabadash "first moved to St. Petersburg, ... [we] lived together in a run-down, one-bedroom apartment that [Mr. Sabadash] informed me was owned by his mother-in-law," and Mr. Itkin "slept on the couch." Itkin Decl. (dkt. 16) p. 36:1–22. He further testifies that "[e]ven when I did rent my own apartment, that apartment was even more squalid – the stairwell constantly smelled of human waste, and the building was dilapidated." *Id.* p. 36:5–6. But in litigation before the State Court, Mr. Itkin testified that "practically right away" after moving to Russia, he began receiving $50,000.00 per month from the partnership. Mar. 27, 2019 Itkin Depo. 148:15–149:1 (Zorkin Decl. (dkt. 8) Ex. 1). Mr. Itkin does not explain why he was required to live in such squalid conditions if he was drawing $50,000.00 per month from the partnership.

[5] Mr. Itkin's prior testimony is admissible for at least the following reason. It is offered not to establish the truth of the matters to which he testifies, but instead to demonstrate the existence of a bona fide dispute as to the existence of the Itkin & Sabadash partnership. *See* n. 3.

(5) Ms. Gofman has not attempted to enforce the Recognition Judgment, which awards her $13,130.83, since it was entered approximately six years ago. Her failure to enforce the Recognition Judgment lends credence to Mr. Sabadash's assertion that the Recognition Judgment was obtained solely as a ploy to preclude Mr. Sabadash from contesting the existence of the partnership. That, in turn, casts doubt about both the existence of the partnership and the validity of Ms. Gofman's claim against it.

To be very clear, this Court is not making a determination under the summary judgment standard that the partnership either does or does not exist. Instead, for all the reasons set forth above, there are genuine issues of material fact as to both the existence of the Itkin & Sabadash partnership and the validity of the claims asserted against it. Within the context of this case, that is sufficient to warrant entry of a summary judgment dismissing the involuntary petition.

**(c) In the alternative, dismissal is warranted under § 305(a)**

Section 305(a) provides:

> The court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if—
> (1) the interests of creditors and the debtor would be better served by such dismissal or suspension; or
> (2)
> (A) a petition under section 1515 for recognition of a foreign proceeding has been granted; and
> (B) the purposes of chapter 15 of this title would be best served by such dismissal or suspension. [11 U.S.C. § 305(a).]

Mr. Itkin contends that the alleged Itkin & Sabadash partnership holds an ownership interest in property located at 58 Beverly Park, Beverly Hills, CA (the "Beverly Hills Property"). Opp. (dkt. 16) p. 4:24. Ownership of the Beverly Hills Property is also at issue in the case of Golden Sphinx Limited (Case No. 2:22-bk-14320-NB, "Golden Sphinx"). On September 9, 2022, this Court entered an order in Golden Sphinx's bankruptcy case granting a petition for recognition of a foreign proceeding pending before the Royal Court of Jersey (the "Royal Court"). Golden Sphinx dkt. 42. Even if the genuine issues of material facts as to the existence of the

Itkin & Sabadash partnership did not entitle Mr. Sabadash to a judgment of dismissal (which they do), abstention and dismissal of this case under § 305 would be warranted.

**4. CONCLUSION**

Based upon the foregoing, a separate judgment dismissing this involuntary petition will be issued concurrent with this Memorandum Decision.

###

Date: June 16, 2025

Neil W. Bason
United States Bankruptcy Judge

Jon A. Atabek, Esq. (SBN 269497)
*(jatabek@atabekandco.com)*
**ATABEK & CO.**
250 Newport Center Drive, Suite 306
Newport Beach, CA 92660
Telephone: (949) 229-0953
Facsimile: (213) 402-3413

Attorneys for Appellant, GARRY Y. ITKIN

**THE UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| | |
|---|---|
| In re ITKIN & SABADASH,<br>Involuntary Debtor. | Case No.: 2:25-bk-11235-NB<br>Chapter 7<br>Assigned: Hon. Neil Bason<br><br>**PROOF OF SERVICE OF APPEAL FILING PACKAGE** |

**PROOF OF SERVICE OF APPEAL FILING PACKAGE**

I am over the age of 18 and am not a party to this bankruptcy case. My business or mailing address is:

Berna Besir

Atabek & Co.

250 Newport Center Drive, Suite 306

Newport Beach, California 92660

On September 4, 2026, I served a true and correct copy of the following documents:

1. Notice of Appeal and Statement of Election,
2. Official Form 417A, with Addendum and copies of Docket Nos. 156, 76, and 75;

3. Statement of Election to Have Appeal Heard by the United States District Court;
4. Notice of Interested Parties;
5. Notice of Related Cases; and
6. Notice of Pendency of Other Actions or Proceedings.

Service by first-class United States mail, postage prepaid, addressed to:

1. Itkin & Sabadash, 8501 Wilshire Boulevard, Suite 330, Beverly Hills, California 90211.
2. Michael Zorkin, The Zorkin Firm, 6320 Canoga Avenue, 15th Floor, Woodland Hills, California 91367.
3. Joseph E. Caceres and Charles Shamash, Caceres & Shamash, LLP, 9701 Wilshire Boulevard, Suite 1000, Beverly Hills, California 90212.
4. Daniel J. McCarthy, Hill, Farrer & Burrill LLP, 515 South Flower Street, 7th Floor, Los Angeles, California 90071.
5. Kurt Ramlo, Ramlo Law, 15021 Ventura Boulevard, No. 544, Sherman Oaks, California 91403.
6. Oleg (Alex) Stolyar, Loeb & Loeb LLP, 10100 Santa Monica Boulevard, Suite 2200, Los Angeles, California 90067.
7. United States Trustee, Region 16, 915 Wilshire Boulevard, Suite 1850, Los Angeles, California 90017.

No judge's copy was served because Judge Bason's current Procedures, Part IV.B, state "NO JUDGE'S COPIES" and that any judge's copy will be recycled.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: 09/04/2026

Signature: [signature]
BERNA BESIR