Jon A. Atabek, Esq. (SBN 269497)
*(jatabek@atabekandco.com)*
**ATABEK & CO.**
250 Newport Center Drive, Suite 306
Newport Beach, CA 92660
Telephone: (949) 229-0953
Facsimile: (213) 402-3413

FILED
SEP 23 2026
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: Deputy Clerk

Attorneys for Appellant, GARRY Y. ITKIN

**THE UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

In re:

**ITKIN & SABADASH,**

Involuntary Debtor.

Case No.: 2:25-bk-11235-NB
Chapter 7
Assigned: Hon. Neil Bason

**APPELLANT'S STATEMENT OF ISSUES ON APPEAL**

Pursuant to Federal Rule of Bankruptcy Procedure 8009(a)(1), Appellant Garry Y. Itkin identifies the following issues concerning Docket Nos. 75, 76, and 156, appealed by the Notice filed September 8, 2026 (Dkt. 163) and referred to the United States District Court for the Central District of California on September 9, 2026 (Dkt. 164). In these questions, "Partnership" refers to the alleged debtor, Itkin & Sabadash; references to Rules 12 and 56 are to the Federal Rules of Civil Procedure as applicable in the bankruptcy proceedings.

**1. Involuntary-petition standard.**

Whether the Bankruptcy Court correctly applied 11 U.S.C. §§ 303(b)(3) and 303(h)(1), including the objective bona fide-dispute standard, to a petition filed by an alleged general partner and joined by creditors; and whether it properly distinguished debtor eligibility, Partnership existence, and the validity of individual debts.

**2. Summary-judgment treatment of evidence.**

Whether the Court improperly weighed credibility, drew adverse inferences, or rejected reasonable sworn explanations rather than evaluating the evidence and permissible inferences in favor of the nonmovant, including the explanations concerning formation, consideration, Russian cash flows, family remittances, Gofman's collection decisions, and the challenged documents.

**3. Notice and opportunity to respond.**

Whether conversion to or disposition under Rule 56 complied with Rule 12(d), Rule 56(f), due process, and applicable bankruptcy procedures, where new matters appeared in reply or were developed by the Court and the permitted supplemental submission addressed only a limited issue.

**4. Evidentiary rulings and judicial notice.**

Whether the Court properly considered the challenged declarations, prior testimony, exhibits, and matters presented for judicial notice; adequately resolved material evidentiary objections; and could establish an objectively bona fide dispute through statements accepted only to show that a denial had been made rather than for their truth.

**5. Russian proceedings and foreign law.**

Whether the Court correctly interpreted the Russian judgments, appellate rulings, Information Summary, explanatory letters, and expert submission, including the distinction between the Partnership's existence and adjudication of Sabadash's personal rights or liability; and whether it correctly determined their preclusive and corroborative effect.

**6. California recognition judgment.**

Whether the Court correctly applied preclusion, privity, adequate-representation, and fairness principles to the California recognition judgment, including Sabadash's notice, participation, direction or control of counsel, the actual procedural vehicle counsel selected, and the basis and effect of the State Court's refusal to permit the proposed amended answer.

**7. Continuation and winding up.**

Whether the Court properly distinguished a practical end of the partners' working relationship from legal termination of a partnership, and correctly evaluated the significance of dissolution and winding up when assessing the alleged debtor's continued existence.

**8. Joining creditors and their evidence.**

Whether the Court gave proper effect to the creditor joinders under § 303(c), considered their independently supported claims and evidence concerning the Partnership, and properly resolved the petition without adjudicating the material claim issues or providing a further evidentiary process where required.

**9. Alternative Rule 12 ground.**

Whether the Court could alternatively dismiss under Rule 12(b)(1) after determining that the purported jurisdictional and substantive issues were intertwined and that Rule 56 applied, including whether the asserted debtor-eligibility requirements concern subject-matter jurisdiction or the merits.

**10. Independent section 305 dismissal.**

Whether dismissal under either § 305(a)(1) or § 305(a)(2) was supported by the required statutory findings and a proper exercise of discretion, including the interests of the Partnership's creditors and alleged debtor, the adequacy of the Jersey proceeding, the purposes of Chapter 15, and dismissal rather than suspension.

**11. Reconsideration and remedy.**

Whether denying the timely reconsideration motion, for the reasons stated orally on July 21, 2026 (Dkt. 152) and incorporated in the August 24, 2026 order (Dkt. 156), was legal error or an abuse of discretion, including the treatment of the explanatory declarations and expert evidence, preservation of objections, denial of the oral request for an evidentiary hearing and live testimony, and any failure to cure prejudicial procedural error; and whether the proper relief is reversal or vacatur of the challenged dismissal and reconsideration rulings and remand for further proceedings.

These issues are presented as questions for appellate review, not as factual findings. The appeal does not ask the District Court to review a later fee, damages, or sanctions order that is not encompassed by the Notice of Appeal. Any refinement of issues will remain subject to applicable preservation and briefing rules.

Dated: September 23, 2026

**ATABEK & CO.**

By: [signature]
Jon A. Atabek
Attorneys for Appellant
Garry Y. Itkin

**PROOF OF SERVICE**

I am over the age of 18 and not a party to this bankruptcy case. My business address is 250 Newport Center Drive, Suite 306, Newport Beach, California 92660. On September 23, 2026, I served a true and correct copy of the document entitled APPELLANT'S STATEMENT OF ISSUES ON APPEAL by placing it in sealed envelopes, with first-class postage fully prepaid, and depositing the envelopes in the United States mail addressed to the following persons and entities:

1. Itkin & Sabadash
8501 Wilshire Boulevard, Suite 330
Beverly Hills, CA 90211

2. Michael Zorkin, The Zorkin Firm
6320 Canoga Avenue, 15th Floor
Woodland Hills, CA 91367

3. Joseph E. Caceres and Charles Shamash
Caceres & Shamash, LLP
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, CA 90212

4. Daniel J. McCarthy
Hill, Farrer & Burrill LLP
515 South Flower Street, 7th Floor
Los Angeles, CA 90071

5. Kurt Ramlo, Ramlo Law
15021 Ventura Boulevard, No. 544
Sherman Oaks, CA 91403

6. Oleg (Alex) Stolyar, Loeb & Loeb LLP
10100 Santa Monica Boulevard, Suite 2200
Los Angeles, CA 90067

7. United States Trustee, Region 16
915 Wilshire Boulevard, Suite 1850
Los Angeles, CA 90017

No separate judge's copy is required under Judge Bason's Procedures, section IV.B. No personal delivery, overnight delivery, facsimile, or email service is claimed in this declaration.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on September 23, 2026.

Berna Besir