HILL, FARRER & BURRILL LLP
Daniel J. McCarthy (SBN 101081)
dmccarthy@hillfarrer.com
515 S. Flower Street, 7th Fl.
Los Angeles, CA 90071
Telephone: (213) 621-0802
Fax: (213) 624-4840

Daniel J. McCarthy, in pro per

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>ITKIN & SABADASH,<br><br>Involuntary Debtor. | Case No. 2:25-bk-11235-NB<br><br>Chapter 7<br><br>**APPELLANT'S STATEMENT OF ISSUES ON APPEAL**<br><br>[No hearing required]<br><br>Appeal filed September 22, 2026<br>[Docket no. 165] |

Pursuant to Federal Rule of Bankruptcy Proce7ure 8009(a)(1), Appellant Daniel J. McCarthy identifies the following issues concerning Docket Nos. 75, 76, and 156, appealed by the Notice filed September 22, 2026 (Dkt. 165) and referred to the United States District Court for the Central District of California on September 23, 2026 (Dkt. 167). In these questions, "Partnership" refers to the alleged debtor, Itkin & Sabadash; references to Rules 12 and 56 are to the Federal Rules of Civil Procedure as applicable in the bankruptcy proceedings.

**1. Dismissal of involuntary Chapter 7 case.**

Whether the Bankruptcy Court (the "Court") abused its discretion in dismissing the

involuntary Chapter 7 case of Itkin & Sabadash (the "Partnership") by misapplying applicable law in numerous respects, as indicated by the following issues?

**2. Involuntary petition standard.**

Whether the Court violated applicable law in applying 11 U.S.C. §§ 303(b)(3) and 303(h)(1), including the objective bona fide-dispute standard, to a petition filed by a petitioning general partner, which was joined by creditors; and whether it properly ruled on the eligibility of the Partnership as a debtor in Chapter 7, the Partnership existence, and the validity of the Partnership's debts as evidenced by the proofs of claim filed against the Partnership in its Chapter 7 involuntary case?

**3. Summary judgment treatment of evidence.**

Whether the Court violated applicable law in improperly weighing credibility, drawing adverse inferences to nonmovant/petitioning general partner Garry Y. Itkin ("Itkin"), and rejecting reasonable sworn explanations rather than evaluating the evidence and permissible inferences in a light most favorable to Itkin, including (1) his explanations concerning formation of the Partnership; (2) the reasons why the initial Partnership agreement was verbal; (3) Itkin's limited expectation of compensation when the Partnership was first formed; (4) Itkin's consideration to the Partnership in terms of moving to Russia, experience, monetary contributions and time spent; (5) management of the cash flows of the Partnership and the Russian entities owned by it by a person hired to handled that task, rather than Itkin; (6) remittances by Itkin to his family in California rather than spending it in Russia on better living arrangements; and (7) creditor Elena Gofman's collection decisions, and the challenged documents?

**4. Notice and opportunity to respond.**

Whether the Court violated Itkin's due process rights in considering the motion to dismiss of putative general partner Alxander Sabadash ("Sabadash") as a summary judgment motion by

(1) voluntarily waiving local bankruptcy rules applicable to summary judgment motions without any request by Sabadash that the Court do so and without any briefing on that issue; (2) sanitizing Sabadash's violation of the local bankruptcy rules based upon a request by Itkin that the Court permit supplemental briefing on a limited issue concerning the binding effect of judgments against the Partnership in Russia; (3) considering evidence and arguments presented for the first time by Sabadash in his reply in support of his motion to dismiss in violation of local bankruptcy rules and applicable law; and (4) the Court coming up with it own analysis in support of granting summary judgment without providing Itkin an opportunity to address that *sua sponte* analysis?

**5. Evidentiary rulings and judicial notice.**

Whether the Court violated applicable law in (1) failing to rule on most of Itkin's evidentiary objections to Sabadash's evidence despite Itkin's repeated requests that the Court rule on those objections; (2) incorrectly ruling that Sabadash's declarations from a State Court action were not inadmissible hearsay and then considering those declarations in granting summary judgment; (3) improperly considered the challenged conclusory declarations -- that merely denied the existence of the Partnership and claimed that Itkin's signature was forged on Partnership documents without requiring further proof of the alleged forgery -- as creating a genuine issue of material fact regarding the Partnership's existence; and (4) improperly considered prior testimony, exhibits, and matters presented for judicial notice?

**6. Russian proceedings and foreign law.**

Whether the Court correctly interpreted the Russian judgments, appellate rulings, Information Summary, explanatory letters, and expert submission on Russian courts' rulings, including as to the distinction between the Partnership's existence and adjudication of the Sabadash's personal rights and liability; and whether the Court misapplied the doctrine of

collateral estoppel in failing to give preclusive and corroborative effect to the Russian courts' rulings?

**7. California recognition judgment in favor of creditor Elena Gofman.**

Whether the Court violated the doctrine of collateral estoppel in refusing to give preclusive effect to a California judgment that recognized a Russian judgment in favor of creditor Elena Gofman and, in doing so, whether the Court correctly applied the law on preclusion, privity, adequate-representation, and fairness principles to that California recognition judgment in a State Court action of which Sabadash had notice and improperly attempted to intervene by ex parte application to file an amended answer at the direction and control of Sabadash's counsel in Gofman's State Court action?

**8. Continuation and winding up.**

Whether the Court misapplied applicable law in failing to distinguish the practical end of the Partners' working relationship from the legal termination of a Partnership, and correctly evaluated the significance of dissolution and winding up when assessing the Partnership's continued existence?

**9. Joining creditors and their evidence.**

Whether the Court gave proper effect to the creditors' joinders under 11 U.S.C. § 303(c), considered their independently supported claims and evidence concerning the Partnership, and properly resolved the petition without adjudicating the material claim issues or providing a further evidentiary process where required?

**10. Alternative Rule 12 ground.**

Whether the Court improperly and alternatively dismissed the involuntary case under Rule 12(b)(1) after determining that the purported jurisdictional and substantive issues were

intertwined and that Rule 56 applied, including whether the asserted debtor-eligibility requirements based upon a purported lack of subject matter jurisdiction?

**10. Alternative section 305 abstention and dismissal.**

Whether the Court improperly and alternatively dismissed the Partnership's case under either 11 U.S.C. § 305(a)(1) or § 305(a)(2) without required findings, including regarding (1) the interests of the Partnership's creditors and the Partnership; (2) the adequacy of the Jersey proceeding of Golden Sphinx Limited to determine matters bearing upon the Partnership's existence and to protect the Partnership's creditors who were not creditors in the Jersey proceeding; (3) the purposes of Chapter 15 that could not be satisfied in the Chapter 15 case of Golden Sphinx Limited; and (4) the propriety of dismissal rather than suspension.

**12. Reconsideration and remedy.**

Whether denying the timely reconsideration motion, for the reasons stated orally on July 21, 2026 (Dkt. 152) and incorporated in the August 24, 2026 order (Dkt. 156), was legal error and an abuse of discretion, including the treatment of the explanatory declarations and expert evidence, preservation of objections, denial of the oral request for an evidentiary hearing and live testimony, and the failure to cure prejudicial procedural error; and whether the proper relief is reversal or vacatur of the challenged dismissal and reconsideration rulings and remand for further proceedings.

These issues are presented as questions for appellate review, not as factual findings. The appeal does not ask the District Court to review any later fee, damages, or sanctions order that is not encompassed by the Notice of Appeal. Any refinement of issues will remain subject to applicable preservation and briefing rules.

DATED: October 2, 2026

HILL, FARRER & BURRILL LLP

By: */s/ Daniel J. McCarthy*
Daniel J. McCarthy
Appellant, in pro per

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 515 S. Flower Street, 7th Floor, Los Angeles, CA 90071.

A true and correct copy of the foregoing document entitled (*specify*): **APPELLANT'S STATEMENT OF ISSUES ON APPEAL** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) October 2, 2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Joseph E Caceres jec@locs.com, generalbox@locs.com
Daniel J McCarthy dmccarthy@hillfarrer.com, spadilla@hillfarrer.com;dflowers@hfbllp.com
Kurt Ramlo Adam RamloLegal@gmail.com, kr@ecf.courtdrive.com,ramlo@recap.email
Charles Shamash cs@locs.com, generalbox@locs.com
Oleg Stolyar astolyar@loeb.com
United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov
Michael Zorkin mz@thezorkinfirm.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____________, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __________________, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| October 2, 2026 | Sarah A. Gedgaudas | /s/ Sarah A. Gedgaudas |
| *Date* | *Printed Name* | *Signature* |